FILED

2012 JUN 29 PM 1:20

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, an individual, and DUSTIN ABRAHAM, an individual, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,

Plaintiffs,

vs.

COLLIER ANESTHESIA, P.A., a Florida corporation, WOLFORD COLLEGE, LLC, a Florida limited liability company, THOMAS L. COOK, an individual, and LYNDA M. WATERHOUSE, an individual,

Defendants.
_____/

CASE NO.:
COLLECTIVE ACTION

2:12-cv-347-Ftr-29SPC

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Billy Schumann ("Schumann"), and Dustin Abraham ("Abraham") (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, hereby sue Defendants, Collier Anesthesia, P.A. ("Collier Anesthesia"), Wolford College, LLC ("Wolford"), Thomas L. Cook ("Cook"), and Lynda M. Waterhouse ("Waterhouse") (collectively "Defendants"), and allege as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiffs and others similarly situated.

2. Defendants had a policy and practice of not compensating employees for hours worked at a rate at least commensurate with the federal minimum wage, and requiring or permitting employees to work in excess of forty (40) hours in each workweek without paying them time and one half overtime compensation as required by the FLSA.

3. Pursuant to the FLSA, Plaintiffs, on behalf of themselves and others similarly situated, seek overtime compensation, minimum wage compensation, liquidated damages, interest, and attorneys' fees and costs from Defendants.

4. Subsequent to the filing of this action, Plaintiffs will request this Court to authorize concurrent notice to all employees similarly situated to Plaintiffs who are or were employed by Defendants, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to 29 U.S.C. § 216(b).

## JURISTDICTION AND VENUE

5. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 216 and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1331(b), as the events or omissions giving rise to the claims alleged herein occurred in the Middle District of Florida, Fort Myers Division.

## PARTIES

7. At all times pertinent, Plaintiffs worked for Defendants in the Middle District of Florida, Fort Myers Division.

8. Defendant Collier Anesthesia was and is a Florida Profit Corporation conducting business in the Middle District of Florida, Fort Myers Division, and subject to the requirements of the FLSA.

9. Defendant Wolford was and is a Florida Limited Liability Company conducting business in the Middle District of Florida, Fort Myers Division and subject to the requirements of the FLSA.

10. Defendant Collier Anesthesia and Defendant Wolford have interrelation of operations; centralized control of labor relations; common management; and common ownership or financial control. As such, for FLSA purposes, Defendant Collier Anesthesia and Defendant Wolford represent a single, integrated enterprise.

11. Defendant Cook was and is an individual who operated Defendant Collier Anesthesia and Defendant Wolford, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant Collier Anesthesia/Defendant Wolford and over Plaintiffs, Defendant Cook is an employer as defined by 29 U.S.C. § 201 *et seq.*

12. Defendant Waterhouse was and is an individual who operated Defendant Collier Anesthesia and Defendant Wolford, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant Collier Anesthesia/Defendant Wolford and over Plaintiffs, Defendant Waterhouse is an employer as defined by 29 U.S.C. § 201 *et seq.*

13. At all times material, Plaintiffs were employees of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiffs within the meaning of 29 U.S.C. § 203(a) and (d); and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

14. Plaintiffs and others similarly situated worked for Defendants at Defendant Collier Anesthesia. Defendant Collier Anesthesia employed Plaintiffs and others similarly situated as interns. As interns, Plaintiffs and others similarly situated worked for Defendants at Defendant Collier Anesthesia performing the work of nurse anesthetists.

15. Defendants provided no monetary compensation to Plaintiffs and others similarly situated for the work performed.

16. At all times pertinent, Plaintiffs and others similarly situated were/are registered nurses.

17. Nurses service the medical profession.

18. At all times pertinent, Plaintiffs and others similarly situated did not and do not have a valid license or certificate to practice medicine.

19. At all times pertinent, Plaintiffs and others similarly situated did not and do not have the requisite academic degree for the general practice of medicine. Plaintiffs and others similarly situated also did not and do not have the requisite degree to work as nurse anesthetists.

20. As interns working for Defendants, Plaintiffs were serving the medical profession.

21. Nurse anesthetists service the medical profession.

22. Plaintiffs and others similarly situated were not licensed and practicing in the field of medical science and healing, or any of the medical specialties practiced by physicians or practitioners.

23. In the course of their work, Plaintiffs and others similarly situated were directly engaged in the operations of Defendant Collier Anesthesia, and were scheduled for work based on the staffing needs of Defendant Collier Anesthesia.

24.  In the course of their work, Plaintiffs and others similarly situated performed productive work for Defendant Collier Anesthesia.

25.  In the course of their work, Plaintiffs and others similarly situated performed the routine work of Defendant Collier Anesthesia on a regular and recurring basis.

26.  Defendant Collier Anesthesia is dependent upon the work of interns, like Plaintiffs and others similarly situated for its normal daily operations.

27.  Plaintiffs and others similarly situated worked for Defendants for Defendants' benefit.

28.  Defendants employed interns like Plaintiffs and others similarly situated as substitutes for regular workers, and/or to augment its existing workforce during specific time periods.

29.  If Defendant Collier Anesthesia did not use interns like Plaintiff and others similarly situated, Defendants would need to hire additional employees to perform the work of the interns.

30.  In working for Defendants, Plaintiffs and others similarly situated received the same level of supervision as Defendant Collier Anesthesia's regular workforce.

31.  Defendants derived an immediate advantage from the work of Plaintiffs and others similarly situated for Collier Anesthesia.

32.  Plaintiffs and others similarly situated performed duties as employees of Defendants such that they did not satisfy the requirements for any of the exemptions set forth in the FLSA.

33. As Plaintiffs and others similarly situated did not receive compensation for their hours worked, their manner of compensation did not, and does not, satisfy the salary basis test necessary for any exemptions of the FLSA to apply.

34. Plaintiffs and others similarly situated are not exempt from the FLSA's salary-basis test.

35. Plaintiffs and others similarly situated regularly worked over forty (40) hours in a workweek while employed by Defendants.

36. Despite working more than forty (40) hours in a workweek, Plaintiffs and others similarly situated did not receive appropriate overtime compensation under the FLSA.

37. Plaintiffs and others similarly situated also did not receive compensation for hours worked at a rate at least commensurate with the federal minimum wage. In fact, Plaintiffs and others similarly situated received no payment whatsoever for hours worked.

38. Upon information and belief, there are numerous persons similarly situated to Plaintiffs who are and were employed as interns by Defendant Collier Anesthesia who work in excess of forty (40) hours in a workweek without receiving compensation for hours worked.

39. Upon information and belief, the records to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiffs and others similarly situated are in the possession and custody of Defendants.

## COUNT I
## (MINIMUM WAGE – PLAINTIFFS)

40. Plaintiffs, on behalf of themselves, hereby incorporate by reference the allegations contained within paragraphs 1 through 39 above.

41. Plaintiff Schumann worked as an intern for Defendants from approximately February 2011 through May 2012.

42. Plaintiff Abraham worked as an intern for Defendants from approximately October 2011 through January 2012.

43. Defendants' failure to compensate Plaintiffs at a rate at least commensurate with the federal minimum wage constitutes a violation of the FLSA, 29 U.S.C. § 206.

44. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs respectfully requests that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount required to provide Plaintiffs minimum wage for all hours worked and overtime compensation for all overtime hours worked;

c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiffs;

d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. authorize the issuance of notice at the earliest possible time to all employees similarly situated to Plaintiffs who were employed by Defendants during the Liability Period; and

f. award all other relief as the Court deems just and proper.

## COUNT II
## (OVERTIME – PLAINTIFFS)

45. Plaintiffs, on behalf of themselves, hereby incorporate by reference the allegations contained within paragraphs 1 through 39 above.

46. Plaintiff Schumann worked as an intern for Defendants from approximately February 2011 through May 2012.

47. Plaintiff Abraham worked as an intern for Defendants from approximately October 2011 through January 2012.

48. Defendants' failure to provide Plaintiffs overtime compensation at a rate not less than one and one-half (1 and 1/2) times the regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

49. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs respectfully requests that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiffs;

c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiffs;

d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. authorize the issuance of notice at the earliest possible time to all employees similarly situated to Plaintiffs who were employed by Defendants during the Liability Period; and

f. award all other relief as the Court deems just and proper.

## COUNT III
## (MINIMUM WAGE – OTHERS SIMILARLY SITUATED TO PLAINTIFFS)

50. Plaintiffs, on behalf others similarly situated, hereby incorporate by reference all allegations contained in paragraphs 1 through 39 above as if fully restated herein.

51. Defendants' failure to compensate employees similarly situated to Plaintiffs commensurate with the federal minimum wage constitutes a violation of the FLSA, 29 U.S.C. § 206.

52. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs, respectfully request on behalf of others similarly situated to Plaintiffs that this Court:

    a. accept jurisdiction over this action;

    b. award damages for the amount required to provide them minimum wage for all hours worked and overtime compensation for all overtime hours worked;

    c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to them;

    d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

    e. award all other relief as the Court deems just and proper.

## COUNT IV
## (OVERTIME – OTHERS SIMILARLY SITUATED TO PLAINTIFFS)

53. Plaintiffs, on behalf others similarly situated, hereby incorporate by reference all allegations contained in paragraphs 1 through 39 above as if fully restated herein.

54. Defendants' failure to provide to employees similarly situated to Plaintiffs overtime compensation at a rate not less than one and one-half (1 and 1/2) times their regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

55. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs, respectfully request on behalf of others similarly situated to Plaintiffs that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to them;

c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to them;

d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

e. award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs do hereby demand a Jury Trial on all issues and claims so triable.

_____
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N., Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
Email: brothman@weldonrothman.com
Counsel for Plaintiffs