THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

_____

BILLY SCHUMANN, an individual and
DUSTIN ABRAHAM, an individual, ON
BEHALF OF THEMSELVES AND
OTHERS SIMILARLY SITUATED,

     Plaintiffs,

v.                                                                        CASE NO.:  2:12-cv-347-FtM-29SPC

COLLIER ANESTHESIA, P.A., a Florida
corporation,   WOLFORD   COLLEGE,
LLC, a Florida limited liability company,
THOMAS L. COOK, an individual and
LYNDA   M.   WATERHOUSE,   an
individual,

     Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## OF COLLIER ANESTHESIA, P.A.

Defendant, COLLIER ANESTHESIA, P.A. ("Collier Anesthesia"), by and through its

undersigned counsel and pursuant to Rule 8, *Fed. R. Civ. P.*, files its Answer and Affirmative

Defenses as follows:

### INTRODUCTION

1.     Admitted for jurisdictional purposes only.

2.     Denied.

3.     Admitted for jurisdictional purposes only, and denied that Plaintiffs have any

valid claim under FLSA.

4.     Collier Anesthesia denies that there are any employees whatsoever who are

Plaintiffs or could be a Plaintiff; Collier Anesthesia denies that Plaintiffs have standing to assert

such a claim or that a violation occurred, and denies that Plaintiffs or the alleged similarly situated individuals were employed by Collier Anesthesia.  Collier Anesthesia lacks knowledge or information sufficient to form a belief as to the truth of what these Plaintiffs plan to do, and, therefore, denies same and denies and any all remaining allegations.

## JURISDICTION AND VENUE

5.      Admitted for jurisdictional purposes only.

6.      Admitted for venue purposes only.

## PARTIES

7.      Denied.

8.      Admitted.

9.      Collier Anesthesia lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and, therefore, denies same.

10.     Denied.

11.     Collier Anesthesia lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and, therefore, denies same.

12.     Collier Anesthesia lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and, therefore, denies same.

13.     Denied.

## GENERAL ALLEGATIONS

14.     Denied.

15.     Denied.

16.     Admitted that Plaintiffs were registered nurses during their tenure as students of Wolford College.  The remainder is denied.

17.     Collier Anesthesia lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and, therefore, denies same.

18.     Admitted that Plaintiffs did not have a license or certificate to practice medicine during their tenure as students of Wolford College.  The remainder is denied.

19.     Admitted that, during their tenure as students of Wolford College, Plaintiffs did not have the requisite degree for the general practice of medicine or nurse anesthetists, but were, in fact, attending Wolford College for the very purpose of obtaining a nurse anesthetist degree. The remainder is denied.

20.     Denied.

21.     Collier Anesthesia lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and, therefore, denies same.

22.     Collier Anesthesia lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and, therefore, denies same.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

## COUNT I – MINIMUM WAGE – PLAINTIFFS

40.     Collier Anesthesia incorporates by reference its responses to paragraph 1 through 39 above as though set forth verbatim.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## COUNT II – OVERTIME – PLAINTIFFS

45.     Collier Anesthesia incorporates by reference its responses to paragraph 1 through 39 above as though set forth verbatim.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

**COUNT III – MINIMUM WAGE – OTHERS SIMILARLY SITUATED TO PLAINTIFFS**

50.     Collier Anesthesia incorporates by reference its responses to paragraph 1 through 39 above as though set forth verbatim.

51.     Denied.

52.     Denied.

**COUNT IV – OVERTIME – OTHERS SIMILARLY SITUATED TO PLAINTIFFS**

53.     Collier Anesthesia incorporates by reference its responses to paragraph 1 through 39 above as though set forth verbatim.

54.     Denied.

55.     Denied.

Defendant, COLLIER ANESTHESIA, P.A., denies any and all remaining allegations in the Complaint not specifically admitted and requests that this Court dismiss Plaintiffs lawsuit, enter judgment in favor of Defendant and against Plaintiffs and that Defendant recover costs, including reasonable attorneys' fees and such further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1.     The Complaint should be dismissed for failure to state a claim upon which relief can be granted because it fails to show that Plaintiffs were employees of Collier Anesthesia under the FLSA and also because Plaintiffs alleged that they performed the work of a nurse anesthetist without the requisite degree, which is prohibited by law.

2.     Plaintiffs claim that they performed the work of nurse anesthetists despite the fact that Plaintiffs admit not having the requisite degree to work as nurse anesthetists, and; therefore, Plaintiffs' claim is legally barred and estopped.

3.    No employment relation has ever existed between Plaintiffs and Collier Anesthesia such that Plaintiffs lack standing to sue Collier Anesthesia and are barred from asserting any claim based upon an employment relation.  Plaintiffs were students, receiving clinical training for their own educational benefit as part of the curriculum for obtaining a Master's Degree in Nurse Anesthesia from Wolford College.  Plaintiffs' receipt of clinical training as students of Wolford College is not subject to the FLSA and, in any event, meets the criteria developed by the Supreme Court in *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947), which the Wage and Hour Division has sought to summarize with the following six factors: (1) the internship is similar to training that would be given in a vocational school or academic educational environment; (2) the internship training is for the benefit of the intern; (3) interns do not displace Collier Anesthesia's regular employees, but work under close observation of existing staff; (4) Collier Anesthesia derives no immediate advantage from the activities of the interns, and, on occasion, Collier Anesthesia's operations may actually be impeded; (5) the interns are not necessarily entitled to a job with Collier Anesthesia at the conclusion of the internship; and (6) Collier Anesthesia and the interns understand that the interns are not entitled to wages for the time spent in the internship.

4.    Given that Plaintiffs received clinical training from Collier Anesthesia during their tenure as students of Wolford College which training was required for certification and/or licensure to work as a nurse anesthetist, Plaintiffs received the primary benefit from their relationship with Collier Anesthesia, and; therefore, Plaintiffs were not employees of Collier Anesthesia. *See Solis v. Laurelbrook Sanitarium & School, Inc.*, 642 F. 3d 518 (6th Cir. 2011).

5.    Collier Anesthesia at all times acted in good faith and reasonably believed that no employment relationship ever existed between Collier Anesthesia and Plaintiffs; Collier

6

Anesthesia acted in good faith as a reasonably prudent entity would have acted under the circumstances and with a belief of reasonable compliance with FLSA and is not subject to any liability for alleged failure to pay wages.  Collier Anesthesia did not intentionally or willfully violate any law or regulation and, as such, any claims beyond the two-year statute of limitations in 29 U.S.C. § 255 or for liquidated or statutory damages should be dismissed.

6.      Any claim not filed within the applicable period of limitations is barred.

7.      Plaintiffs have filed this action against Collier Anesthesia in bad faith, with malicious intent, and for an improper purpose.

8.      Plaintiffs lack standing to raise the claims which they seek to bring as a collective action and types of claims on which Plaintiffs seek to bring as a collective action are matters on which individual issues predominate and are not appropriate for collective treatment.  Further, Plaintiffs' claims are not similar, common, or typical, and there is no basis in law or fact for a collective action.

9.      Plaintiffs' Complaint should be dismissed, in whole or part, because any alleged noncompliance by Collier Anesthesia was excusable and justified and not willful or intentional; in addition, *de minimis* matters are subject to dismissal.

Respectfully submitted,

GRANT, FRIDKIN, PEARSON, ATHAN
& CROWN, P.A.

BY:   /s/  JEFFREY D. FRIDKIN
        Jeffrey D. Fridkin
        Florida Bar No. 0490245
        jfridkin@gfpac.com
        Rachael S. Loukonen
        Florida Bar No. 0668435
        rloukonen@gfpac.com
        5551 Ridgewood Drive, Suite 501

Naples, Florida 34108
(239) 514-1000
(239) 514-0377 (fax)

Attorneys for Defendant Collier Anesthesia, P.A.

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 1, 2012, I electronically filed the foregoing with the

Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Bradley P. Rothman, Esq.
brothman@weldonrothman.com
WEDON & ROTHMAN, PL
7935 Airport Pulling Road N., Ste. 205
Naples, FL  34109
Telephone:  (239) 262-21541
Facsimile:  (239) 262-2342
*Attorneys for Plaintiffs*

Tammie L. Rattray, Esq.
trattray@fordharrison.com
FORD & HARRISON, LLP
101 E. Kennedy Blvd., Ste. 900
Tampa, FL  33602
Telephone:  (813) 261-7828
Facsimile:   (813) 261-7899
*Attorneys for Defendants, Wolford, Cook and Waterhouse*

By:    /s/  JEFFREY D. FRIDKIN

8