UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, an individual, and
DUSTIN ABRAHAM, an individual, ON
BEHALF OF THEMSELVES AND OTHERS
SIMILARLY SITUATED

    Plaintiffs,

v.

COLLIER ANESTHESIA, P.A., a Florida
corporation, WOLFORD COLLEGE, LLC, a
Florida limited liability company, THOMAS L.
COOK, an individual, and LYNDA M.
WATERHOUSE, an individual,

    Defendants.
_____/

Case No. 2:12-cv-00347-JES-SPC
Collective Action

# DEFENDANTS WOLFORD COLLEGE, LLC, THOMAS L. COOK AND LYNDA M. WATERHOUSE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Wolford College LLC ("Defendant Wolford"), Thomas L. Cook ("Defendant Cook") and Lynda M. Waterhouse ("Defendant Waterhouse")(collectively as "Defendants"), by and through their undersigned counsel, hereby submit their Answer and Affirmative Defenses to the Complaint of Plaintiffs Billy Schumann and Dustin Abraham (collectively as "Plaintiffs") as follows:

## FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted, including that it fails to show that Plaintiffs were "employees" of Defendants under the FLSA.

## SECOND DEFENSE

The alleged actions of Plaintiffs were a legally required clinical experience as a student as part of a educational program offered by an accredited school, graduation from which was required for certification and/or licensure to work as a nurse anesthetist and the clinical experience as a student was for the advantage and benefit of Plaintiffs and is not subject to the FLSA.

## THIRD DEFENSE

Plaintiffs' Complaint admits that Plaintiffs did not have the requisite degree to work as nurse anesthetists and Plaintiffs are legally barred and estopped from seeking any recovery based upon their allegation and claim that they performed the work of nurse anesthetists.

## FOURTH DEFENSE

The Complaint should be dismissed because no Plaintiff has standing to sue these Defendants as no Plaintiff was employed by the Defendants in regard to the claims asserted.

## FIFTH DEFENSE

Plaintiffs lack standing to raise the claims which they seek to bring as a collective action and the types of claims on which Plaintiffs seek to bring as a collective action are matters on which individual issues predominate and are not appropriate for collective treatment. Further, Plaintiffs' claims are not similar, common, or typical, and there is no basis in law or fact for a collective action.

ANSWER

Defendants respond to the allegations of the Complaint and state:

INTRODUCTION

1. In response to the unnumbered paragraph preceding Paragraph No. 1 and Paragraph No. 1 of the Complaint, Defendants acknowledge that Plaintiffs are bringing this action for alleged violations of federal wage and hour laws, specifically, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*; however, Defendants deny the allegations therein to the extent they claim that Defendants acted unlawfully, deny that Plaintiffs are entitled to any recovery against them, and deny any and all remaining allegations.

2. In response to Paragraph No. 2 of the Complaint, Defendants deny the allegations.

3. In response to Paragraph No. 3 of the Complaint, Defendants deny that Plaintiffs have standing to assert such a claim or that a violation occurred by Defendants, deny that Plaintiffs or the alleged similarly situated individuals were employed by Defendants, and deny any and all remaining allegations.

4. In response to Paragraph No. 4 of the Complaint, Defendants are without knowledge of what Plaintiffs will attempt to do subsequent to the filing of this action; however Defendants deny that Plaintiffs have standing to assert such a claim or that a violation occurred by Defendants, deny that Plaintiffs or the alleged similarly situated individuals were employed by Defendants, and deny any and all remaining allegations.

JURISDICTION AND VENUE

5. In response to Paragraph No. 5 of the Complaint, Defendants acknowledge that Plaintiffs are alleging jurisdiction under 28 U.S.C. §216 and 28 U.S.C. §1331;

however, Defendants deny the allegations therein to the extent they claim that Defendants acted unlawfully, deny that Plaintiffs are entitled to any recovery against them, and deny any and all remaining allegations.

6. In response to Paragraph No. 6 of the Complaint, Defendants state that 28 U.S.C. §1331(b) speaks for itself, state that they are not required to respond to Plaintiffs' legal conclusions, deny that there is any standing to sue these Defendants, and deny any and all remaining allegations.

## THE PARTIES

7. In response to Paragraph No. 7 of the Complaint, Defendants deny the allegations.

8. In response to Paragraph No. 8 of the Complaint, Defendants state that a response is not required as the allegations apply solely to Defendant Collier; to the extent a response is required, Defendants admit that Defendant Collier Anesthesia operates in the Middle District of Florida and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the Plaintiffs' allegations regarding Defendant Collier Anesthesia and therefore deny the allegations.

9. In response to Paragraph No. 9 of the Complaint, Defendants acknowledge that Defendant Wolford is a Florida limited liability company that conducts a school in the Middle District of Florida; however, Defendants deny the allegations therein to the extent they claim that Plaintiffs were employees under the FLSA, that Defendants acted unlawfully, deny that Plaintiffs are entitled to any recovery against them, and deny any and all remaining allegations.

10. In response to Paragraph No. 10 of the Complaint, Defendants deny the allegations.

11. In response to Paragraph No. 11 of the Complaint, Defendants deny the allegations.

12. In response to Paragraph No. 12 of the Complaint, Defendants deny the allegations.

13. In response to Paragraph No. 13 of the Complaint, Defendants deny the allegations.

## GENERAL ALLEGATIONS

14. In response to Paragraph No. 14 of the Complaint, Defendants deny that Plaintiffs performed the work of nurse anesthetists and state that Plaintiffs, as students at Defendant Wolford, received credit for their clinical experience, which was required by law for certification and/or licensure to work as a nurse anesthetist, and deny any and all remaining allegations.

15. In response to Paragraph No. 15 of the Complaint, Defendants deny that Plaintiffs performed "work" as nurse anesthetists and deny any and all remaining allegations.

16. In response to Paragraph No. 16 of the Complaint, Defendants state that Plaintiffs acted as students and Defendants are without knowledge of the meaning of the term "[a]t all times pertinent," and are without knowledge or information sufficient to form a belief as to the truth or falsity of the Plaintiffs' allegations regarding whether unidentified individuals alleged to be similarly situated were/are registered nurses, and, accordingly, deny any and all remaining allegations.

17. In response to Paragraph No. 17 of the Complaint, Defendants acknowledge that "nurses" may seek to enroll in an educational program, graduation from which is required for certification as a nurse anesthetist; however, Defendants deny that Plaintiffs worked as nurse anesthetists and deny that Plaintiffs are entitled to any recovery against them, and deny any and all remaining allegations.

18. In response to Paragraph No. 18 of the Complaint, Defendants admit that Plaintiffs as students at Defendant Wolford did not have a valid license to practice as a nurse anesthetist and state they are without knowledge of the meaning of the term "[a]t all times pertinent," state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the Plaintiffs' allegations regarding whether unidentified individuals alleged to be similarly situated do or do not have "a valid license or certificate to practice medicine," and deny any and all remaining allegations.

19. In response to Paragraph No. 19 of the Complaint, Defendants admit that Plaintiffs as students at Defendant Wolford did not have the requisite degree to work as nurse anesthetists and state they are without knowledge of the meaning of the term "[a]t all times pertinent," state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the Plaintiffs' allegations regarding whether unidentified individuals alleged to be similarly situated do or do not have "the requisite academic degree for the general practice of medicine" or the "requisite degree to work as nurse anesthetists," and deny any and all remaining allegations.

20. In response to Paragraph No. 20 of the Complaint, Defendants deny the allegations.

21. In response to Paragraph No. 21 of the Complaint, Defendants acknowledge that "nurse anesthetists" are a part of the "medical profession"; however, Defendants deny that Plaintiffs worked as nurse anesthetists and deny that Plaintiffs are entitled to any recovery against them, and deny any and all remaining allegations.

22. In response to Paragraph No. 22 of the Complaint, Defendants acknowledge that Plaintiffs were not, as students at Defendant Wolford, licensed and practicing medical science and state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the Plaintiffs' allegations regarding whether unidentified individuals alleged to be similarly situated are or are not "licensed and practicing" either "in the field of medical science and healing" or "any of the medical specialties practiced by physicians or practitioners," and deny any and all remaining allegations.

23. In response to Paragraph No. 23 of the Complaint, Defendants state that a response is not required as the allegations apply solely to Defendant Collier; to the extent a response is required, Defendants deny the allegations.

24. In response to Paragraph No. 24 of the Complaint, Defendants state that a response is not required as the allegations apply solely to Defendant Collier; to the extent a response is required, Defendants deny the allegations.

25. In response to Paragraph No. 25 of the Complaint, Defendants state that a response is not required as the allegations apply solely to Defendant Collier; to the extent a response is required, Defendants deny the allegations.

26. In response to Paragraph No. 26 of the Complaint, Defendants state that a response is not required as the allegations apply solely to Defendant Collier; to the extent a response is required, Defendants deny the allegations.

27. In response to Paragraph No. 27 of the Complaint, Defendants deny the allegations.

28. In response to Paragraph No. 28 of the Complaint, Defendants deny the allegations.

29. In response to Paragraph No. 29 of the Complaint, Defendants deny the allegations.

30. In response to Paragraph No. 30 of the Complaint, Defendants deny the allegations.

31. In response to Paragraph No. 31 of the Complaint, Defendants deny the allegations.

32. In response to Paragraph No. 32 of the Complaint, Defendants deny the allegations.

33. In response to Paragraph No. 33 of the Complaint, Defendants deny that Plaintiffs worked as nurse anesthetists and accordingly deny any and all remaining allegations.

34. In response to Paragraph No. 34 of the Complaint, Defendants state that they are not required to respond to Plaintiffs' legal conclusions that Plaintiffs and those individuals allegedly "similarly situated" are "not exempt from the FLSA's salary basis test," and deny any and all remaining allegations.

35. In response to Paragraph No. 35 of the Complaint, Defendants deny the allegations.

36. In response to Paragraph No. 36 of the Complaint, Defendants deny the allegations.

37. In response to Paragraph No. 37 of the Complaint, Defendants deny the allegations.

38. In response to Paragraph No. 38 of the Complaint, Defendants are without knowledge as to Plaintiffs "information and belief" about unidentified persons at Defendant Collier and deny the allegations.

39. In response to Paragraph No. 39, Defendant admits only that it has records relating to the time Plaintiffs spent participating in Defendant Wolford's clinical program, deny that Plaintiffs performed "work" or are entitled to any recovery against them, and state that Defendant Wolford's maintenance of records regarding its clinical program did not relieve Plaintiffs or their counsel of the obligations imposed under Rule 11 of the Federal Rules of Civil Procedure to perform a good faith investigation in advance of bringing a claim and not to bring or advance any claim that counsel knows or discovers is without merit. Defendants deny the remainder of any allegations therein.

<u>COUNT I</u>
(ALLEGED MINIMUM WAGE - PLAINTIFFS)

40. In response to Paragraph No. 40 of the Complaint, Defendants reassert and incorporate by reference their answers to Paragraph Nos. 1-39.

41. In response to Paragraph No. 41 of the Complaint, Defendants state that Plaintiff Schumann was a student enrolled at Defendant Wolford, and deny any and all remaining allegations.

42.  In response to Paragraph No. 42 of the Complaint, Defendants state that Plaintiff Abraham was a student enrolled at Defendant Wolford, and deny any and all remaining allegations.

43.  In response to Paragraph No. 43 of the Complaint, Defendants deny the allegations.

44.  In response to Paragraph No. 44 of the Complaint, Defendants deny the allegations. Defendants also deny any and all allegations contained in the WHEREFORE clause following Paragraph No. 44, including those allegations in subparts (a)–(f).

## COUNT II
### (ALLEGED OVERTIME - PLAINTIFFS)

45.  In response to Paragraph No. 45 of the Complaint, Defendants reassert and incorporate by reference their answers to Paragraph Nos. 1-39.

46.  In response to Paragraph No. 46 of the Complaint, Defendants state that Plaintiff Schumann was a student enrolled at Defendant Wolford, and deny any and all remaining allegations.

47.  In response to Paragraph No. 47 of the Complaint, Defendants state that Plaintiff Abraham was a student enrolled at Defendant Wolford and deny any and all remaining allegations.

48.  In response to Paragraph No. 48 of the Complaint, Defendants deny the allegations.

49.  In response to Paragraph No. 49 of the Complaint, Defendants deny the allegations. Defendants also deny any and all allegations contained in the WHEREFORE clause following Paragraph No. 49, including those allegations in subparts (a)–(f).

## COUNT III
### (ALLEGED MINIMUM WAGE – OTHERS SIMILARLY SITUATED)

50. In response to Paragraph No. 50 of the Complaint, Defendants reassert and incorporate by reference their answers to Paragraph Nos. 1-39.

51. In response to Paragraph No. 51 of the Complaint, Defendants deny the allegations.

52. In response to Paragraph No. 52 of the Complaint, Defendants deny the allegations. Defendants also deny any and all allegations contained in the WHEREFORE clause following Paragraph No. 52, including those allegations in subparts (a)–(e).

## COUNT IV
### (ALLEGED OVERTIME – OTHER SIMILARLY SITUATED TO PLAINTIFFS

53. In response to Paragraph No. 53 of the Complaint, Defendants reassert and incorporate by reference their answers to Paragraph Nos. 1-39.

54. In response to Paragraph No. 54 of the Complaint, Defendants deny the allegations.

55. In response to Paragraph No. 55 of the Complaint, Defendants deny the allegations. Defendants also deny any and all allegations contained in the WHEREFORE clause following Paragraph No. 55, including those allegations in subparts (a)–(e).

56. In response to the paragraph of the Complaint entitled DEMAND FOR JURY TRIAL, Defendants acknowledge that Plaintiffs have requested a trial by jury; however, Defendants deny the allegations therein to the extent they claim that Defendants acted unlawfully, and deny that Plaintiffs are entitled to any recovery against them.

57. Defendants deny all remaining allegations in the Complaint not specifically admitted.

### SIXTH DEFENSE

Plaintiffs' claims are estopped and barred by their agreement and representation to not work as a nurse anesthetist by title or function during their educational program.

### SEVENTH DEFENSE

Plaintiffs were expressly prohibited from working as nurse anesthetists by title and function during their educational program.

### EIGHTH DEFENSE

Defendants acted in full compliance and conformity with and in reliance on the FLSA, and applicable laws, regulations, orders, approvals and interpretations and with the enforcement policies and acted in good faith as a reasonably prudent entity/person would have acted under the circumstances and with a belief of reasonable compliance and of no violative actions and is not subject to any liability for alleged failure to pay wages required by the FLSA.

### NINTH DEFENSE

Defendants acted in good faith and had reasonable grounds for believing that its acts were not violative of the law and did not intentionally or willfully violate any law or regulation and any claims beyond the 2 year statute of limitations in 29 U.S.C. § 255 or for liquidated or statutory damages should be dismissed.

### TENTH DEFENSE

The Complaint should be dismissed, in whole or in part, because any alleged non-compliance by Defendants was excusable and justified and not willful or intentional; in addition, *de minimis* matters are subject to dismissal.

### ELEVENTH DEFENSE

Any claim not filed within the applicable period of limitations is barred.

## RESERVATION OF RIGHTS

Defendants reserve the right to modify and supplement their defenses and to plead additional defenses to Plaintiffs' claims based upon such facts and circumstances as become known to them subsequent to the date hereof.

WHEREFORE, Defendants pray that the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and against Plaintiffs and that Defendants recover their costs, including reasonable attorneys' fees and such other relief as the Court deems appropriate.

Respectfully submitted,

FORD & HARRISON LLP

By:  s/ Tammie Rattray
    Tammie L. Rattray
    Florida Bar No. 0128619
    trattray@fordharrison.com
    Robert D. Hall, Jr.
    Florida Bar No. 186760
    rhall@fordharrison.com
    Bradley R. Hall
    Florida Bar No. 0026172
    brhall@fordharrison.com

    For the Firm

    101 E. Kennedy Boulevard
    Suite 900
    Tampa, Florida 33602
    Telephone:  (813) 261-7800
    Facsimile:   (813) 261-7899

    Attorneys for the Defendants
    Wolford College LLC, Thomas L.
    Cook and Lynda M. Waterhouse

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on August 1, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Bradley P. Rothman<br>
WELDON & ROTHMAN, PL<br>
7935 Airport-Pulling Road N., Suite 205<br>
Naples, Florida  34109

                                          _s/ Tammie Rattray_____  
                                          Attorney

TAMPA:324417.1