UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN et. al.

    Plaintiffs,

vs.                                  CASE NO.: 2:12-cv-347-FtM-29SPC
                                        COLLECTIVE ACTION

COLLIER ANESTHESIA, P.A. et. al.,

    Defendants.
_____/

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSES IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION**

Plaintiffs reply to Collier Anesthesia, P.A.'s ("CAPA") and Wolford College, LLC ("Wolford") et. al.'s responses to Plaintiffs' Motion to Conditionally Certify Collective Action (DE #44; DE #45 ("R.")) as follows:

1. <u>Evidentiary Issues.</u> Defendants' case law eviscerates Defendants' central argument that Plaintiffs are students, and, therefore, cannot be employees: "concluding that students are not employees simply because they are students . . . is precisely the type of labeling courts must resist."[1] Specifically, Defendants argue that the students' work is all part of a curriculum. [R. 10, 11]. However, CAPA <u>required</u> students to work beyond the curriculum.[2] Moreover, CAPA subjected students to abuse, which is outside the curriculum.[3] With

---

[1] *See Solis v. Laurelbook Sanitarium and School, Inc.*, 642 F. 3d 518, 528 (6th Cir. 2011). CAPA relies on *Solis* as an Affirmative Defense. [DE #31, pp. 6-7]. Wolford cites *Solis* with approval. [R. 2 n.9].

[2] *Compare* Affidavit of Leslie Hussey, PhD, RN ("LH Aff.") ¶¶ 4-9, attached as Exhibit "A" *with* Plaintiffs' initial motion ("Motion") ¶ I(B), DE #28; Answers to Court Interrogatories ¶ 7, DE #46-57.

[3] *See* LH Aff. ¶ 10; Motion, p. 5. Defendants cannot deny the abuse. Under Defendants' case law, where training is deficient, educational benefits are slight and the facility (not the students) derives the primary benefit from the students' labor. *See Solis*, 642 F. 3d 518 at 528.

knowledge of CAPA's excessive work requirements and abuse, Wolford encouraged the former and turned a blind eye to the latter. *See* LH Aff. ¶¶ 9-10.

Defendants' also rely on *Tussing v. Quality Resources, Inc.*, for the proposition that Plaintiffs' declarations are insufficient. [R. 2]. In *Tussing*, the court's concern was that six (6) affiants spanned five (5) different positions in an attempt to extrapolate similarity between 200 to 300 or more employees (i.e., all company employees).[4] Unlike in *Tussing*, however, Plaintiffs' declarations are substantial and detailed. [*see* Motion, Exs. K-N; DE #29]. Further, unlike in *Tussing*, all Plaintiffs and potential class members share the same position, SRNA. As such, the court's concerns in *Tussing* are not present here.[5]

Similarly, Defendants argue that students also work at non-CAPA facilities. [R. 5]. First, this lawsuit involves work at CAPA only.[6] Second, while CAPA may have different sites, different medical procedures, and different supervisors, the evidence shows that the students were systematically affected by the same FLSA violations. Accordingly, different locations, procedures, and supervisors do not change the analysis. *See* Motion, pp. 15-16.

Moreover, Defendants' reliance on Plaintiffs' self-evaluations is faulty. The purported "admissions" are snippets from graded assignments, which only show that the students learned at work. The more telling admissions come from the Dean of Wolford, who routinely describes the students' time at CAPA as "work."[7]

---

[4] *Tussing v. Quality Resources,* 2009 U.S. Dist. LEXIS 110190 at *7-*8 (M.D. Fla. Nov. 25, 2009).
[5] Aside from Plaintiffs' five (5) declarations, Defendants overlook that there are 14 opt-in plaintiffs, the LH Aff., and evidence of a conflict of interest between CAPA and Wolford (*see* Motion ¶ I(A)).
[6] Counsel's production of Dustin Abraham's schedules from a non-CAPA facility was inadvertent. Mr. Abraham's claim only involves his time at CAPA. *See* Motion Ex. L ¶ 1; DE #47 ¶ 1.
[7] *See* LH Aff. ¶ 9; May 3, 2012 Memorandum ("Nolan Memo"), attached as Exhibit "B." Wolford produced the Nolan Memo to Plaintiffs during this litigation, and the subject student disputes its contents.

In an attempt at intimidation, Defendants make numerous assertions that Plaintiffs violated the law. This is false. The job duties of SRNAs at CAPA are spelled out in detail [e.g., DE #28 Ex. K ¶¶ 3, 5], and Defendants point to no <u>specific</u> duties which are illegal. Regardless, "estoppel is not a recognizable defense under the FLSA."[8]

2. <u>Legal Thresholds and Tests.</u>  Defendants' position that disagreement with the students' employment status creates a threshold issue precluding conditional certification is wrong. [R. 13; DE #44, p. 2]. In *Bobbitt v. Broadband Interactive*, the court considered identical arguments, and concluded that under an economic realities analysis, "the fact that [defendant] disputes that an employment relationship exists with [plaintiffs] is not a sufficient basis to deny conditional certification at this stage of the proceedings."[9] Likewise, contrary to Defendants' strained attempts at individualizing Plaintiffs, the "fact that the Court must undertake [a] factual inquiry as to each person that opts-in to this action does not preclude conditional certification." *Id.* at *7-*8. This is because Plaintiffs are similarly situated [Motion ¶ II(A)(3)], such that "the evaluation [under an economic realities analysis] as to each person that opts-in will likely be substantially similar." *Id.* at *8.[10]

---

However, in the Nolan Memo, the Dean of Wolford repeatedly calls the student's work at CAPA for what it is: "work." Other statements from students support the Dean's admissions. *See* October 11, 2010 e-mail (opt-in plaintiff informal complaint about being forced to displace CRNAs and describing her time at CAPA as "work") ("October 11 E-mail"), attached as Exhibit "C;" Student Exit Interview ("Exit Interview"), attached as Exhibit "D" (complaining about conflict of interest, use of students as staff, and displacement of paid staff).

[8] *Edmund v. Fort Myers*, No. 2:10-cv-474-FtM-29SPC, 2012 U.S. Dist. LEXIS 1424, at *18 (M.D. Fla., Jan. 5, 2012).

[9] Case No. 8:11-cv-2855-T-24MAP, 2012 U.S. Dist. LEXIS 71628, at *8-*9 (M.D. Fla. May 23, 2012), and cases cited therein.

[10] *DeMauro v. The Limo, Inc.*, Case No. 8:10-cv-413-T-33AEP, 2011 U.S. Dist. LEXIS 1229 (M.D. Fla. Jan. 3, 2011) is distinguishable. That case involved "owner/operator" drivers throughout the United States seeking conditional certification both at the national and local level. *See id.* at *3. Despite the proposed scope of the action, the declarations in support of the action came exclusively from one locality (*see id.* at 4.), and were scant so that employment status could not be determined. *See id.* at *9. Upon review of the declarations,

Defendants' position that Plaintiffs are not economically dependent upon Defendants is without merit. Defendants' *Patel*, *Eltman*, *Williams*, and *Crumpton* cases do not involve student training. [R. 7-8]. Cases applying an economic realities analysis to students have not focused on the understanding of entitlement to wages as controlling.[11] Moreover, contrary to Defendants' cases involving volunteers or "work therapy," Plaintiffs are entirely dependent on Defendants for long periods, as Defendants provide Plaintiffs time-off from work, vacation time, insurance, lodging (at one clinical site), and directly affect Plaintiffs' financial investment in education.[12] Finally, Defendants misapply the economic realities test by relying on *Llampallas* [R. 6], which is a Title VII case, where the definition of "employee" is interpreted less broadly than under the FLSA.[13]

---

the Court found additional individual analysis necessary. *See id.* at \*9-\*11. Here, the declarations show the employment relationship and thus individualized analysis is not necessary for conditional certification.

Moreover, *DeMauro* and Defendants [R. 18] rely upon *West v. Verizon Communs.*, 2009 U.S. Dist. LEXIS 82665 (M.D. Fla. July 29, 2009) in which the court imposed a more rigorous second-stage analysis in light of the "substantial evidence" submitted by Plaintiffs. *Id.* at 12-13. A second-stage analysis cannot be applied here because Plaintiffs have moved for conditional certification as promptly as possible to prevent the exhaustion of the claims of putative class members and have not engaged in any formal discovery. *DeMauro* also relied upon *Pfaahler v. Consultants for Architects*, 2000 U.S. Dist LEXIS 1772, at \*6 (N.D. Ill. Feb. 8, 2000) in which the court declined conditional certification recognizing that a fact-specific inquiry was required to conditionally certify the class because the plaintiff "provided no evidence" in support of a finding that the putative class members were similarly situated. Such is not the situation here.

[11] For example, in the case Defendants cite involving student training, the court analyzed the economic realities surrounding an accredited student training program and held that the primary benefit of the relationship was the controlling factor. *Solis*, 642 F. 3d at 524-529. In Defendants' own case law, the court declined to apply the rule Defendant seeks to impose here. *See id.* at 524 (rejecting that the FLSA does not apply to accredited vocational training programs). *See* Motion ¶ I(C).

[12] *See* October 11 E-mail; Page 68 of Wolford Handbook (time off and vacation), attached as Exhibit "E;" Page 88 of the Wolford Handbook (requiring students to have health insurance through Wolford creates dependence, as it means that work at CAPA is required for continued insurance coverage), attached as Exhibit "F;" Exit Interview (showing private for-profit employer's affect on student grades, meaning the employer in essence controls the students' investment in education and the outcome of that investment). Under the FLSA, compensation agreements may be implied. *Coes v. World Wide Revival*, Case No. 6:05-cv-563-Orl-DAB, 2007 U.S. Dist. LEXIS 7144, at \*16 (M.D. Fla. Sept. 26, 2007). The FLSA "does not require the payment of cash wages." *The Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 303-304 (1985).

[13] *See Cobb v. Sun Papers*, 673 F.2d 337, 340 (11th Cir. 1982); *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F. 2d 377, 380 (7th Cir. 1991).

Finally, Defendants' reliance on the Department of Labor's ("DOL") October 12, 1967 Opinion Letter [R. 11] as establishing a "flat rule" for nursing students is misplaced. First, the DOL's current position with respect to the training of nursing students is that all requirements of the DOL's six factor test must be satisfied.[14] Second, Defendants overlook the limiting language "pending further interpretation by the courts," and that when confronted with the situation, courts have applied the DOL's six factor test or a variation.[15]

3. Proposed Notice. With respect to Defendants' objection asserted in R. Ex. 11, Defendants' estoppel defense is improper, and, beyond merely irrelevant, Defendants' advice is wrong. No aspect of Plaintiffs' case involves illegal conduct. Consequently, the Court should disregard Defendants' proposed language. Further, the notice should not contain a statement that opt-in plaintiffs could be liable for paying costs because of the chilling effect such a warning would have.[16] Defendants provide no case law to the contrary. Finally, the case authority cited by Defendants involves the approval of settlements and/or attorneys' fees awards and not the sufficiency of a proposed notice. These issues are premature and not presently before the Court.

WHEREFORE, Plaintiffs respectfully request for the Court to grant the Motion.

---

[14] *See* DOL's Field Operations Handbook, § 10b14 (1993) (incorporating requirements of § 10b11). Defendants rely on an opinion letter and case law from when § 10b14 did not incorporate § 10b11 like it does now and has for many years. *See* the outdated § 10b14 that Defendants mistakenly rely on quoted in *Marshall v. Baptist Hosp., Inc.*, 473 F. Supp. 465, 478 (M.D. Tenn. 1979), *rev'd in part on other grounds*, 668 F. 2d 234 (6th Cir. 1981). Further, Defendants falsely accuse Plaintiffs of misstating the DOL's test, when Defendants' own case law interprets the DOL's test the same way Plaintiffs do. *Solis*, 642 F. 3d at 524-525 (describing DOL test as taking an "all-or-nothing" approach).

[15] *See Solis*, 642 F. 3d 526-528; *Marshall*, 473 F. Supp. at 477; *Marshall v. Baptist Hosp.*, Inc., 6689 F. 2d 234, 236 (6th Cir. 1981) (district court did not apply erroneous test of liability).

[16] *See Bobbitt v. Broadband Interactive*, Case No. 8:11-cv-2855-T-24MAP, doc. 34, pp. 2-3 (M.D. Fla, May 29, 2012), attached as Exhibit "H," and cases cited therein. Defendants' suggestion that their attorneys should also appear on the notice is equally without basis. *See id.* at 3.

  s/ Bradley P. Rothman_____
Bradley P. Rothman
Florida Bar No. 0677345
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N., Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
brothman@weldonrothman.com
Counsel for Plaintiffs

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22d day of October 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to: Jeffrey D. Fridkin, Esq., Rachael S. Loukonen, Esq., Grant, Fridkin, Pearson, Athan & Crown, P.A., 5551 Ridgewood Drive, Suite 501, Naples, Florida 34108; and Tammie L. Rattray, Esq., Robert D. Hall, Jr., Esq., Bradley R. Hall, Esq., Ford & Harrison, LLP, 101 E. Kennedy Blvd., Ste. 900, Tampa, FL 33602.

  s/ Bradley P. Rothman
Attorney