UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN
ABRAHAM, LAUREN TIDWELL,
JEANIE HAKENEWERT, STEPHANIE
ALANA MARIE BENJAMIN,
CHRISTOPHER M. BOURN, DEREK
WHITE, RICHARDO ROSADO,
LANNETTE GIBSON, DANIEL PENTON,
DENISE ARMINIO, OFELIA BIAGAN,
SHEILA SMITH, CELINE VIDAURRI,
CHRISTINA VINAS and RICARDO
ROSADO,

    Plaintiffs,

v.                                    Case No: 2:12-cv-347-Ftm-29SPC

COLLIER ANESTHESIA, P.A.,
WOLFORD COLLEGE, LLC, THOMAS L.
COOK and LYNDA M. WATERHOUSE,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on Defendants' Opposed Motion to Stay Discovery Pending Ruling on Dispositive Motion Barring This Action (Doc. #79) filed on December 13, 2012. Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Stay Discovery Pending Ruling on Dispositive Motion (Doc. #84) was filed on January 7, 2013. Thus, the Motion is now ripe for review.

Defendants move for a stay of discovery in this matter as they have filed a dispositive motion to dismiss and/or for judgment on the pleadings showing that Plaintiffs were not employees covered by the FLSA and there is no subject matter jurisdiction and/or a failure to state a claim upon which relief can be granted.

When ruling on motions to stay discovery, Courts in this District have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing Howard v. Galesi, 107 F.R.D. 348 (S.D.N.Y. 1985)). Moreover, "such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Id. (citing Kron Medical Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C. 1988)). "Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion." Id. (citing Wilderness Soc. v. Griles, 824 F.2d 4 (D.C. Cir. 1987); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir. 1985)).

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Id. In this case, the Defendants contend that going forward with discovery would waste the resources of the litigants.

The Defendant relies on Chadsuma v Mazda Corporation, 123 F.3d 1353, 1367 (11th Cir. 1997), for the general proposition that discovery should be stayed until a pending motion to dismiss is resolved. Chadsuma states: "[f]acial challenges based on the failure to state a claim for relief, should, however, be resolved before discovery begins. Id. at 1368. Courts in this District have found though that Chadsuma and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." Schreiber v Kite King's Lake, LLC., 2010 WL 3909717 *1 (M.D.

Fla. Oct. 1, 2010); <u>Koock v. Sugar & Felsenthal, LLP</u>, 2009 WL 2579307 at * 2 (M.D. Fla Aug. 19, 2009); <u>In re Winn Dixie Stores, Inc.</u>, 2007 WL 1877887  *1 (M.D. Fla. June 28, 2007).

In this case, as Defendants' dispositive motion is not clearly meritorious and there remains some dispute between the Parties as to whether the Plaintiffs were employees covered under the FLSA, the Motion to Stay is due to be denied.

Accordingly, it is now

**ORDERED:**

Defendants' Opposed Motion to Stay Discovery Pending Ruling on Dispositive Motion Barring This Action (Doc. #79) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of January, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record