UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN ABRAHAM, on
behalf of themselves and others
similarly situated,

                    Plaintiffs,

vs.                              Case No.  2:12-cv-347-FtM-29SPC

COLLIER ANESTHESIA, P.A., a Florida
corporation, WOLFORD COLLEGE, LLC, a
Florida limited liability company,
THOMAS L. COOK, an individual, LYNDA
M. WATERHOUSE, an individual,

                    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion to
Conditionally Certify Collective Action, and to Facilitate Notice,
and for Limited Expedited Discovery (Doc. #28) filed on August 20,
2012.  Defendants filed a Response in Opposition (Doc. #45) on
October 5, 2012.  On October 22, 2012, plaintiffs filed a Reply
(Doc. #69).  Subsequently, defendants filed a Sur-Reply (Doc. #70)
on October 29, 2012.  Also before the Court is Plaintiffs' Motion
to Toll the Statute of Limitations for All Current and Former
Employees (Doc. #34), to which defendants filed a Response (Doc.
#38).

**I.**

On June 29, 2012, plaintiffs Billy Schumann (Schumann) and
Dustin Abraham (Abraham) filed a Complaint (Doc. #1) against

defendants Collier Anesthesia, P.A. (Collier), Wolford College, LLC (Wolford), Thomas L. Cook (Cook), and Lynda M. Waterhouse (Waterhouse), on their own behalf and on behalf of other similarly situated individuals for minimum wage and overtime compensation relief under the Fair Labor Standards Act (FLSA).   In the Complaint, plaintiffs allege that they were employed by Collier within the meaning of 29 U.S.C. § 203(g) as interns who were provided no monetary compensation; that they were registered nurses that did not have a valid license or certificate to practice medicine and did not have the requisite degree to work as nurse anesthetists; that they were scheduled to work based on the staffing needs of Collier and performed the routine work of Collier on a regular and recurring basis; that Collier is dependant on the work of interns for its normal daily operations and that Collier derived immediate advantage from their work; that defendants employed interns as substitutes for regular workers, and/or to augment its existing workforce during specific time periods; that if Collier did not use interns it would need to hire additional employees; that they received the same level of supervision as Collier's regular workforce; that they did not satisfy any of the exemptions set forth in the FLSA; and that they worked more than forty hours in a given week but were not paid time and one-half for the hours in excess of forty.  (Doc. #1.)  The Complaint describes the additional persons who may become plaintiffs as other current

and former interns who were employed by Collier and worked in excess of 40 hours in a given workweek without receiving compensation for hours worked. (Id.) Plaintiffs now seek conditional certification of a collective action, to facilitate notice to potential plaintiffs, to require expedited responses to discovery, and tolling the statute of limitations.

## II.

An action to recover unpaid minimum wage compensation and unpaid overtime compensation under the FLSA may be maintained "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008)(citing Anderson v. Cagle's, Inc., 488 F.3d 945, 952 (11th Cir. 2007)). "The key to starting the motors of a collective action is a showing that there is a similarly situated group of employees." Morgan, 551 F.3d at 1259. Being "similarly situated" does not require an identical situation, but at least similar circumstances with respect to their job requirements and pay provisions. Morgan, 551 F.3d at 1259-60; Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001). The Eleventh Circuit has adopted a two-tiered approach to

certification, as described in <u>Mooney v. Aramco Servs. Co.</u>, 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

<u>Hipp</u>, 252 F.3d at 1218. Plaintiff must show that there are other employees who desire to "opt-in" and who are "similarly situated" before giving notice. <u>Dybach v. Fla. Dep't of Corr.</u>, 942 F.2d 1562, 1567 (11th Cir. 1991). As noted, at the first stage, the Court applies a "fairly lenient standard," <u>Anderson</u>, 488 F.3d at 953, although there must be more than counsel's unsupported assertions, <u>Morgan</u>, 551 F.3d at 1261.

### III.

In support of their motion, plaintiffs rely on the declarations of Billy Schumann (Doc. #28-10), Dustin Abraham (Doc.

#28-11), Lahoma Nachtrab (Doc. #28-12), Celine Vidaurri (Doc. #28-13), and Denise Arminio (Doc. #28-14). In opposition, defendants argue: (1) the declarations are "cookie cutter" and are insufficient to provide a reasonable basis for a collective action; (2) plaintiffs' claims would require individualized inquiry; (3) plaintiffs' showing of potential opt-in plaintiffs is insufficient; and (4) the proposed notice and consent form is objectionable. (Docs. ## 45, 70.) Defendants also make a number of arguments attacking the merits of the claim. (Id.) The Court will not consider these arguments at this time. See, e.g., Fantauzzi v. Agora Mktg. Solutions, Inc., No. 8:10-cv-513-T-26TGW, 2010 WL 2220246, at *2 (M.D. Fla. June 2, 2010)("district courts generally do not consider the merits on a motion for conditional certification").

The Court concludes that plaintiffs have shown a "reasonable basis" for their claim that there are other similarly situated employees who wish to opt-in. The Court finds that the declarations are sufficiently detailed to meet the "fairly lenient" standard set by the Eleventh Circuit.[1] The Court also finds that plaintiffs have demonstrated that there are other similarly

---

[1]In support of their argument, defendants cite to Tussing v. Quality Resources, Inc., No. 8:09-cv-1833-T-26AEP, 2009 WL 4350253 (M.D. Fla. Nov. 25, 2009). Tussing is inapposite. There, the plaintiffs filed six nearly identical affidavits from individuals employed in five different positions in order to include all of defendant's employees in one collective action.

situated interns for purposes of issuing notice.[2]  Additionally, the Court is also satisfied that there are other interns or Student Registered Nurse Anesthetists who wish to opt-in, since, to date, 14 individuals filed Consents to join as opt-in plaintiffs. (Docs. ## 6, 7, 8, 9, 10, 11, 12, 15, 19, 20, 23, 27, 36, 43.)  Therefore, the Court finds that certification is appropriate for notice purposes.

Defendants also raise the following objections to plaintiffs' proposed Notice of Right to Join and Consent to Join forms: (1) the Notice advises putative opt-ins multiple times of the contact information for plaintiffs' counsel and not defendants' counsel; (2) the Notice portrays the case "as a free chance at gaining money"; (3) the Notice does not advise putative opt-ins that certain conduct could be considered a misdemeanor or third degree felony under Florida law; and (4) the Consent Form states that the fees retained by plaintiffs' attorneys will be the greater of the Lodestar amount or 40% of the gross recovery.  (Docs. ## 45, 45-16.)  The Court will revise the Consent to reflect that the FLSA requires the Court to review the reasonableness of counsel's legal fees and the parties cannot contract in derogation of FLSA's provisions.  Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009).

---

[2]Defendants' argument that individualized inquiry is required is better suited at the decertification stage when additional information is available regarding the characteristics of the opt-in plaintiffs.  See, e.g., Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330 (M.D. Fla. 2007).

The Court has also considered the remaining objections and concludes that no other changes are necessary.[3]

**IV.**

Plaintiffs also seek to toll the statute of limitations "up to the date of the Court's ruling of Plaintiff's Opt-In Motion and, if the Opt-In Motion is granted, until Defendants provide the information necessary for Plaintiffs to send out the notice." (Doc. #34, ¶ 12.)  After plaintiffs filed their motion, the Court issued a scheduling order (Doc. #35), which tolled the limitations period for any person receiving notice "from the date of [the Scheduling] Order until the parties file a Case Management Order lifting the stay on these proceedings."  Under Title 29, United States Code, Section 255, any cause of action for unpaid minimum wage or overtime compensation under the FLSA,

> (a) . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. . . .

29 U.S.C. § 255.  Under Title 29, United States Code, Section 256, an action brought under the FLSA is:

---

[3]In order to reflect the tolling of the statute of limitations, the Court has also changed "during the past three (3) years" to "on or after August 2009" in the "Who May Join the Lawsuit" section.

commenced on the date when the complaint is
filed; except that in the case of a collective
or class action . . . it shall be considered
to be commenced in the case of any individual
claimant--

> (a) on the date when the complaint
> is filed, if he is specifically
> named as a party plaintiff in the
> complaint and his written consent to
> become a party plaintiff is filed on
> such date in the court in which the
> action is brought; or

> (b) if such written consent was not
> so filed or if his name did not so
> appear--on the subsequent date on
> which such written consent is filed
> in the court in which the action was
> commenced.

29 U.S.C. § 256. "Congress expressed the concern that an opt-in
plaintiff should not be able to escape the statute of limitations
bearing on his cause of action by claiming that the limitations
period was tolled by the filing of the original complaint."
Grayson v. K-Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996)(citing
93 Cong. Rec. 2,182 (1947)). Plaintiffs have failed to demonstrate
that extraordinary circumstances warrant an additional tolling of
the statute of limitations. Therefore, to the extent plaintiffs
request an additional tolling of the statute of limitations, the
request will be denied.

Accordingly, it is now

**ORDERED**:

1. Plaintiffs' Motion to Conditionally Certify Collective
Action, and to Facilitate Notice, and for Limited Expedited

Discovery (Doc. #28) is **GRANTED** and a collective action is conditionally certified as follows:

> All current and former Student Registered Nurse Anesthetists (SRNAs), who are, or were, enrolled at Wolford College, LLC, and who work, or worked, for Collier Anesthesia, P.A., without compensation **on or after August 2009.**

2. **On or before March 19, 2013,** defendants shall deliver to plaintiffs' counsel a list in the form of an Excel spreadsheet on CD-ROM (or comparable media) containing the full names, and addresses of the putative opt-in plaintiffs. Upon delivery of this list, defendants shall promptly file a notice of compliance with this part of the Court's Opinion and Order.

3. After plaintiffs' counsel receives such information from defendants, plaintiffs' counsel is authorized to give notice to the individuals in the conditionally certified collective action and shall do so within a reasonable time, but no later than **April 19, 2013.** The form of "Notice of Right to Join" and the associated form of "Consent to Join" for putative opt-in plaintiffs shall be substantially in the forms **attached** as Exhibit "A" and Exhibit "B", respectively, to this Opinion and Order, shall be mailed via first class U.S. Mail at the sole cost and expense of plaintiffs to all individuals disclosed by defendants; shall be dated with the date of mailing; and shall allow each individual up to **ninety (90) days** (the "Opt-In Period") from the date of mailing in which to return a "Consent to Join" form to plaintiffs' counsel. Upon mailing the

"Notice of Right to Join," plaintiffs' counsel shall promptly file a notice of compliance with this part of the Court's Opinion and Order.

4. During the allowed period for response to this initial mailing, should the initial "Notice of Right to Join" mailed to any individual be returned as un-deliverable, the parties shall promptly cooperate and exchange such additional information in their custody or control, or in the custody or control of their agents, as may reasonably be available to identify a better address for each such individual, to assist in the search for better addresses. To the extent that it is feasible, but in no event later than the end of the allowed period for response to the initial mailing, plaintiffs' counsel shall, at the sole cost and expense of plaintiffs, re-mail one time the "Notice of Right to Join" to each such individual. For each re-mailed "Notice of Right to Join," it shall be in the form set forth above; shall be re-dated with the date of re-mailing, and shall give the individual up to the same deadline allowed for response to the initial mailing to return a "Consent to Join" and no additional time.

5. Each "Consent to Join" returned to plaintiffs' counsel shall be deemed timely if post-marked, or delivered to a commercial carrier who provides a receipt, within the allowed period.

6. Individuals who timely opt into this collective action pursuant to this Court's supervised notice procedure shall be

deemed joined as opt-in plaintiffs for all purposes under the Federal Rules of Civil Procedure and under the orders of this Court through trial and appeal, if any, subject to any motion for decertification or representative discovery, and may be represented at any settlement, mediation or trial by the named plaintiffs at the time, pending further orders of the Court.

7.  Plaintiffs' Motion to Toll the Statute of Limitations for All Current and Former Employees (Doc. #34) is **DENIED.**

8.  In light of the deadlines above, the parties shall submit an Amended Case Management Report within **FOURTEEN (14) DAYS** of this Opinion and Order suggesting new deadlines.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>21st</u> day of February, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record