UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, and DUSTIN
ABRAHAM, ON BEHALF OF THEMSELVES
AND OTHERS SIMILARLY SITUATED,

      Plaintiffs,

v.                            Case No. 2:12-cv-00347-JES-SPC

COLLIER ANESTHESIA, P.A., a Florida
corporation, WOLFORD COLLEGE, LLC, a
Florida limited liability company, THOMAS L.
COOK, an individual, and LYNDA M.
WATERHOUSE, an individual,

      Defendants.

_____/

## DEFENDANTS' UNILATERAL PROPOSED CASE MANAGEMENT REPORT

Defendants state that this Report is filed after counsel for all Parties participated in a

March 5, 2013 Case Management Conference and in response to Plaintiffs' counsel's

unilateral filing of a Case Management Report this afternoon.  (Dkt. 96.)  Plaintiffs' counsel

called the office of counsel for Defendants Wolford, Cook and Waterhouse at approximately

4:45 p.m. this afternoon regarding a draft Report provided by Defendants, representing that

he could not be available to confer after 5:00 p.m. (15 minutes later).  Counsel could not

immediately take the call,[1] and next observed that Plaintiffs' counsel filed a unilateral Case

Management Report at 5:28 p.m.  The instant filing is in response, and it addresses issues

---

[1]  As admitted in Plaintiffs' counsel's unilateral Report, he did not attempt to contact counsel for Defendant
Collier Anesthesia, P.A., Jeffrey Fridkin, to confer with him about Defendants' proposed revisions to the draft
Case Management Report which was explicitly transmitted to Plaintiffs' counsel as including Mr. Fridkin's
input.

that were discussed at length by counsel for all Parties (but not agreed to by Plaintiffs'

counsel) during the March 5 Case Management Conference.

The dates in the second chart below were discussed by the Parties with reservation

taken by Defendants due to the major threshold jurisdictional issue pending in this case.

Defendants' propose an alternative case management schedule because there is a threshold

jurisdictional issue regarding whether Plaintiffs were students and not "employees" under the

FLSA.  The courts addressing the issue of alleged students' "work" have held that they were

not "employees" under the FLSA.  *See DeMayo v. Palms West Hospital, LP*, 2013 U.S. Dist.

LEXIS 14891 (S.D. Fla. Jan. 23, 2013) (dismissing FLSA claim of surgical technology

student against private hospital and surgery center, who was required by school to complete

an unpaid externship wherein she participated in surgical procedures, finding she was not an

"employee" despite her claim that she spent significant time stocking, cleaning and preparing

rooms, organizing files, and taking out garbage; there was no expectation of compensation,

mandatory credit hours were gained, and tasks complained-about were a part of a general

gain of experience/knowledge); *Kaplan v. Code Blue Billing & Coding, Inc.*, 2013 U.S. App.

LEXIS 1433, Case No. 12-12011 (11th Cir. January 22, 2013) (consolidated appeal holding

that MedVance Institute's medical billing and coding specialist externship program was not

employment under the FLSA although plaintiffs argued that it was of "very limited

educational benefit" and lacked "formal structure" and involved "repetitive work"), *aff'g

Kaplan v. Code Blue Billing & Consulting, Inc.*, 2012 U.S. Dist. LEXIS 185696, Case No.

9:11-cv-81049-MIDDLEBROOKS/VITUNAC (S.D. Fla. March 12, 2012) (dismissing

student's FLSA action where unpaid externship was at a for-profit billing company which

did billing for doctors and was paid a portion of the medical fees recovered, where the

plaintiff testified that she spent 80% of her time calling insurance companies regarding claim

status and that she did not even apply what she learned in school on coding and billing; held

to not be an employee), and *O'Neill v. East Florida Eye Institute, P.A.*, 2012 U.S. Dist.

LEXIS 185700, Case No. 2:11-cv-14384-GRAHAM/GOODMAN (S.D. Fla. April 17, 2012)

(dismissing student's FLSA action against for-profit ophthalmology business, who spent

99% of her time as an unpaid extern checking claims status and accounts receivables; held to

not be an employee); *Solis v. Laurelbrook Sanitarium & School*, 642 F.3d 518 (6th Cir.

2011) (dismissing FLSA claim as to high school students who, after becoming Certified

Nurse Assistants, were assigned by school to assist patients for which the school received

compensation)[2]. Here, student status and benefit is even more clear than in the decisions

cited above because Wolford's curriculum is an accredited Master's degree program with a

clinical component that is mandated by law (§ 464.012(1)(c), *Fla. Stat.*; § 64B9-4.003(2)

FAC), by national accreditation standards (Doc. 45-6, parts 17-18), and by national CRNA

certification exam requirements (Doc. 45-12). *See Boblin v. Brd. of Education*, 403 F. Supp.

1095, 1108-09 (D. HI 1975) (granting motion to dismiss FLSA action brought by students

forced to perform cafeteria duty and observing that, "in our system, the determination of the

educational value of the course of activity and study they are pursuing resides with the

Department of Education" and "It would be absurd for this Court to rule that any educational

activity would be placed within the requirements of the FLSA simply because there may be

---

[2] In a subsequent ruling, the District Court held that the Department of Labor was not substantially justified in bringing the lawsuit on behalf of the students who received the primary benefit of their duties (and even though the defendant/school received secondary benefits) and awarded the defendant/school its attorneys' fees, expenses and costs totaling over $231,000. 2012 U.S. Dist. LEXIS 70880, *8-10, *26 (E.D. Tenn. May 21, 2012).

an economic benefit to the institution involved.  This would throw out the baby with the bath water."); *Blair v. Willis*, 420 F.3d 823, 829 (8th Cir. 2005) (student chores were not "work" and schools were not "employers" under the FLSA even where student efforts helped defray costs of hiring employees to perform the chores).

The Court has stated that it will address the motion for judgment on the pleadings in due course and has denied a stay of discovery.  Defendants respectfully request that the case management procedures take account of and be designed consistent with adjudication of the major threshold issue of whether these Plaintiff/students were employees during their clinical experiences while enrolled at Wolford College (while agreeing to toll the limitations period during the time to rule upon the threshold issue).  Otherwise, very significant time and expense will be required in regard to collective action discovery and a motion for decertification.  Defendants further request that while the motion for judgment on the pleadings is pending and unresolved, the case management procedures focus discovery initially on the threshold issue only, and allow filing of a motion for summary judgment on the threshold jurisdictional issue, if needed, by September 1, 2013.  Defendants' proposal is as follows:

**DEFENDANTS' PROPOSAL**

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | Completed |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[each party who has not previously filed must file immediately] | Completed |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Motions to Add Parties or to Amend Pleadings**<br>[Court recommends 1 – 2 months after CMR meeting] | Opt-in period to be deferred pending ruling on threshold issue |
| **Disclosure of Expert Reports**        Plaintiffs<br>                                     Defendants<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | April 15, 2014<br>May 15, 2014 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | For dispositive motion on threshold issue: August 1, 2013<br>Other: June 30, 2014 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | For dispositive motion on threshold issue: September 1, 2013<br>Other:<br>July 31, 2014 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[10 days before Joint Final Pretrial Statement] | October 5, 2014 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox], Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference] | October 15, 2014 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | October 15, 2014 |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | November 7, 2014 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | December 1, 2014 |
| **Estimated Length of Trial**  [trial days] | 5-10 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**                                    **Deadline:**<br>                                                          **Mediator:**<br><br>**Address:**<br><br>**Telephone:**<br><br>**[Absent    arbitration,    mediation    is    *mandatory*;    Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | June 14, 2014<br>James L. Nulman, Esq.<br>Nulman Mediation Services, Inc.<br>15880 Summerlin Road<br>Fort Myers, FL 33908<br>Tel: (239)433-3539 |
| **All Parties Consent to Proceed Before Magistrate Judge** | **Yes____      No__X__**<br><br>**Likely to Agree in Future _____** |

**DATES DISCUSSED BY COUNSEL**
**SUBJECT TO RESERVATION BY DEFENDANTS**

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | Completed |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[each party who has not previously filed must file immediately] | Completed |
| **Motions to Add Parties or to Amend Pleadings**<br>[Court recommends 1 – 2 months after CMR meeting] | Plaintiff: August 19, 2013<br><br>Defendant: April 19, 2013 |
| **Disclosure of Expert Reports**          Plaintiffs<br>                                                Defendants<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | November 15, 2013<br>December 15, 2013 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | January 31, 2014 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | February 28, 2014 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[10 days before Joint Final Pretrial Statement] | May 19, 2014 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox], Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference] | June 2, 2014 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | June 2, 2014 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | June 23, 3014 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | July 14, 2014 |
| **Estimated Length of Trial**  [trial days] | 5-10 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**                                        **Deadline:**<br>**Mediator:**<br><br>**Address:**<br><br>**Telephone:**<br><br>**[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | December 21, 2013<br>James L. Nulman, Esq.<br>Nulman Mediation Services, Inc.<br>15880 Summerlin Road<br>Fort Myers, FL 33908<br>Tel: (239)433-3539 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____      No__X__<br><br>**Likely to Agree in Future _____** |

## I.    Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.

Pursuant to The Court's Order entered August 29, 2012 (DE #35), a meeting was held by telephone on March 5, 2013 beginning at 4:30 p.m. and was attended by:

Ryan Barack, Counsel for Plaintiffs;

Tammie L. Rattray and Robert Hall, Counsel for Defendants, Wolford College, LLC, Thomas L. Cook, and Lynda M. Waterhouse; and

Jeffrey D. Fridkin, Counsel for Defendant, Collier Anesthesia.

## II.      Preliminary Pretrial Conference

Local Rule 3.05(c)(30(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:**     Parties (check one) [__] request       [__X__] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.

## III.     Pre-Discovery Initial Disclosures of Core Information

**Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment(s) to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _X__ have exchanged ___ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(C) - (D)

___ on ___ by (check one) _____

Below is a description of information disclosed or scheduled for disclosure.

As required by Rule 26(a)(1)(C)-(D).

**IV.    Agreed Discovery Plan for Plaintiffs and Defendants**

   **A.    Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper  —  including emergency motion  —  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

____X____   Yes

_____   No            Amended Certificate will be filed by _____
                         (party) on or before _____ (date).

   **B.    Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (e).  The parties further agree as follows: N/A

   **C.    Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).  Absent leave of Court,

the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed. R.

Civ. P. 33(a).  The parties may agree by stipulation on other limits on discovery.  The Court

will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling

order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have

agreed to further limit discovery as follows:

1. Depositions:  Plaintiffs believe that representative discovery is appropriate and that 10 depositions per side is sufficient.  Defendants reserve the request that discovery initially be focused on the threshold issue.  If the matter is not dismissed on that issue, Defendants request that they be permitted to depose Plaintiffs and all individuals that opt into the case, stating that the scope of any collective action is unknown, that consideration of representative discovery is thus premature, and that 10 depositions is the limit in a single plaintiff case and not appropriate where there are more "plaintiffs."

2. Interrogatories:  Plaintiffs believe that representative discovery is appropriate and that 25 interrogatories, including subparts are sufficient.  Defendants request that discovery initially be focused on the threshold issue.  If the matter is not dismissed on that issue, Defendants request that they be permitted to serve interrogatories on Plaintiffs not to exceed 25 interrogatories for Defendant Collier Anesthesia P.A., individually, and 25 for Defendants Wolford College, Dr. Thomas Cook, and Lynda Waterhouse, combined, to each Plaintiff and all individuals that have or may opt-in to this case in the same manner.  Defendants state that in a collective action each opt-in has his/her own claim on the merits, that the claims here are highly individualized, that the scope of any collective action is unknown, and that the Federal Rules of Civil Procedure clearly provide for this discovery.

3. Document Requests:  Plaintiffs believe that representative discovery is appropriate and that document requests should be appropriately limited.  Defendants request that discovery initially be focused on the threshold issue.  If the matter is not dismissed on that issue, Defendants state they should be entitled to serve document requests on Plaintiffs and all individuals that opt-in to this case.  Defendants state that in a collective action each opt-in has his/her own claim on the merits, that the claims here are highly individualized, that the scope of

any collective action is unknown, and that the Federal Rules of Civil Procedure clearly provide for this discovery.

4.     Requests to Admit:  Plaintiffs believe that representative discovery is appropriate and that requests for admissions should be appropriately limited.  Defendants request that discovery initially be focused on the threshold issue.  If the matter is not dismissed on that issue, Defendants submit that they should be entitled to serve requests for admissions on Plaintiffs and all individuals that opt-in to this case. Defendants state that in a collective action each opt-in has his/her own claim on the merits, that the claims here are highly individualized, that the scope of any collective action is unknown, and that the Federal Rules of Civil Procedure clearly provide for this discovery.

5.     Supplementation of Discovery: The Parties agree that discovery must be supplemented in a timely fashion upon discovery of the need to do so, as required by the Federal Rules of Civil Procedure.

**D.     Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows: N/A

**E.     Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:  The Parties agree that expert witnesses must be disclosed in

accordance with the deadlines outlined above, but that they may be deposed after the close of

discovery, any time prior to 60 days before trial.

**F.     Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  *See* Local Rule 1.09.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

Because discovery in this case may involve the production of personal information or confidential, proprietary and/or sensitive business information, the Parties may enter into a limited confidentiality agreement which they understand the Court would enforce as a written stipulation under Local Rule 4.15.  Defendants further state that 20 U.S.C. § 1232g mandates privacy/confidentiality considerations regarding student records/information.

**G.     Electronically Stored Information and Claims of Privilege** —

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

**H.     Other Matters Regarding Discovery** —

N/A

**V.     Settlement and Alternative Dispute Resolution**.

**A.     Settlement** —

The parties agree that settlement is

_____ likely   __X__ unlikely                 (check one)

The parties request a settlement conference before a United States Magistrate Judge:

_____ yes     __X__ no        _____ likely to request in future

**B.     Arbitration** —

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically.  Does this case fall within the scope of Local Rule 8.02(a)?

_____ yes     __X__ no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

_____ yes     __X__ no        _____ likely to agree in future

_____ Binding              _____Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation.

Local Rule 8.02(b).  The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

_____ yes     \_\_\_X\_\_ no     _____ likely to agree in future

    **C.**    **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    **D.**    **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:  N/A

Dated: March 11, 2012

s/ Jeffrey D. Fridkin
Jeffrey D. Fridkin, Esq.
Florida Bar No. 0490245
jfridkin@gfpac.com
Grant, Fridkin, Pearson, Athan
& Crown, P.A.
5551 Ridgewood Drive,
Suite 501
Naples, Florida 34108
Tel: (239) 514-1000
Fax: (239) 514-0377
*Counsel for Defendant,*
*Collier Anesthesia, PA*

s/ Tammie L. Rattray
Tammie L. Rattray, Esq.
Florida Bar No.: 128619
trattray@fordharrison.com
Robert D. Hall, Jr., Esq.
Florida Bar No.: 186760
rhall@fordharrison.com
Bradley R. Hall, Esq.
Florida Bar No.: 26172
brhall@fordharrison.com
Ford & Harrison, LLP
101 E. Kennedy Blvd., Ste. 900
Tampa, FL 33602
Tel: (813) 261-7828
Fax: (813) 261-7899
*Counsel for Defendants,*
*Wolford College, LLC, Thomas*
*L. Cook, and Lynda M.*
*Waterhouse*