```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

BILLY SCHUMANN, DUSTIN ABRAHAM, on
behalf of themselves and others
similarly situated,

               Plaintiffs,

vs.                                   Case No. 2:12-cv-347-FtM-29SPC

COLLIER ANESTHESIA, P.A., a Florida
corporation, WOLFORD COLLEGE, LLC, a
Florida limited liability company,
THOMAS L. COOK, an individual, LYNDA
M. WATERHOUSE, an individual,

               Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on defendants' Dispositive Motion to Dismiss Complaint and/or for Judgment on the Pleadings (Doc. #78) filed on December 12, 2012. Plaintiffs filed a Response (Doc. #85) on January 7, 2013. For the reasons set forth below, the motion is denied.

**I.**

On June 29, 2012, plaintiffs Billy Schumann (Schumann) and Dustin Abraham (Abraham) filed a Complaint (Doc. #1) against defendants Collier Anesthesia, P.A. (Collier), Wolford College, LLC (Wolford), Thomas L. Cook (Cook), and Lynda M. Waterhouse (Waterhouse), on their own behalf and on behalf of other similarly situated individuals for minimum wage and overtime compensation relief under the Fair Labor Standards Act (FLSA). In the Complaint, plaintiffs allege that they were employed by Collier

within the meaning of 29 U.S.C. § 203(g) as interns who were provided no monetary compensation; that they were registered nurses that did not have a valid license or certificate to practice medicine and did not have the requisite degree to work as nurse anesthetists; that they were scheduled to work based on the staffing needs of Collier and performed the routine work of Collier on a regular and recurring basis; that Collier is dependent on the work of interns for its normal daily operations and that Collier derived immediate advantage from their work; that defendants employed interns as substitutes for regular workers, and/or to augment its existing workforce during specific time periods; that if Collier did not use interns it would need to hire additional employees; that they received the same level of supervision as Collier's regular workforce; that they do not satisfy any of the exemptions set forth in the FLSA; and that they worked more than forty hours in a given week but were not paid time and one-half for the hours in excess of forty. (Doc. #1.) The Complaint describes the additional persons who may become plaintiffs as other current and former interns who were employed by Collier and worked in excess of 40 hours in a given workweek without receiving compensation for hours worked. (Id.) Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and/or for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that plaintiffs were not employees covered by the FLSA

because they failed to allege that they had any expectation of compensation or were economically dependent on defendants. (Doc. #78.)

## II.

Prior to the filing of their motion to dismiss, defendants filed Amended Answers and Affirmative Defenses (Docs. ##30, 31). A Fed. R. Civ. P. 12(b) motion to dismiss is inappropriate once a responsive pleading has been filed. Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002). Therefore, the Rule 12(b) motion to dismiss is denied.

## III.

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Attorney's Office, 592 F.3d 1237, 1255 (11th Cir. 2010)(quotation marks and citation omitted). The Court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. Id. (citing Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). Judgment on the pleadings is appropriate only if it is clear that the plaintiff would not be entitled to relief

under any set of facts that could be proved consistent with the allegations. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002)(citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999)). As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted).

Defendants assert that plaintiffs are not employees as defined by the FLSA, and as such were not covered by the overtime and minimum wage provisions of the FLSA. The statute defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). In turn, the FLSA broadly defines "employ" as "to suffer or permit to work," 29 U.S.C. § 203(g), and an "employer" as "any person acting . . . in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d).

> In determining whether an employer-employee relationship exists under the FLSA, [a court] must consider the "economic realities" of the relationship, including whether a person's work confers an economic benefit on the entity for whom they are working. See Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 470 (11th Cir. 1982). But, when a person works for his own advantage or personal purpose—particularly when his work provides no "immediate advantage" for his alleged "employer"—he is not an "employee" under the FLSA. See Walling v. Portland Terminal Co., 330 U.S. 148 [ ](1947) (explaining that the FLSA's broad definition of "employee" "cannot be interpreted so as to make a person whose work serves only his own interest an employee of another person who gives him aid and instruction.").

Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831, 834 (11th Cir. 2013). To determine whether a trainee qualifies as an employee under the FLSA, courts may properly resort to the rulings, interpretations, and opinions of the Department of Labor's Wage and Hour Administrator for guidance. Id. at 834-35 (citing Dade Cnty. v. Alvarez, 124 F.3d 1380, 1385 (11th Cir. 1997)). "The Administrator has identified six factors-derived from the Supreme Court's decision in Portland Terminal-pertinent to determining whether a trainee qualifies as an employee under the FLSA." Id. at 834.

> Under the Administrator's test, a trainee is not an "employee" if these six factors apply:
> (1) the training, even though it includes actual operation of the facilities of the employer, is similar to that which would be given in a vocational school;
> (2) the training is for the benefit of the trainees;
> (3) the trainees do not displace regular employees, but work under close supervision;
> (4) the employer that provides the training derives no immediate advantage from the activities of the trainees and on occasion his operations may actually be impeded;
> (5) the trainees are not necessarily entitled to a job at the completion of the training period; and,
> (6) the employer and the trainees understand that the trainees are not entitled to wages for the time spent in training.

Id. at 834 n. 2 (citing Wage & Hour Manual (BNA) 91:416 (1975)).[1]

---

[1] Defendants assert that the six factor test is inapplicable to this matter, citing Wage and Hour Division, U.S. Dep't of Labor, Field Operations Handbook §§ 10b19, 10b20, 10b37 (1993). The Court disagrees. The Handbook sections cited by defendants do not cover plaintiffs and, instead, cover medical students, students seeking a Master of Hospital Administration, and pharmaceutical students.

Accepting the factual allegations in the Complaint as true, and making all reasonable inferences in favor of plaintiffs, the Court concludes that there are a set of facts consistent with these allegations which could entitle plaintiffs to relief under the FLSA. When so viewed, plaintiffs may qualify as employees as defined by the FLSA because consideration of the "economic realities" of an employer-employee relationship includes whether a person's work confers an economic benefit on the entity for whom they are working. It is not clear on the pleadings that the Department of Labor's Wage and Hour Administrator's six-factor test is satisfied. Because the relief requested in the Complaint may ultimately be granted based on the facts alleged, a judgment on the pleadings is not warranted at this stage of the proceedings.

Accordingly, it is now

**ORDERED:**

Dispositive Motion to Dismiss Complaint and/or for Judgment on the Pleadings (Doc. #78) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 10th day of June, 2013.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record