UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN
ABRAHAM, LAUREN TIDWELL,
JEANIE HAKENEWERT, STEPHANIE
ALANA MARIE BENJAMIN,
CHRISTOPHER M. BOURN, DEREK
WHITE, RICHARDO ROSADO,
LANNETTE GIBSON, DANIEL PENTON,
DENISE ARMINIO, OFELIA BIAGAN,
SHEILA SMITH, CELINE VIDAURRI,
CHRISTINA VINAS, RICARDO
ROSADO, PATRICK C. HARRELL,
RACHEL GOODE, JAMIESON
WISHMAN, PAUL CALOIAN, JESSICA
LINCOLN and CHRISTOPHER JALACKI,

    Plaintiffs,

v.                                Case No:   2:12-cv-347-FtM-29UAM

COLLIER ANESTHESIA, P.A.,
WOLFORD COLLEGE, LLC, THOMAS L.
COOK and LYNDA M. WATERHOUSE,

    Defendants.

## ORDER

This cause is before the Court on Plaintiffs, Billy Schumann and Dustin Abraham's Motion to Compel Compliance With the Court's Order of February 21, 2013 (Doc. 121) filed on July 9, 2013. Plaintiffs are requesting that the Court compel the Defendants, Collier Anesthesia, P.A., Wolford College, LLC, Thomas L. Cook, and Lynda M. Waterhouse to provide fifteen (15) names and addresses of putative opt-in plaintiffs. Seven are people that had their Notice of Right to Join form returned as undeliverable, one person is someone that Plaintiffs could not locate his/her address, and seven are people Plaintiffs could not locate addresses for from Defendants' supplemental list of putative opt-in Plaintiffs. Plaintiffs claim that the Court's Order (Doc. 91)

required Defendants to cooperate with Plaintiffs and exchange additional information in Defendants' custody and control so that Plaintiffs could determine better addresses for the putative class members.

A brief procedural history of the filings in this case is helpful. The Plaintiffs filed a Complaint (Doc.1) on June 29, 2012 alleging that they and others similarly situated worked as interns with the Defendants, and were not compensated, and therefore did not receive a minimum wage and were not paid overtime wages. On February 21, 2013, the Honorable John E. Steele, United States District Judge entered an Opinion and Order (Doc. 91) on Plaintiffs' Motion to Conditionally Certify Collective Action, and to Facilitate Notice, and for Limited Expedited Discovery (Doc. 28). Judge Steele ordered the following relating to the names of the putative class:

> **On or before March 19, 2013**, defendants shall deliver to plaintiffs' counsel a list in the form of an Excel spreadsheet on CD-ROM (or comparable media) containing the full names, and addresses of the putative opt-in plaintiffs. Upon delivery of this list, defendants shall promptly file a notice of compliance with this part of the Court's Opinion and Order.

(Doc. 91, p. 9, ¶2). Judge Steele then ordered that after Plaintiffs received this information, Plaintiffs were to "give notice to the individuals in the conditionally certified collective action and shall do so within a reasonable time, but no later than **April 19, 2013.**" (Doc. 91, p. 9, ¶3). The Order permitted each individual "up to **ninety (90) days** (the "Opt-In Period") from the date of mailing in which to return a "Consent to Join" form to plaintiffs' counsel. Upon mailing the "Notice of Right to Join," plaintiffs' counsel shall promptly file a notice of compliance with this part of the Court's Opinion and Order." (Doc. 91, p. 9-10, ¶3). The Order also provided for the contingency that if a "Notice of Right to Join" was returned as un-deliverable, the parties were to "promptly cooperate and exchange such additional information in their custody or control, or in the custody or control of their agents, as may

reasonably be available to identify a better address for each such individual, to assist in the search for better addresses." (Doc. 91, p. 10, ¶4). If the Plaintiffs had to remail a "Notice of Right to Join", then Plaintiffs had to send out the "Notice of Right to Join" prior to the end of the "allowed period for response to the initial mailing" and Plaintiffs had to re-date the "Notice of Right to Join" "with the date of the re-mailing, and shall give the individual up to the same deadline allowed for response to the initial mailing to return a "Consent to Join" and no additional time." (Doc. 91, p. 10, ¶4).

On April 16, 2013, Plaintiffs filed a "Notice of Compliance" (Doc. 101) which indicated Plaintiffs had received a CD ROM and electronic mail with a list of 265 names, 15 had addresses, and Plaintiffs obtained 220 addresses from a nursing database. (Doc. 101). Plaintiffs then stated that counsel sent the documents to 235 individuals. (Doc. 101). On April 18, 2013, Judge Steele entered an Order (Doc. 102) stating that "the defendants have no further obligation to deliver addresses as directed in paragraph 2 of the Court's Opinion and Order (Doc. #91). "On May 20, 2013, Wolford College, LLC provided Plaintiffs with 8 additional names of potential members of the putative class. (Doc. 108).

Plaintiffs argue that Defendants should provide an address for one person whose address they did not receive in the original batch of putative class members. Plaintiffs filed a "Notice of Compliance" indicating that the Defendants had provided the names and addresses for the putative class members or Plaintiffs had obtained their addresses. The Order (Doc. 102) filed on April 18, 2013 set forth that Defendants have no further obligation to provide addresses as set forth in paragraph #2 of the Order (Doc. 91). The Court determines that Plaintiffs are not entitled to attempt to have Defendants locate the address for this individual over three months

after filing a Notice of Compliance and the Court entering an Order that Defendants had no further obligation to provide addresses to the Plaintiffs.

Plaintiffs assert that seven addresses are needed because the original documents were returned as undeliverable. The Order (Doc. 91) provided that if the documents were returned as undeliverable, then the parties were to "promptly" cooperate and attempt to locate additional information as to the addresses of the putative class members whose notice was returned as undeliverable, however, the deadline to complete this was the end of the period allowed for response to the initial mailing or 90 days from April 19, 2013 (the deadline in the Order (Doc. 91)) which would be at the latest July 18, 2013. Plaintiffs' Motion was filed on July 9, 2013 which is less than ten (10) days prior to the end of the opt-in period. By requesting this information so close to the opt-in deadline, Plaintiffs failed to allow Defendants time to respond to the Motion nor did Plaintiffs allow the Court time to consider the Motion prior to the end of the opt-in period. The Court determines that the request for these seven individuals' addresses is untimely.

Plaintiffs assert that seven addresses are needed for people from Defendants' supplemental list of putative class members. This list was provided on May 20, 2013. Again, Plaintiffs waited until the eve of the opt-in period to request these additional addresses. The Court is unwilling to extend the opt-in deadline to allow these seven people to receive notice and potentially opt-in to this lawsuit. Plaintiffs' delay in requesting these addresses will cause this case to be delayed, and therefore, the Court determines that the Motion to Compel Compliance is due to be denied. Based upon the untimeliness of the Motion to Compel Compliance, the Court will not reach the other issues raised.

**IT IS HEREBY ORDERED:**

Motion to Compel Compliance With the Court's Order of February 21, 2013 (Doc. 121) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 23, 2013.

*(signature)*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties