UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, an individual, and
DUSTIN ABRAHAM, an individual, on
behalf of themselves and others similarly
situated,

      Plaintiffs,

v.                                 Case No:  2:12-cv-347-FtM-29UAM

COLLIER ANESTHESIA, P.A., a Florida
corporation, WOLFORD COLLEGE, LLC,
a Florida limited liability company,
THOMAS L. COOK, an individual, and
LYNDA M. WATERHOUSE, an
individual,

      Defendants.

_____

## <u>ORDER</u>

This cause is before the Court on Defendants' Motion to Exceed the Deposition Limit of Fed. R. Civ. P. 30(a)(2)(A) and Memorandum of Law in Support (Doc. 135) filed on October 28, 2013.  On November 12, 2013, Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Exceed the Deposition Limit of Fed. R. Civ. P. 30(a)(2)(A) (Doc. 136).  For the reasons explained below, the Court finds that Defendants' motion is due to be **DENIED**.

This is an FLSA case brought by two registered nurses, plaintiffs Schuman and Abraham, who allege that they and others similarly situated worked as interns with the Defendants without compensation, and therefore did not receive minimum wage and were not paid overtime wages. Defendant is requesting that the Court enter an Order allowing Defendants to exceed the deposition limit imposed by Fed. R. Civ. P. 30(a)(2)(A) and take twenty (20) depositions. Defendants argue that they should be granted leave to take twenty depositions because this will

allow them to depose the following: (1) the two Plaintiffs, (2) the fourteen pre-notice Opt-Ins, and (3) the four non-parties placed at issue by Plaintiffs plus any expert designated by Plaintiff. (Doc. 135 p. 7).  Defendants argue that requiring the Opt-Ins to be deposed is essential because these former interns affirmatively chose to join the lawsuit before the class was even conditionally certified, the Court has already required them to participate in discovery, and other forms of discovery have yielded little information regarding these Opt-Ins.

Plaintiffs argue that Defendants' motion should be denied because Defendants did not exhaust the ten allowable depositions prior to filing a motion seeking leave to take additional depositions.  Plaintiffs contend that Defendants have not made a particularized showing of why these depositions are needed and have failed to identify who the ten additional witnesses will be with any certainty.  (Doc. 136 p. 4).  Plaintiffs argue that although this is a collective action, it is not necessarily complex and the deposition of every single opt-in is not required. (Doc. 136 p. 5).

"When a party seeks leave to take more than ten depositions as limited by Fed. R. Civ. P. 30(a)(2)(A), the Court's decision whether to grant such a request is governed by the principles set out in Rule 26(b)(2) . . ." *Mazur v. Lampert,* 2007 WL 676096, at *1 (S.D. Fla. Feb. 28, 2007). Rule 26(b)(2) provides in relevant part, "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the

importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).  Thus, courts have required a party seeking more than ten depositions in a case to justify the necessity of each deposition previously taken without leave of court. *Mazur,* 2007 WL 676069, at *1; *Schiller America, Inc. v. Welch Allyn, Inc.,* 2007 WL 2702247, at *1 (S.D. Fla. Sept. 14, 2007). Additionally, a party seeking more than ten depositions must make a particularized showing of why the additional depositions are necessary. *Bituminous Fire and Marine Ins. Corp. v. Dawson Land Development Co., Inc.,* 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003).

In this case, Defendants have failed to make a sufficiently particularized showing of why the additional depositions are necessary at this time.  Although Defendants provide that the additional depositions are necessary so that they can obtain individualized discovery as to opt-ins, the Defendants have failed to specify the precise opt-ins to be deposed.  Defendants have taken only one deposition and have not sufficiently justified the necessity of the depositions they plan to take within the allotment allowed by the Federal Rules.  For this reason, the Court finds that Defendants' motion is due to be denied.  However, after having deposed several witnesses and obtaining additional discovery, Defendants may re-raise this issue by subsequent motion.

**IT IS HEREBY ORDERED:**

Defendants' Motion to Exceed the Deposition Limit of Fed. R. Civ. P. 30(a)(2)(A) and Memorandum of Law in Support is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 15, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties