**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT**
**FORT MYERS DIVISION**

**BILLY SCHUMANN, an individual, and**
**DUSTIN ABRAHAM, an individual, on**
**behalf of themselves and others similarly**
**situated,**

      **Plaintiffs,**

**v.**                              **Case No: 2:12-CV-00347-JES-SPC**

**COLLIER ANESTHESIA, P.A., a**
**Florida Corporation, WOLFORD**
**COLLEGE, LLC, a Florida limited**
**liability Company, THOMAS L. COOK,**
**an individual, and LYNDA M.**
**WATERHOUSE, an individual,**

      **Defendants.**

_____/

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**
**BY DEFENDANT COLLIER ANESTHESIA, P.A.**

Plaintiffs, by and through the undersigned attorneys, hereby move to compel Defendants

Collier Anesthesia, P.A. ("CAPA" or "Defendant") to respond to discovery and in support allege

as follows:

1.      On December 10, 2012 Plaintiffs served Plaintiff's First Request for Production to

Defendant Collier Anesthesia, P.A. [Exhibit 1];

2.      On January 24, 2013, Defendants served Defendant Collier Anesthesia P.A.'s

Objections to Plaintiff's First Request for Production [Exhibit 2];

3.      After several months of conciliation efforts, on October 2, 2013, Plaintiff filed a

Motion to Compel Discovery [Doc 127];

4.     On October 4, 2013, Defendant served a Supplemental Response to Plaintiff's First Request for Production of Documents and, for the first time, produced a very small amount of documents. [Exhibit 3];

5.     In light of the Supplemental Response, Plaintiffs withdrew their motion and, once again, attempted to further conciliate the issue.

6.     CAPA stands firm on its objections and also insists on limiting discovery to the three years prior to this lawsuit; however, relevant documents exist outside of this time period as it is Plaintiffs' assertion that this is a long-standing scheme to obtain free labor.

7.     These objections should be overruled for the reasons outlined below.

8.     Plaintiffs have repeatedly attempted, over the course of many months, to resolve these issues without resorting to Court intervention.

9.     CAPA continues to delay this matter by refusing to produce documents.

10.     Plaintiffs have been prejudiced by this delay.

## MEMORANDUM OF LAW

Consistent with Rule 26, Fed. R. Civ. P., "the parties are entitled to discovery concerning 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issues that is or may be in the case.'" *Int'l. Brotherhood of Teamsters v. Eastern Conference of Teamsters*, 162 F.R.D. 25, 29 (S.D.N.Y. 1995) (quoting *Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Moreover, the scope of discovery is not limited to the merits of an action but also may include inquiry into facts that may be used to impeach a witness's trial testimony." *Id.*

Therefore, in this action, amongst other matters, Plaintiffs seek discovery regarding the economic benefit Plaintiffs' work conferred on Defendants; the "immediate advantage"

Defendants derived from Plaintiffs' work; Defendants' displacement of regular employees with student labor; Defendants' lack of supervision of the students; deficiency in the students' purported education and training; the nature of the relationship between Plaintiffs and Defendants; and the nature of the relationship between Defendants. *See generally Kaplan v. Code Blue Billing & Coding, Inc.*, Case No. 12-12011 Non-Argument Calendar, Case No. 12-12376 Non-Argument Calendar, Case No. 12-12679 Non-Argument Calendar, U.S. App. LEXIS 1433 (11th Cir. Jan. 22, 2013) (identifying issues in an FLSA case where the students worked without the expectation of compensation, and relying on an economic realities analysis supported by the DOL six factor test to determine employment status).

A.    **CAPA Unilaterally Limited All Document Production to the Three Years Prior to the Filing of the Lawsuit.**

For the following Requests, CAPA states – often despite other objections – that there are no documents (or documents have been produced).  However, CAPA has limited its search to what it is calling the "Relevant Time Period" – the three years prior to the filing of this lawsuit.

| Plaintiffs' Request | Defendants' Objection |
|---|---|
| 1. For each Named Plaintiff and Opt-In Plaintiff, the complete student and/or personnel and/or intern file. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

3

| | |
|---|---|
| 2.     For each Named Plaintiff and Opt-In Plaintiff, the following documents, if not contained in individual's file:<br>a. Application and/or resume;<br>b. Complete salary and wage records, including, but not limited to payroll records, pay stubs, time records, time cards, and W-2 forms;<br>c. Evaluations or reviews;<br>d. The written description of each position held by that individual;<br>e. All forms completed by the individual;<br>f. Documents describing fringe benefits that the individual was eligible to receive from Defendant;<br>g. Documents describing the amount of earned but unpaid vacation pay of the individual accrued;<br>h. Any and all employment agreements or contacts between each individual and each Defendant, or any of them; and<br>i. Any and all documents concerning any internal investigation in which each individual has been:<br>(1)     a subject;<br>(2)     a witness; and/or<br>(3)     a complainant. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 3.     For each Named Plaintiff and Opt-In Plaintiff, each document relating to the decision-making process concerning:<br>a.     admission and/or hiring;<br>b.     each reassignment, whether due to promotion, reorganization, demotion, disciplinary action or otherwise;<br>c.     compensation;<br>d.     classification; and/or<br>e.     termination. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

| | |
|---|---|
| 4. Any and all documents, including, but not limited to, handbooks, manuals, supervisor's manuals, training manuals, policy manuals, and other written policies, procedures, guidelines and materials of any kind that reflect Defendant's personnel policies, including but not limited to, documents reflecting the procedures and criteria for assigning, training, assisting, evaluating, transferring, promoting, increasing salary, disciplining, and discharging employees and/or interns. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 5. The job descriptions, and all documents reflecting the duties, performance standards and evaluations standards for each of the jobs held by each Named and/or Opt-In Plaintiff. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 6. Any documents (including, but not limited to, lists of salary ranges for particular pay grades, Hay-point analyses, automobile-allowance policies and procedures, stock options, positions descriptions, compensation analyses, summary plan descriptions) pertaining to the total compensation, including, but not limited to, bonuses, advances, employee benefits and deferred compensation, available to each Named and/or Opt-In Plaintiff and/or all persons who held the job that Named and/or Opt-In held prior to termination. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

| | |
|---|---|
| 7. As to any investigation performed by or for the Defendant concerning the claims in the Complaint:<br>a. any documents initiating the investigation;<br>b. any documents created during the investigation, including, but not limited to, interview notes;<br>c. any report, whether final or preliminary, on the investigation; and<br>d. if an attorney conducted the investigation, any document (e.g., an engagement letter) specifying the scope of that attorney's engagement. | In addition to the general objections stated above, CAPA objects on the grounds that Plaintiffs' request categorically includes attorney-client privileged information outside the scope of Rule 26 and not "otherwise discoverable." However, without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 8. Any documents, excluding only documents evidencing communications between Defendant and its attorneys, reflecting each communications (e.g., letters, memorandum, telephone calls, face-to-face conversations, facsimile transmissions, etc.) between, among, to or from any agents, servants, and/or employees of Defendant concerning the allegations of the Complaint. | In addition to the general objections stated above, CAPA objects on the grounds that Plaintiffs' request categorically includes attorney-client privileged information outside the scope of Rule 26 and not "otherwise discoverable." However, without waiving said objections, CAPA agrees to produce documents it has in its possession, custody, and control responsive to this request. Said documents are produced simultaneously herewith and bates-stamped as #CAPAOOOOO1-CAPAOOOO10 for inventory purposes. |
| 9. Any and all witness statements, whether written, typed, taped, or otherwise recorded, describing or relating to each Named and/or Opt-In Plaintiff. | In addition to the general objections stated above, CAPA objects on the grounds that Plaintiffs' request categorically includes attorney-client privileged information outside the scope of Rule 26 and not "otherwise discoverable." However, without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

| | |
|---|---|
| 10.    Any and all diaries, notebooks, journals, calendars or other documents relating to each Named and/or Opt-In Plaintiff's employment with Defendant, including but not limited to, documents which may be used by Defendant or any employee of Defendant to recall any events relating to the allegations set forth in the Complaint. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. However, without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 11.    Organization charts, diagrams, drawings, and other documents showing the organization structure of Defendant. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 15.    Documents reflecting all insurance policies and/or coverage Defendant had/has for any liability for employment practices. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 18.    Any files kept or maintained pertaining to the named plaintiffs and all opt-in plaintiffs appearing to date. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 21.    Any and all e-mail communications or other correspondence referencing Defendant Collier Anesthesia's "business model" from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested includes information which is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 22.    Any presentations made internally or externally regarding Collier Anesthesia's business model. | Without waiving the general objections stated above, CAPA agrees to produce documents it has in its possession, custody, and control responsive to this request. Said documents are produced simultaneously herewith and bates-stamped as #CAPA000017-CAPA000059 for inventory purposes. |

| | |
|---|---|
| 23. All complaints of alleged verbal or physical abuse or violence received from SRNAs enrolled at Wolford. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 27. Any and all non-privileged e-mails or correspondence sent or received from any third parties regarding the subject lawsuit from, to, copying or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is vague and ambiguous, in that CAPA cannot discern the meaning of the words "regarding the subject lawsuit." Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 28. Any and all e-mails or communications regarding complaints about the working conditions or working hours of SRNAs assigned to Collier Anesthesia | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 32. Any and all documents evidencing payments made by Wolford or Collier Anesthesia for SRNA lodging. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 35. Any and all documents or correspondence in any way discussing the financial or economic advantage Collier Anesthesia derives from using SRNAs. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 36. Any and all documents or correspondence received from third parties complaining about the financial or economic advantage Collier Anesthesia derives from using SRNAs. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

| | |
|---|---|
| 37.     Any and all e-mail correspondence referencing cost savings obtained by Collier Anesthesia from using SRNAs enrolled at Wolford from, to, copying, or blind copying the Officers of Collier Anesthesia. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 38.     Any and all documents or e-mail or other correspondence or memoranda or reports showing average profit per SRNA derived by Collier Anesthesia. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 40.     Any and all reports or memoranda referencing the economic advantage or financial advantage to Collier Anesthesia derived from SRNAs. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 42.     Any and all e-mail communications or other correspondence from CRNAs of Collier Anesthesia referencing being displaced in the workplace by SRNAs. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 43.     Any and all e-mail communications or other correspondence from SRNAs referencing the displacement of CRNAs employed by Collier Anesthesia. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 48.     Any and all e-mail communications, other correspondence, memos or complaints from SRNAs regarding SRNA supervision by Collier Anesthesia. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 53.     All other e-mail communications or other correspondence regarding the profitability of using SRNAs. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

| 54. All other e-mail communications or other correspondence regarding the role of the SRNA for Collier Anesthesia. | Without waiving the general objections stated above, CAPA agrees to produce documents it has in its possession, custody, and control responsive to this request. Said documents are produced simultaneously herewith and bates-stamped as #CAPA000080-CAPA000083 for inventory purposes. |
| --- | --- |
| 55. All e-mail communications, reports, memoranda, or communications discussing or describing the duties of an SRNA at Collier Anesthesia. | Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

CAPA objects to the requests because they seek documents dating back more than three years. Documents outside of the limitations period may still be reasonably calculated to the discovery of admissible evidence. This blanket objection to any document older than three years deprives Plaintiffs of documents that may have discussed the nature of the relationship, the economic benefit to the students, and the intention of the parties.

CAPA's unilateral decision to only produce documents within its self-designated "Relevant Time Period" is inappropriate and prejudicial to the Plaintiffs. Although the statutory time period for damages is three years, documents created prior to that time period are still relevant as they may tend to prove (or disprove) the claims in this action.

Thus, Plaintiffs request a Court order requiring CAPA to produce any relevant documents, whether or not they fall within this "Relevant Time Period" CAPA has invented.

**B.     CAPA Refuses to Produce Any Financial Documents.**

| 12. The year-end balance sheets of Defendants for the previous three years. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. |
| --- | --- |
| 13. The annual financial | In addition to the general objections stated above, |

| | |
|---|---|
| statements for the previous three years showing Defendant's assets, gross income, net income, liabilities and net worth. | CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. |
| 14. Copies of all financial statements submitted to any government agency and/or commercial entity on behalf of Defendant for the previous three years. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. |

During a conciliation conference, counsel for CAPA state that he has not even seen the financial statements but he will not be producing them because they are irrelevant. The requested documents may show the financial benefit (or harm) of using unpaid SRNAs, which is a key element in this matter making the documents clearly relevant. Colliers refusal to produce any financial documents, while blindly objecting to the relevance of them, has prejudiced Plaintiffs.

## C.   Documentation of SRNA Abuse Is Relevant.

| | |
|---|---|
| 24. All e-mail or other correspondence referencing alleged verbal or physical abuse or violence against SRNAs enrolled at Wolford. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. |
| 25. All e-mail or other correspondence referencing alleged verbal or physical abuse or violence against SRNAs enrolled at Wolford from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. |
| 26. All formal or informal memoranda, incident reports, investigative materials or police reports referencing alleged verbal or physical abuse or violence against SRNAs at Wolford College. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. |

The fact that CAPA did not also state that it has no documents in its possession (as it did in many other cases where it objected based on relevance) supports Plaintiffs' beliefs that these documents do exist.  If they exist, they need to be produced because they will help prove or disprove that CAPA had control over their working conditions and that they were treated as employees rather than students.  Moreover, where training is deficient, educational benefits are slight and the facility (not the students) derives the primary benefit from the students' labor.  (Doc. #28, p. 5; Doc. # 69, p. 1 and note 3; Doc. #85, p. 19-20); see *Marshall v. Baptist Hosp., Inc.*, 473 F. Supp. 465 (M.D. Tenn. 1979) *rev'd,* 668 F.2d 234 (6th Cir. 1981)(holding that where training received by trainees was deficient, they were, in reality, employees entitled to minimum wage)(reversed, in part, on other grounds).[1]

Plaintiffs have already set forth substantial evidence of routine abuse suffered by Plaintiffs (and similarly situated individuals).  (Doc. 28-10 ¶18-21; Doc. 28-11 ¶18-20; Doc. 28-13 ¶18-20; Doc. 28-14 §18-20; Doc. 28-14 ¶18-20; Doc. 29-1 ¶18-20; Doc. 69-1 ¶10).  Thus, given the existence of evidence on the subject, this is a far cry from a fishing expedition.  Additional discovery on the issue of verbal and physical abuse is directly relevant to the analysis of which party (Plaintiff or Defendants) derived the primary benefit of Plaintiffs' work.

---

[1] In fact, the Sixth Circuit's reversal, *Marshall v. Baptist Hosp., Inc.*, 668 F.2d 234 (6th Cir. 1981), approved this analysis by the district court and, in *Solis v. Laurelbrook Sanitarium & Sch., Inc.*, 642 F.3d 518, 528 (6th Cir. 2011), which Defendants rely on as an affirmative defense, the Sixth Circuit cited *Baptist Hospital* for the proposition that the "because the training was deficient, the educational benefits were slight."

**D.**      **CAPA's Refusal to Turn Over Third Party Information Misses the Point**

| Plaintiffs' Request | Defendants' Objection |
|---|---|
| 33. Any and all e-mail communications or other correspondence referencing the payment of wages or bonuses to Collier Anesthesia CRNAs from Wolford accounts from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 34. All documents evidencing the payment of wages or bonuses by Wolford to Collier Anesthesia's CRNAs. | In addition to the general objections stated above, CAPA objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA prope1iy, nor integrated into a CAPA-based network. Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 44. Any and all promises of employment upon graduation made by Collier Anesthesia to students enrolled at Wolford. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence, in addition to being unduly burdensome and harassing. CAPA further objects on the grounds that the request seeks to invade the privacy of third-parties. Without waiver of these objections, attached is a generic form letter reflective of invitations for employment which it has provided in the past to graduates of Wolford College.     Said letter is produced simultaneously herewith and bates-stamped as #CAPA000060 for inventory purposes. |
| 45. Any and all e-mail communications or other correspondence referencing | In addition to the general objections stated above, CAPA objects on the grounds that the information requested is neither relevant, nor reasonably calculated |

| | |
|---|---|
| employment of Wolford students at Collier Anesthesia upon graduation from, to, copying, or blind copying the Officers of Collier Anesthesia. | to lead to the discovery of admissible evidence, in addition to being unduly burdensome and harassing. CAPA further objects on the grounds that the request seeks to invade the privacy of third-parties, and objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. However, without waiving said objections, CAPA agrees to produce documents it has in its possession, custody, and control responsive to this request. Said documents are produced simultaneously herewith and bates-stamped as #CAPA000061 for inventory purposes. |
| 46.     Any and all e-mail communications or other correspondence referencing replacing CRNAs with SRNAs from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 47.     Any and all e-mail communications or other correspondence referencing replacing Anesthesia Techs with SRNAs from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 50.     All e-mail communications or other correspondence regarding the profitability of using SRNAs in conjunction with the "QZ" billing modifier from, to, copying or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the words "QZ billing modifier" are vague and misleading, and includes information which is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. CAPA further objects on the grounds that the request is unduly burdensome and harassing because CAPA has no means to reasonably comply with the request to identify documents referencing its "QZ billing modifier." CAPA has no |

| | |
|---|---|
| | reasonable means at its disposal to search its records and know with any reasonable certainty that it has captured the requested information. CAPA further objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 51.   All internal reports, memoranda, or discussions regarding the profitability of using SRNAs in conjunction with the "QZ" billing modifier from, to, copying or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 56.   Any and all e-mail communications or other correspondence referencing the scheduling or use of any of the named plaintiffs or opt-in plaintiffs by Collier Anesthesia from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA prope1iy, nor integrated into a CAPA-based network. Without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 57.   Any and all e-mail communications or other correspondence or memos referencing arrival times or departure times of SRNAs required by Collier Anesthesia from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

CAPA objects to the above requests on the grounds "the individuals mentioned are not 'officers of Collier Anesthesia,' but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network."

Although CAPA also states that there are no documents or that documents have been produced, it is unclear that CAPA has done a thorough search based on its objection.

These requests all seek emails or internal documents, which CAPA should have access to, regardless of who the correspondence was with originally. Moreover, the ownership of the device which is used to read these documents is irrelevant to the ability to access the information (such as outlook email that can be accessed on a work or personal device). The way these objections read seem to imply that CAPA has no control over any electronic information, which cannot be the case. In response to these requests, CAPA should be required to produce those documents which it does control.

**E.**   **CAPA Objects to Phrases with Plain Meanings and Admits It Cannot Be Certain It Has Located All Documents**

| Plaintiffs' Request | Defendants' Objection |
|---|---|
| 17.   Any and all e-mail messages and all other documents maintained in electronic form (e.g. payroll records, word processing documents, calendaring programs, etc) on any computer system operated by Defendant, in which a Named and/or Opt-In Plaintiff is mentioned by name. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested includes information which is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. CAPA further objects on the grounds that the request is unduly burdensome and harassing because CAPA has no means to reasonably comply with the request to identify documents where one of the Plaintiffs is "mentioned by name." CAPA has no reasonable means at its disposal to search its records and to know with any reasonable certainty that it has captured the requested information. Without waiving said objections, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

| | |
|---|---|
| 19.     Any and all e-mail communications or other correspondence referencing any named plaintiff or opt-in plaintiff from, to, copying, or blind copying Lee Anderson, Joseph Arigo, Jr., Millard Brooks, William Caldwell, Thomas Cook, Karl Horsten, Daniel Janya, Mark Lignell, John Nolan, Michael Nolan, Michael Staab, Robert Statfeld, or Lynda Waterhouse (collectively hereinafter "the Officers of Collier Anesthesia"). | In addition to the general objections stated above, CAPA objects on the grounds that the information requested includes information which is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. CAPA further objects on the grounds that the request is unduly burdensome and harassing because CAPA has no means to reasonably comply with the request to identify documents "referencing" one or more of the Plaintiffs. CAPA has no reasonable means at its disposal to search its records and know with any reasonable certainty that it has captured the requested information. CAPA further objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. However, without waiving said objections, CAPA agrees to produce documents it has in its possession, custody, and control responsive to this request.     Said     documents     are     produced simultaneously     herewith     and     bates-stamped     as #CAPAOOOO   11-CAPAOOOO   12   for   inventory purposes. |
| 20.     Any and all e-mail communications or other correspondence referencing SRNAs performing "work" for Collier Anesthesia or "working" for Collier Anesthesia while enrolled at Wolford from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested includes information which is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. CAPA further objects on the grounds that the request is unduly burdensome and harassing because CAPA has no means to reasonably comply with the request to identify documents "referencing" one or more of the Plaintiffs. CAPA has no reasonable means at its disposal to search its records and know with any reasonable certainty that it has captured the requested information. CAPA further objects on the grounds that the individuals mentioned are not "officers of Collier    Anesthesia," but in most respects are third-parties to these proceedings whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. However, without waiving said objections, CAPA agrees to produce documents it has in its possession, custody, and control responsive to this request. Said documents are produced simultaneously |

| | herewith and bates-stamped as #CAPAOOOO 13-CAPAOOOO 16 for inventory purposes. |
|---|---|
| 29.     Any and all e-mail communications or other correspondence referencing the use of Wolford students as anesthesia techs at Naples Day Surgery from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested includes information which is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. CAPA further objects on the grounds that the request is unduly burdensome and harassing because CAPA has no means to reasonably comply with the request to identify documents referencing "the use of Wolford students as anesthesia techs." CAPA has no reasonable means at its disposal to search its records and know with any reasonable certainty that it has captured the requested information. CAPA further objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 30.     Any and all e-mail communications or other correspondence referencing the economic benefit or financial benefit to Collier Anesthesia derived from SRNAs from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested includes information which is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. CAPA further objects on the grounds that the request is unduly burdensome and harassing because CAPA has no means to reasonably comply with the request to identify documents referencing "payment for lodging for SRNAs." CAPA has no reasonable means at its disposal to search its records and know with any reasonable certainty that it has captured the requested information. CAPA further objects on the grounds that the term "payment for lodging for SRNAs," is vague and ambiguous. CAPA further objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waiving the general objections stated above, CAPA has no |

| | documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
|---|---|
| 31.    Any and all e-mail communications or other correspondence referencing the payment for lodging for SRNAs assigned to Collier Anesthesia from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested includes information which is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. CAPA further objects on the grounds that the request is unduly burdensome and harassing because CAPA has no means to reasonably comply with the request to identify documents referencing "payment for lodging for SRNAs." CAPA has no reasonable means at its disposal to search its records and know with any reasonable ce1iainty that it has captured the requested information. CAPA further objects on the grounds that the term "payment for lodging for SRNAs," is vague and ambiguous. CAPA further objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
| 39.    Any and all e-mail communications or other correspondence referencing the economic advantage or financial advantage to Collier Anesthesia derived from SRNAs from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the information requested includes information which is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. CAPA further objects on the grounds that the request is unduly burdensome and harassing because CAPA has no means to reasonably comply with the request to identify documents referencing the "economic advantage or financial advantage." CAPA has no reasonable means at its disposal to search its records and know with any reasonable certainty that it has captured the requested information. CAPA further objects on the grounds that the terms "economic advantage or financial advantage" are vague and ambiguous. CAPA further objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic |

| | communication devices belong to each individual and are not CAPA property, nor integrated into a CAPA-based network. Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |
|---|---|
| 41.     Any and all e-mail communications or other correspondence referencing the displacement of CRNAs, anesthesia techs or other anesthesia staff of Collier Anesthesia by SRNAs from, to, copying, or blind copying the Officers of Collier Anesthesia. | In addition to the general objections stated above, CAPA objects on the grounds that the request is unduly burdensome and harassing because CAPA has no means to reasonably comply with the request to identify documents referencing the "displacement." CAPA has no reasonable means at its disposal to search its records and know with any reasonable certainty that it has captured the requested information. CAPA further objects on the grounds that the term "displacement" is vague and ambiguous. CAPA further objects on the grounds that the individuals mentioned are not "officers of Collier Anesthesia," but in most respects are third-parties to these proceedings and whose electronic communication devices belong to each individual and are not CAPA properly, nor integrated into a CAPA-based network. Without waiving the general objections stated above, CAPA has no documents in its possession, custody, and control responsive to this request within the Relevant Time Period. |

These requests, along with some of the previously-discussed deficiencies, state that CAPA "has no means to reasonably comply with the request to identify documents," yet states that there are no documents or that they have all been produced.  Plaintiffs seek clarification on CAPA's response as it contradicts itself.  Plaintiffs are entitled to all documents CAPA has in its possession with respect to these requests.

CAPA also claims that the phrases "payment for lodging for SRNAs," "economic advantage or financial advantage," and "displacement" are vague and ambiguous when they have plain meanings and have been used within this litigation from its inception.

Likewise, CAPA objects to the following request:

| Plaintiffs' Request | Defendants' Objection |
|---|---|
| 52.  All  other  e-mail communications  or  other correspondence regarding the use of SRNAs  in  conjunction  with  the "QZ" billing modifier. | In  addition  to  the  general  objections  stated  above, CAPA objects on the grounds that the request is vague and ambiguous, as CAPA cannot discern what is meant by "regarding the use of SRNAs in conjunction with the 'QZ' billing modifier." However, without waiving said objections, CAPA agrees to produce documents it has in its possession, custody, and control responsive to this request.  Said  documents  are  produced  simultaneously herewith  and  bates-  stamped  as  #CAPA000062-CAP A000079 for inventory purposes. |

It claims it cannot discern what is meant by the phrase "regarding the use of SRNAs in conjunction with the 'QZ' billing modifier," yet it was able to respond to other requests using these terms and was able to produce some documents in response to this request.  Plaintiffs are unable to determine if CAPA has produced all documents.

**F.**     **CAPA Admits to Possessing Documents Yet Refuses to Produce Them.**

| Plaintiffs' Request | Defendants' Objection |
|---|---|
| 49.     All work schedules showing the  named  plaintiffs  or  opt-in plaintiffs. | In  addition  to  the  general  objections  stated  above, CAPA objects on the grounds that the words "work schedule"  are  vague  and  misleading,  and  includes information  which  is  neither  relevant,  nor  reasonably calculated  to  the  discovery   of   admissible evidence. CAPA further objects on  the  grounds that the request  is  unduly  burdensome  and   harassing because CAPA  has  no  means  to   reasonably  comply  with  the request  to  identify  documents  referencing  its  "work schedule."  CAPA  has  no  reasonable  means  at  its disposal  to  search  its  records  and  know  with  any reasonable  certainty  that  it  has  captured  the  requested information. Without waiving said objections, CAPA has no  documents  in  its  possession,  custody,  and  control responsive  to  this  request  within  the  Relevant  Time Period.  CAPA  does  have  several  thousand  pages  of clinical  schedules  (which  are  not  "work  schedules")  that reflect  Plaintiffs'  and  opt-ins'  clinical  assignments  while they  were  students  at  Wolford  College  attempting   to fulfill  their  clinical  experience  requirements  of  a  CRNA. However,  this  scheduling  information  is  redundant  to |

|  | information already in the custody and possession of Plaintiffs, and the opt-ins, as well as in the possession of their school, Wolford College. The schedule information in CAPA's custody and control contains within it clinical educational information of hundreds of Wolford College students other than the small number of Plaintiffs and opt-ins.  The information on these students is protected, privileged, and confidential pursuant to federal law (FERPA, 28 U.S.C. § 1232). It would be unreasonable and unduly burdensome, requiring many thousands of dollars of man hours, to redact the information responsive to this request where it is readily available from other sources. |
|---|---|

The work schedules of the Plaintiffs and Opt-Ins are clearly relevant to this case as they will show the date, time, and duration of work performed.  Plaintiffs believe they will also show that CAPA was dependant on the SRNAs, which is essential to show that the SRNAs were, in fact, employees.  Counsel for CAPA has stated that it will not produce the records of other students and will not redact that information, leaving Plaintiffs without these crucial documents.[2] Plaintiffs disagree that these are "student records" and believe they are merely business records. Plaintiffs seek a Court order requiring CAPA to produce these documents.  If CAPA wishes to redact other student information, it may, but Plaintiffs should not be responsible for those costs as the FERPA objection is misplaced.[3]

---

[2] Wolford recently produced some incomplete schedules.  However, CAPA has not produced anything and Plaintiffs believe CAPA's final schedules may contain more information than those produced by Wolford, such as the displacement of the non-SRNA staff.

[3] As Plaintiffs have previously stated to the Court, the Middle District of Florida has found that FERPA does not create a privilege which protects against disclosure of student information:

> FERPA does not create a privilege which protects against the disclosure of student information, rather, it provides for the imposition of sanctions against an offending institution.  The institution is not subject to sanctions if disclosure is made pursuant to a court order.

Thus, asserting FERPA as a privilege and objecting to production of documents on this basis is

## CONCLUSION

CAPA has produced a mere 87 pages of documents in response to Plaintiffs' requests for production.  As evidenced by CAPA's numerous objections, Collier continues to delay the case and obstruct Plaintiffs' prosecution of their claims.  Accordingly, Plaintiffs request this Court order Collier to provide the documents which are responsive to these requests.  In light of the extensive nature of these objections and significant time spent resolving them, Plaintiffs also request their attorneys fees incurred as a result of these deficient responses, including the fees incurred related to this motion.

## STATEMENT OF CONCILIATION

Plaintiffs have repeatedly attempted, over the course of many months, to resolve these issues without resorting to Court intervention.  Plaintiff's conciliation efforts have not resulted in any further production.

Respectfully submitted,

/s/ Ryan D. Barack
**Ryan D. Barack**
Florida Bar No. 0148430
Primary: rbarack@ksblaw.com
Secondary: jackie@ksblaw.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
Primary: mnadeau@ksblaw.com
Secondary: jackie@ksblaw.com
**Kwall, Showers & Barack, P.A.**
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

misplaced and improper.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via the Court's

CM/ECF System on November 21, 2013 to all counsel of record.

/s/ Ryan D. Barack
**Attorney**

24