THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN ABRAHAM,
ON BEHALF OF THEMSELVES AND
OTHERS SIMILARLY SITUATED,

       Plaintiffs,

v.

COLLIER ANESTHESIA, P.A., a Florida
corporation, WOLFORD COLLEGE, LLC, a
Florida limited liability company, THOMAS
L. COOK, an individual and LYNDA M.
WATERHOUSE, an individual,

       Defendants.
_____/

CASE NO.: 2:12-cv-347-FtM-29UAM
COLLECTIVE ACTION

## DEFENDANT COLLIER ANESTHESIA, P.A.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Defendant Collier Anesthesia, P.A. ("CAPA"), files this Memorandum of Law in Opposition to Plaintiffs' Motion to Compel filed November 21, 2013 [Doc. #138], as follows:

### PROCEDURAL HISTORY

Plaintiffs' recitation of the procedural history in the case is less than candid with respect to the obligations of counsel pursuant to Local Rule 3.01(g). This Rule requires counsel to confer in a good faith effort to resolve issues prior to the moving party filing a motion. The purpose of the Rule is to require the parties to try to resolve disputes without court intervention. *Libby v. Metro Casualty Insurance Company*, 2010 U.S. Dist. LEXIS 111982 (M.D. Fla. October 13, 2010).

There have never been "months of conciliation efforts" in this case, as stated in Plaintiffs' motion. To the contrary, there was one discussion between CAPA's attorney and one of Plaintiffs' attorneys on Friday, May 24, 2013. That discussion led to the email of May 25, 2013, attached hereto as **Exhibit 1**, from CAPA's undersigned counsel to Plaintiffs' counsel who participated in the telephone conference.

Four days later, undersigned counsel for CAPA advised Plaintiffs' counsel of issues related to student privacy affecting the ability of CAPA to produce schedules which contain the names of non-party students participating in Wolford College's clinical program (as administered through CAPA's clinical practice). See email dated May 29, 2013, attached hereto as **Exhibit 2**.

No further discussions or communications between counsel on the subject of document production occurred until October 1, 2013, when undersigned counsel for CAPA sent an email (attached hereto as **Exhibit 3)**, to counsel for the Plaintiffs, again discussing document production, and specifically the difficulties producing documents related to scheduling due to the presence of the names of other students who are not participants in this FLSA lawsuit brought by the 25 student nurse anesthetists who have determined to participate in this action.

That same day, for the first time since May, counsel for Plaintiffs expressed concern about the status of CAPA's response to the initial request for production first served in January, and thereafter discussed in conferral in May (see email attached hereto as **Exhibit 4**, dated October 1, 2013, from Plaintiffs' counsel Ryan Barack). That same day, October 1, 2013, undersigned counsel for CAPA responded to Mr. Barack's email (see email dated October 1, 2013, attached hereto as **Exhibit 5**) indicating therein that supplemental responses from CAPA would be forthcoming.

Plaintiffs' first motion to compel discovery [Doc. #127] was filed without proper conferral, as counsel had not had any discussions since May. The attached documentation from that one May discussion clearly indicates a good faith effort on the part of CAPA to resolve discovery issues. Thus, the statement in paragraph 3 of Plaintiffs' instant motion [Doc. #138] concerning "several months of conciliation efforts," is incorrect, at best.

The instant motion was filed after an appropriate conferral. Four areas of dispute were clearly discussed in a telephone conference among all counsel for the Plaintiffs and undersigned counsel for CAPA. In that conferral, the following issues were squarely identified as matters which would require court intervention:

1.    CAPA's imposition of a three year limitation upon Plaintiffs' unlimited discovery requests;

2.    CAPA's unwillingness to provide copies of balance sheets, financial statements, statements of assets and liability, statements of gross and net income and net worth without provision of authority supporting Plaintiffs' request;

3.    CAPA's refusal to provide any information regarding SRNA allegations of "abuse."

4.    CAPA's inability to produce scheduling information without time consuming and expensive redacting, which would have to be paid for by Plaintiffs as a result of the legislative privacy rights in non-plaintiff students created under FERPA.

CAPA will address each of these issues, as well as some additional issues which have been raised by Plaintiffs' motion but which were not properly addressed in the conferral process.

I.    PLAINTIFFS' DISCOVERY REQUESTS ARE OVERBROAD BECAUSE
      THEY ARE COMPLETELY UNLIMITED IN TIME.

The FLSA has a maximum statute of limitations limiting claims past three years old or older. 29 U.S.C. §255(a). This court, as well as many other courts faced with the issue, have held that discovery requests seeking information beyond three years or older are overbroad and subject to a three year limitation. *Popov v. George & Sons Towing, Inc.*, 2012 WL 6043655 (M.D. Fla.); *Shipes v. Amurcon Corp.*, 2012 WL 1166441 (E.D. Mich.); *Sedtal v. Genuine Parts Company*, 2009 WL 2216593 (E.D. Tex.); and *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666 (D. Kan., 2003).

These authorities establish that Plaintiffs' document requests, being completely unlimited in time, are overbroad, unreasonably burdensome, and subject to the limitation which CAPA correctly applied. All documents otherwise responsive to Plaintiffs' Request for Production, in CAPA's custody and control dating back three years or less from the date of Plaintiffs' Complaint, have been produced prior to the filing of the instant motion.

Plaintiffs' argument for unlimited temporal scope is, of course, supported by no case law, leaving the sole argument that documents more than three years old "may have discussed the nature of the relationship, the economic benefit to the students, and the intentions of the parties." [Doc. #138, pg. 10]. This argument itself evidences the vacuous nature of Plaintiffs' claims. The record from three years prior to the filing of this suit should be more than ample to demonstrate the "nature of the relationship" (student to teacher), the "economic benefit to the students" (graduation from a licensed and accredited college with a Master of Science degree, making the students eligible for certification to lawfully work as CRNA'S) and the "intention of the parties" (amply demonstrated by these particular plaintiffs' applications to attend Wolford College, and their related admissions in their applications for federal student loans, which both attest that they were not employed).

4

II.     THE FINANCIAL DOCUMENTS WHICH PLAINTIFFS HAVE REQUESTED
        ARE NEITHER RELEVANT NOR REASONABLY CALCULATED TO LEAD
        TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.

While the threshold for determining whether discovery is relevant is relatively low, the

proponent of a motion to compel discovery still bears the initial burden of proving that the

information sought is relevant. *NetJets Aviation, Inc. v. Peter Sleiman Development Group,*

*LLC*, 2012 WL 2358300 (M.D. Fla.). There, as here, the plaintiffs failed to show how financial

statements are relevant, or would lead to the discovery of admissible evidence in this case.

Black's Law Dictionary, 8th Edition, defines "financial statement" as "a balance sheet,

income statement or annual report that summarizes an individual's or organization's financial

condition on a specified date." Counsel for CAPA advised counsel for Plaintiffs during

telephone conferral that nothing in CAPA's financial statements showing CAPA's financial

condition on a given date would be relevant to "show the financial benefit (or harm) of using

unpaid SRNA's" as argued by Plaintiffs on page 11 of Doc. #138. Simply stated, Plaintiffs have

wholly failed to meet their burden of showing the relevancy of their request for CAPA to

produce documents showing its "assets, gross income, net income, liabilities, and net worth," or

"copies of all financial statements submitted to any government agency or commercial entity," or

its "year-end balance sheets." Not surprisingly, Plaintiffs fail to cite to any authority to support

their invasive request into CAPA's personal financial information.

III.    DOCUMENTATION OF SRNA "ABUSE" IS NEITHER RELEVANT NOR
        REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF
        ADMISSIBLE EVIDENCE, AND IF IT EXISTED BASED UPON THE
        COMPLAINTS OF STUDENTS WHO ARE NOT PLAINTIFFS IN THIS
        CASE, WOULD BE PROTECTED UNDER FERPA.

As another reflection of the vacuous nature of Plaintiffs' claims in this case, Plaintiffs ask

for emails or correspondence referencing "alleged verbal or physical abuse or violence," as well

as "memoranda, incident reports, investigative materials or police reports referencing alleged verbal or physical abuse or violence against SNRA's at Wolford College." Plaintiffs contend that they have already set forth substantial evidence of "routine abuse" suffered by Plaintiffs. [1] However, the Declarations they cite on page 12 of their motion do not contain any indication that any acts which they allege they experienced created any deficiency in the mandatory education required by law for them to receive prior to their holding themselves out as, and being paid to perform as, Certified Registered Nurse Anesthetists. Plaintiffs Declarations [Doc. #28 and Doc. #29] do not suggest that any one of them notified CAPA of any complaints about any type of "abuse."

Plaintiffs' Declarations demonstrate that in their clinical experiences, the Plaintiffs were exposed to performing clinical services upon patients which were essential to their becoming eligible for licensing as CRNA'S. Attached hereto as **Exhibit 6,** are portions of Linda Hussey's deposition conducted November 8, 2013, (Page 89, line 19 through Page 95, line 9). Dr. Hussey supplied an Affidavit supporting the Plaintiffs in this cause (Doc. #69-1). Despite her alignment with these student plaintiffs, she admits that every service these students' Declarations confirm they performed in their clinical experiences was essential to their training to become licensed CRNA's!

Thus, Plaintiffs' Declarations establish that their clinical experiences contained the essential elements necessary for them to meet COA standards, graduate, pass the Board exam and ultimately secure a job and be paid to perform the services of licensed CRNA'S. They totally fail to show how any alleged "abuse" is relevant to any issue in this FLSA case.

---

[1] The Declarations refer to verbal abuse in identical, non-specific terms claiming that several others were subjected to it.

Plaintiffs' sole authority for their contention of relevance is the case of *Marshall v. Baptist Hospital, Inc.*, 473 F.Supp. 465 (M.D. TN, 1979), rev'd, 668 F.2d 234 (6th Cir. 1981). Nothing in that case supports Plaintiffs' argument here.   In that case, the Secretary of Labor contended, and the trial court found, that the training which x-ray technicians at Baptist Hospital received was deficient because it (1) was not closely supervised, (2) did not require the trainees to keep appropriate records, (3) the trainees were not rotated properly, (4) the trainees were not given adequate orientation, and (5) a substantial portion of the trainees' time was spent in routine activity that would "be at best only of peripheral value to an education in x-ray technology." *Id.*, at 474.

Nothing in that case supports Plaintiffs' suggestion that some vague allegations of "abuse" rendered their (or any of the other several hundreds of students not participating with Plaintiffs), educational experience deficient.

None of these Plaintiffs claim to have made CAPA aware of any "abuse," and CAPA can represent to this court that it did not receive any reports of "abuse," and does not have any documents related or regarding "abuse," from any of these Plaintiffs. Testimony has been elicited in the deposition of Dr. Thomas Cook that there was one instance of CAPA being made aware of a singular complaint of physical contact by a student who is not a plaintiff in this case. Further information about that singular complaint is subject to protection of privacy in favor of the complaining student under the provisions of the Family Educational Rights and Privacy Act ("FERPA"), 20 USC §1232(g).

IV.    INFORMATION GAINED BY CAPA FROM WOLFORD COLLEGE
       STUDENTS IN THE COURSE OF THEIR CLINICAL EXPERIENCES
       UNDER CAPA'S SUPERVISION IS PROTECTED FROM DISCOVERY
       UNDER FERPA.

Plaintiffs have known all along that CAPA has thousands of pages of scheduling information concerning student clinical education experiences under CAPA's supervision as part of their Wolford College education.  From the onset of discovery, CAPA has advised that the federal law, FERPA, would require redaction of information concerning or regarding the vast number of students who have elected not to participate with Plaintiffs in this case.  The Affidavit of Kimberly Swanson (attached hereto as **Exhibit 7**), demonstrates a good faith estimate of the substantial cost and burden required in order to comply with Plaintiffs' request and with the requirements of FERPA.

It is the Plaintiffs' duty to demonstrate a genuine need for the information they have requested that outweighs the privacy interests of the students protected by the federal privacy law, FERPA.  *Bigge v. District School Board of Citrus County, Florida*, 2011 WL 6002927 (M.D. Fla.).

CAPA has contended in conferral, and in its written emails, that it is not contesting the accuracy of information already in Plaintiffs' possession as part of their student experience with respect to their own individual records of their participation in clinical experiences. The Plaintiffs, in their original Rule 26 production, have possession of vast amounts of schedule information pertaining to their own clinical experiences which is not being contested by CAPA.

As part of their education, Plaintiffs were required to, and did, routinely input into Wolford College's computer system, their own record of their clinical experiences. Wolford College produced approximately 13,000 pages of these records containing every clinical case experience and all recorded anesthesia and clinical time of Plaintiffs.  Thus, the discovery sought as to schedules is (1) unreasonably cumulative given the voluminous production made, (2) the substantial burden and expense outweigh any alleged benefit, and (3) the discovery should be

denied consistent with Fed.R.Civ.P. 26(b)(2)(C). Alternatively, CAPA remains prepared to provide all schedule information it has, should this court deem that necessary, but CAPA should not be forced to bear the inordinate costs of protecting the privacy interests of other students who have elected not to participate with the Plaintiffs in this case.  That cost should be borne by the Plaintiffs.

IV.    CAPA HAS PRODUCED ALL OTHER RELEVANT DOCUMETS.

CAPA has performed thorough searches of its records and has produced all relevant documents that have not otherwise been objected to.  In subsections (D) and (E) of its motion, Plaintiffs complain about the wording of CAPA responses. Their complaints are, however, unfounded.  CAPA has performed a thorough search of all documents under its custody and control with respect to every one of the requests indentified in sections D and E of the motion, and all responsive documents have been produced.

<div style="margin-left:40%">

Respectfully submitted,

GRANT FRIDKIN PEARSON, P.A.

BY:  __/s/  JEFFREY D. FRIDKIN_____
      Jeffrey D. Fridkin
      Florida Bar No. 0490245
      jfridkin@gfpac.com
      5551 Ridgewood Drive, Suite 501
      Naples, Florida 34108
      (239) 514-1000
      (239) 514-0377 (fax)

Attorneys for Defendant Collier Anesthesia, P.A.

</div>

## CERTIFICATE OF SERVICE

I HEREBY certify that on December 5th, 2013, I electronically served the foregoing to

the following:

Bradley P. Rothman, Esq.
WEDON & ROTHMAN, PL
7935 Airport Pulling Road N., Ste. 205
Naples, FL 34109
Telephone: (239) 262-21541
Facsimile: (239) 262-2342
brothman@weldonrothman.com
*Attorneys for Plaintiffs*

Tammie L. Rattray, Esq.
Bradley R. Hall, Esq.
FORD & HARRISON, LLP
101 E. Kennedy Blvd., Ste. 900
Tampa, FL 33602
Telephone: (813) 261-7828
Facsimile: (813) 261-7899
trattray@fordharrison.com
brhall@fordharrison.com
*Attorneys for Defendants, Wolford, Cook and Waterhouse*

Ryan D. Barack, Esq.
KWALL, SHOWERS & BARACK, P.A.
133 N. Fort Harrison Avenue
Clearwater, FL  33755
Telephone:  (727) 441-4947
Facsimile:  (727) 447-3158
rbarack@ksblaw.com
Jackie@ksblaw.com
*Co-Counsel for Plaintiffs*

By:    /s/  JEFFREY D. FRIDKIN