UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, an individual, and DUSTIN ABRAHAM, an individual, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,

Plaintiffs,

v. Case No. 2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A., a Florida corporation, WOLFORD COLLEGE, LLC, a Florida limited liability company, THOMAS L. COOK, an individual, and LYNDA M. WATERHOUSE, an individual,

Defendants.
_______________________________________/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY**

Defendants Thomas Cook and Lynda Waterhouse (the "Individual Defendants") respond in opposition to Plaintiffs' Motion for Leave to File Reply (Doc. 155) and state:

1. Plaintiffs filed a 24 page motion to compel discovery from the Individual Defendants ("Motion"). (Doc. 145.) As shown on page 3 of the Motion and in the Individual Defendants' Response (Doc. 154), in issue is that (a) Plaintiffs improperly served identical requests to produce on the Individual Defendants/managers as were served on the Corporate Defendants for which they were managers, (b) to which the Individual Defendants properly objected over one year ago, (c) following which the Corporate Defendants produced over 17,000 documents including those from searches by the Individual Defendants, (d) with no issue remaining as to the Corporate Defendants' production, but (e) with an untimely motion to compel now filed against the Individual Defendants one year later.

2. Plaintiffs' conferral on the reply motion asserted that the reason for a reply was that their Motion was asserted to be frivolous (reason "f") and there were undisclosed new issues. An assertion that a motion is frivolous is not a new matter of law warranting a reply – litigants are not rewarded with a reply for making frivolous filings.[1]

3. The purpose of a reply is to rebut new law or facts contained in a response, not to dispute facts set forth in a response. *Tardif v. PETA*, 2011 U.S. Dist. LEXIS 75346 (M.D. Fla. July 13, 2011) (reply denied).

4. Plaintiffs show no new matter of law or fact contained in the Response but rather raise disputes so as to "get the last word." For example,

a. Adjudicated Irrelevance of "Abuse" Records (reason "e") – Plaintiffs earlier made the **identical** argument to compel "abuse" records as they made here. (Compare Doc. 138 at 11-12 with Doc. 145 at 7-8.) This Court rejected Plaintiffs' argument the first time they made it and held the records were irrelevant. (Doc. 144 at 5.) Plaintiffs ignored this in their Motion and Defendants' Response noted this fact. This is the opposite of a new issue – it is an adjudicated matter which Plaintiffs improperly ignored in their original Motion. A reply to raise a new argument to re-argue the alleged pervasiveness of the irrelevant matter is clearly improper.

b. FERPA (reason "a") – The application of FERPA to student records has been recognized throughout the case (*see, e.g.*, Doc. 95, 98, 102) – and is not a new issue.

c. Untimeliness of motion (reason "b") – The period of one year from the service of the requests and the belated filing of the Motion was and is obvious from the Motion itself and is not a new issue.

[1] Further, Plaintiffs too requested fees in their Motion. The fact that the Individual Defendants did as well does not warrant a reply.

d. Alleged Conferral "Misrepresentations" (reason "c") – This is a mere attempt to dispute the Response. Replies are not granted for vague derogatory conferral dispute allegations.

e. Identified Documents (reason "d") – A vague allegation that "recently" and "by other means" Plaintiffs identified documents that were earlier "withheld" in a case where over 17,000 documents were produced is not a new issue to be addressed in a response memorandum; rather, it is at best a matter for conferral required for all discovery issues – that has not occurred.[2]

Accordingly, the Motion for Leave to Reply should be denied or, alternatively, Defendants should be granted leave to file a five page sur-reply if a reply is allowed.

Respectfully submitted,

FORD & HARRISON LLP

By: s/ Tammie L. Rattray

Tammie L. Rattray
Florida Bar No. 0128619
trattray@fordharrison.com
Robert D. Hall, Jr.
Florida Bar No. 186760
rhall@fordharrison.com
Bradley R. Hall
Florida Bar No. 0026172
brhall@fordharrison.com
For the Firm
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for the Defendants Wolford College LLC, Thomas L. Cook and Lynda M. Waterhouse

[2] This is demonstrated by the fact that the undersigned counsel has no idea what this particular allegation is intended to reference; the issue of allegedly "withheld" documents and the identification of the documents has never been discussed with the undersigned as required by M.D. Fla. L.R. 3.01. Further, notably absent from subsection "d" is a statement as to when the allegedly "withheld" documents were discovered. Plaintiffs have in no way carried their burden in demonstrating a right to the requested relief of a reply.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Bradley P. Rothman
Weldon & Rothman, PL
7935 Airport-Pulling Road N., Suite 205
Naples, Florida 34109

Jeffrey Fridkin
Grant Fridkin Pearson, P.A.
5551 Ridgewood Drive, Suite 501
Naples, Florida 34108

Ryan D. Barack
Michelle Erin Nadeau
Kwall, Showers & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755

s/ Tammie L. Rattray
Attorney

TAMPA:353208.1