UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN
ABRAHAM, LAUREN TIDWELL,
JEANIE HAKENEWERT,
STEPHANIE ALANA MARIE
BENJAMIN, CHRISTOPHER M.
BOURN, DEREK WHITE,
RICHARDO ROSADO, LANNETTE
GIBSON, DANIEL PENTON,
DENISE ARMINIO, OFELIA
BIAGAN, SHEILA SMITH, CELINE
VIDAURRI, CHRISTINA VINAS,
RICARDO ROSADO, PATRICK C.
HARRELL, RACHEL GOODE,
JAMIESON WISHMAN, PAUL
CALOIAN, JESSICA LINCOLN and
CHRISTOPHER JALACKI,

   Plaintiffs,

v.             Case No: 2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A.,
WOLFORD COLLEGE, LLC,
THOMAS L. COOK and LYNDA M.
WATERHOUSE,

   Defendants.

## ORDER

  This matter comes before the Court upon review of Plaintiffs' Motion to Compel Discovery by Defendants Cook and Waterhouse (Doc. 145) filed on January 22, 2014. Defendants Dr. Thomas Cook and Ms. Lynda Waterhouse's Response to Plaintiffs' Motion to Compel and Memorandum of Law in Support (Doc. 154) was filed on February 5, 2014.  Also pending is Plaintiffs' Motion for Leave to File a Reply

regarding this Motion. Doc. 155. For the reasons stated herein, the Motions are denied.

I. Background

On June 29, 2012, Plaintiffs Billy Schumann and Dustin Abraham, former students in the nurse anesthesia master's program (Student Registered Nurse Anesthetists ("SRNA")) at Wolford College, LLC ("Wolford"), filed a Complaint (Doc. 1) against Defendants Collier Anesthesia, P.A. ("CAPA"), Wolford, Thomas L. Cook ("Cook"), and Lynda M. Waterhouse ("Waterhouse"), on their own behalf and on behalf of other similarly situated individuals, for minimum wage and overtime compensation relief under the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that they were employed, within the meaning of 29 U.S.C. § 203(g), as interns who were provided no monetary compensation. *Id.*

Defendant CAPA is a for-profit medical group with approximately 15 anesthesiologist (physician) shareholders, which contracts with facilities to provide anesthesia services. Physician shareholders of CAPA (along with Defendant Waterhouse who is an officer and Executive Director of CAPA) wholly own Defendant Wolford. Wolford is a for-profit single purpose college that trains registered nurses in the field of nurse anesthesia. Defendant Cook was the President of CAPA and Chairman/Chancellor of Wolford.

This case was conditionally certified as a collective action on February 21, 2013, and the 90-day opt-in period ensued, ending on July 15, 2013. Doc. 91. Prior to the notice period, 19 individuals had opted in. Throughout the 90-day period, nine

additional former nursing students opted in, resulting in a total of 25 potential class members involved in this suit. Discovery closed in this case on January 31, 2014. Doc. 130.

On December 10, 2012, Plaintiffs served identical First Requests for Production on Defendants Waterhouse and Cook, which included 40 requests directed to each Defendant. Docs. 145-1, 145-2. Identical requests were also served on Defendants Wolford and CAPA. On January 24, 2013 – one year prior to the filing of this Motion – Waterhouse and Cook served separate but identical objections to the requests for production. Docs. 145-3, 145-4. The objections stated that "Defendant will not produce documents not in her [his] possession, custody and control, but rather, in the possession, custody and control of another party to which the same request has been directed." *Id.* at 3. To date, Plaintiffs state that neither Waterhouse nor Cook has provided any substantive responses to this discovery nor produced any documents. During the conferral process, counsel for Waterhouse and Cook informed Plaintiffs that they would not be producing any documents because all documents requested were produced through the corporate Defendants, Wolford or CAPA.[1]

Wolford served supplemental responses to the First Request for Production on November 15, 2013. Doc. 154-3. In its supplement, Wolford provided specific responses that it did not have documents responsive to certain requests which were

---

[1] The Parties are in disagreement about the conferral process. Waterhouse and Cook assert that the first time Plaintiffs attempted to substantively confer regarding their objections was January 8, 2014, 23 days before the close of discovery on January 31, 2014.

identical to those served on Waterhouse and Cook, and produced documents specific to Waterhouse and Cook in response to Request Nos. 30 and 34. Plaintiffs never filed a motion to compel against Wolford, and thus there are no issues as to the production made through Wolford. CAPA also served supplemental responses on October 4, 2013. Doc. 154-4. Subsequently, Plaintiffs filed a motion to compel against CAPA (Doc. 138) regarding CAPA's responses. As noted above, the requests at issue were identical to those served on Waterhouse and Cook.

On January 21, 2014, this Court ruled on Plaintiffs' motion to compel against CAPA and held that CAPA had waived certain objections but recognized that CAPA's duty to produce documents was not unlimited and approved CAPA's restriction on production and definition of the relevant time period as extending three years preceding the lawsuit (June 29, 2009 to June 29, 2012). Doc. 144. The next day, Plaintiffs filed the instant Motion to Compel, seeking to compel responses to requests to produce directed to Waterhouse and Cook that are unlimited in time with no discussion of the Court's prior Order. The Motion also seeks to compel a response to Request Nos. 24, 25, and 26, which seek discovery regarding any verbal or physical abuse against SRNAs at Wolford, even though the Court determined that this information is not discoverable. Doc. 144 at 5.

## II.     Arguments

Plaintiffs argue that the document requests are relevant as they seek discovery regarding the Department of Labor's six-factor test. As recognized in the Court's Opinion and Order denying Defendants' Motion to Dismiss: "The Administrator has

identified six factors - derived from the Supreme Court's decision in *Portland Terminal* - pertinent to determining whether a trainee qualifies as an employee under the FLSA." Doc. 119 (citing *Kaplan v. Code Blue Billing & Coding, Inc.*, 504 F. App'x 831, 834 (11th Cir. 2013)). The Department of Labor specifically applies the six-factor test to nursing students. *Id.* This Court also stated in its Opinion and Order that "plaintiffs may qualify as employees as defined by the FLSA because consideration of the 'economic realities' of an employer-employee relationship includes whether a person's work confers an economic benefit on the entity for who they are working." *Id.* at 6. Plaintiffs further assert that Waterhouse and Cook's argument – that all requested documents were produced through the corporate defendants – fails because it does not account for any documents they might have in their own possession, such as emails sent or received from a personal account or documents kept in a personal file.

Waterhouse and Cook respond that Plaintiffs have been aware of their position since they served their objections on January 24, 2013, and notwithstanding, the instant Motion was filed a year later on January 22, 2014, making it untimely and waived. Accordingly, Defendants request their attorney's fees and costs incurred in responding to this Motion.

### III. Analysis

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance, for purposes of discovery, does not hinge on admissibility at trial and is construed broadly

to include any matter that reasonably could lead to the discovery of admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A written response to a request for production is due within 30 days after the service, failing which a motion to compel may be filed. Fed. R. Civ. P. 34(b)(2), 37(a)(3)(A).

Counsel for Waterford and Cook have informed Plaintiffs' counsel that these Defendants do not have any personal documents responsive to the requests and that all responsive documents were corporate documents, produced via the corporate defendants, Wolford or CAPA. Waterford and Cook again reiterate in the Motion that no emails sent or received from their personal email accounts or documents kept in a personal file exist that are responsive to the requests. Further, Waterford and Cook inform the Court that Wolford has in fact produced emails involving them in response to Request Nos. 45 [30] (Bates Nos. 15733, 15735, 15736, and 15738) and 49 [34] (Bates Nos. 15739-15743). Similarly, Defendant CAPA produced e-mails involving Waterford and Cook in response to Plaintiffs' First Request to Produce to CAPA, Request Nos. 19 [1] (Bates Nos. 11-12), 22 [4] (Bates Nos. 17-59), 45 [24] (Bates No. 61), 52 [30] (Bates Nos. 62-79, 131-32), and 54 [32] (Bates Nos. 80-83).[2] Waterford and Cook have both filed declarations in this matter, swearing and affirming that they searched all personal email accounts and files at the direction and with the assistance of counsel for CAPA and their personal attorneys (who also act as

---

[2] The [ ] contains the corresponding request numbers that were served on Waterhouse and Cook.

counsel for Wolford), and they provided documents to the attorneys. Doc. 154-6. Those documents were then produced through Wolford to the Plaintiffs.

Based upon the submissions made by the Parties regarding the Motion, the Court finds that Defendants Waterford and Cook have complied with the document requests at issue and produced all responsive documents through Defendants Wolford and/or CAPA. They have informed Plaintiffs throughout the conferral process that this is what they have done.

### IV. Attorney's Fees

Waterford and Cook move for an award of attorney's fees and costs incurred in preparing a response, pursuant to Federal Rule 37(a)(5)(B), claiming the Motion to Compel is frivolous, as there were no additional documents to compel, which defense counsel explained to Plaintiffs' counsel. The request does not include an amount of attorney's fees and costs incurred in responding to the Motion.

Pursuant to Federal Rule 37, if a motion to compel is denied, the prevailing party may be awarded "reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, a court must not award fees and costs if the motion was substantially justified or other circumstances make an award of expenses unjust. *Id.* In this case, Plaintiffs have not been given the opportunity to respond to the request for attorney's fees, but the Court notes that at least a portion of Plaintiffs' Motion to Compel does not appear to be substantially justified as it requested production of documents that were already determined to be non-discoverable by this Court. Doc. 144. Thus, the Court will entertain a motion

for attorney's fees filed by Waterhouse and Cook with appropriate citation to the applicable law and standards for the award of attorney's fees and supporting documentation, to which Plaintiffs will be given the opportunity to respond.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Compel Discovery by Defendants Cook and Waterhouse (Doc. 145) is **DENIED**.

2. Plaintiffs' Motion for Leave to File a Reply (Doc. 155) is **DENIED**.[3]

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of March, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[3] The Court has reviewed the grounds upon which the Plaintiffs move to file a reply brief (Doc. 155) and Defendants' response (Doc. 157) and finds that a reply brief would not benefit the Court in resolution of the pending motion.