UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN
ABRAHAM, LAUREN TIDWELL,
JEANIE HAKENEWERT,
STEPHANIE ALANA MARIE
BENJAMIN, CHRISTOPHER M.
BOURN, DEREK WHITE,
RICHARDO ROSADO, LANNETTE
GIBSON, DANIEL PENTON,
DENISE ARMINIO, OFELIA
BIAGAN, SHEILA SMITH, CELINE
VIDAURRI, CHRISTINA VINAS,
RICARDO ROSADO, PATRICK C.
HARRELL, RACHEL GOODE,
JAMIESON WISHMAN, PAUL
CALOIAN, JESSICA LINCOLN and
CHRISTOPHER JALACKI,

      Plaintiffs,

v.

COLLIER ANESTHESIA, P.A.,
WOLFORD COLLEGE, LLC,
THOMAS L. COOK and LYNDA M.
WATERHOUSE,

      Defendants.

Case No:   2:12-cv-347-FtM-29CM

## ORDER

     Before the Court is Defendant Collier Anesthesia, P.A.'s ("CAPA") Motion to Compel Deposition Answers and Production of Documents at Deposition (Doc. 141) filed on January 6, 2014.  Plaintiffs' Response in Opposition to Defendant Collier Anesthesia, P.A.'s Motion to Compel Deposition Answers and Production of Documents at Deposition (Doc. 143) was filed on January 21, 2014.   The Court held

a hearing on March 26, 2014, during which the Court heard arguments from counsel on the Motion. For the reasons set forth herein, the Motion is granted in part and denied in part.

I. Background

On June 29, 2012, Plaintiffs Billy Schumann and Dustin Abraham, former students in the nurse anesthesia master's program (Student Registered Nurse Anesthetists ("SRNA")) at Wolford College, LLC ("Wolford"), filed a Complaint (Doc. 1) against Defendants Collier Anesthesia, P.A. ("CAPA"), Wolford, Thomas L. Cook ("Cook"), and Lynda M. Waterhouse ("Waterhouse"), on their own behalf and on behalf of other similarly situated individuals, for minimum wage and overtime compensation relief under the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that they were employed, within the meaning of 29 U.S.C. § 203(g), as interns who were provided no monetary compensation. *Id.*

Defendant CAPA is a for-profit medical group with approximately 15 anesthesiologist (physician) shareholders, which contracts with facilities to provide anesthesia services. Physician shareholders of CAPA (along with Defendant Waterhouse who is an officer and Executive Director of CAPA) wholly own Defendant Wolford. Wolford is a for-profit single purpose college that educates registered nurses in the field of nurse anesthesia. Defendant Cook was the President of CAPA and Chairman/Chancellor of Wolford.

This case was conditionally certified as a collective action on February 21, 2013, and the 90-day opt-in period ensued, ending on July 15, 2013. Doc. 91. Prior

to the notice period, 14 individuals had opted in. Throughout the 90-day period, nine additional former nursing students opted in, resulting in a total of 25 potential class members involved in this suit. Discovery closed in this case on January 31, 2014. Doc. 130.

In Plaintiffs' Initial Disclosures dated February 13, 2013, Plaintiffs identified "Sherry Pellone ("Pellone") c/o Bradley Rothman, Esq.," as a witness who "may have knowledge of Defendants' business practices regarding students and CRNAs." Doc. 141-1. Pellone is a CRNA who was employed by CAPA, resigning her position sometime in 2011. In response to CAPA's First Set of Interrogatories, Plaintiffs identified Pellone as a witness with knowledge of the following subject matter:

> a. Collier Anesthesia is dependent upon the work of interns, like Plaintiffs and others similarly situated for its normal daily operations.
>
> b. Defendants employed interns like Plaintiffs and others similarly situated as substitutes for regular workers, and/or augment its existing workforce during specific time periods.
>
> c. If Collier Anesthesia did not use interns like Plaintiff and others similarly situated, Defendants would need to hire additional employees to perform the work of interns.
>
> d. Defendants derived an immediate advantage from the work of Plaintiffs and others similarly situated for Collier Anesthesia.

CAPA and Wolford served a subpoena duces tecum for Pellone's deposition, which took place on December 28, 2013. Doc. 141-2. As discovered at the deposition, Pellone is a client of Bradley Rothman, counsel for Plaintiffs, whom she retained regarding her concerns arising from her employment with CAPA. The attorney-client privilege was raised by Pellone's counsel in response to numerous questions,

mostly regarding the nature of her relationship with Mr. Rothman, the reasons for which she retained him, and documents she had provided him.  No documents were produced at the deposition by Pellone, but a privilege log was provided by Plaintiffs to CAPA.  CAPA is not satisfied with the responses provided and moves to compel further deposition testimony and the production of documents.  Plaintiffs object on the grounds that Pellone's testimony regarding the nature of her retention of Mr. Rothman and any communications she has had with Mr. Rothman, and the documents requested, are protected by the attorney-client or work product privilege for which they have produced a supplemental privilege log.  Doc. 141-6.

## II.   Analysis

The attorney-client privilege protects communications between a client and his attorney made in confidence for the purpose of securing legal advice or assistance. *S.E.C. v. Dowdell*, 2006 WL 3876294, at *3 (M.D. Fla. May 15, 2006) (citing *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994)).  The party asserting the claim of privilege has the burden of establishing it to show that the "primary purpose of the communication in question was for the purpose of obtaining legal advice, not business advice."  *In re Denture Cream Prod. Liab. Litig.*, 2012 WL 5057844, at *6 (S.D. Fla. Oct. 18, 2012) (collecting cases).  The work product doctrine protects from disclosure material prepared in anticipation of litigation by or for a party or that party's representative (including its attorney).  *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990)

The Court has reviewed the entirety of the Pellone's deposition transcript (Doc. 141-3) and considered the arguments of counsel and finds that CAPA's counsel had the opportunity to question Pellone regarding her knowledge of the business practices of CAPA and the categories listed in her interrogatory responses, but failed to do so. Thus, the Court will not order that her deposition be reconvened at this time. Plaintiffs listed Pellone as a witness with knowledge of CAPA's business practices. Pellone testified in her deposition that the documents provided to Mr. Rothman (all of which Plaintiffs appear to claim are attorney-client privileged or work product), included "correspondence to and from others concerning Collier Anesthesia's business practices." Doc. 141-3 at 34:6-7. In fact, during the hearing Plaintiffs' counsel stated that there may be discoverable documents in the attorney file listed in the supplemental privilege log.

Plaintiffs have not carried their burden of showing that *all* documents listed on the privilege log contain communications between Pellone and her attorneys or that the documents were prepared in anticipation of litigation. Thus, the Court will direct Plaintiffs' counsel to produce any documents in their possession listed in the supplemental privilege log that are relevant to the issues in this lawsuit and are responsive to the subpoena duces tecum (which do not include communications between Pellone and her attorneys or attorney work product). The relevant time period (June 29, 2009 to June 29, 2012) applies. Doc. 144.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant Collier Anesthesia, P.A.'s Motion to Compel Deposition Answers and Production of Documents at Deposition (Doc. 141) is **GRANTED in part and DENIED in part**.  The Motion is **GRANTED** to the extent that on or before **April 4, 2014**, Plaintiffs' counsel shall produce the documents in compliance with this Order. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of March, 2014.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record