UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN
ABRAHAM, LAUREN TIDWELL,
JEANIE HAKENEWERT,
STEPHANIE ALANA MARIE
BENJAMIN, CHRISTOPHER M.
BOURN, DEREK WHITE,
RICHARDO ROSADO, LANNETTE
GIBSON, DANIEL PENTON,
DENISE ARMINIO, OFELIA
BIAGAN, SHEILA SMITH, CELINE
VIDAURRI, CHRISTINA VINAS,
RICARDO ROSADO, PATRICK C.
HARRELL, RACHEL GOODE,
JAMIESON WISHMAN, PAUL
CALOIAN, JESSICA LINCOLN and
CHRISTOPHER JALACKI,

      Plaintiffs,

v.                                                                    Case No: 2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A.,
WOLFORD COLLEGE, LLC,
THOMAS L. COOK and LYNDA M.
WATERHOUSE,

      Defendants.

## ORDER

Before the Court is Defendant Wolford College, LLC's Motion to Compel Discovery and Production of Documents (Doc. 142) filed on January 10, 2014 and Defendant Wolford College, LLC's Supplemental Motion to Compel Discovery and Production of Documents from Post-Notice Opt-Ins (Doc. 151) filed on January 31, 2014.  Plaintiff's Memorandum in Opposition (Docs. 147, 163) were filed on January


27, 2014 and February 17, 2014. The Court held a hearing on March 26, 2014, and heard arguments of counsel regarding the Motions. For the reasons stated herein, the Motions are granted in part.

## I. Background

On June 29, 2012, Plaintiffs Billy Schumann and Dustin Abraham, former students in the nurse anesthesia master's program (Student Registered Nurse Anesthetists ("SRNA")) at Wolford College, LLC ("Wolford"), filed a Complaint (Doc. 1) against Defendants Collier Anesthesia, P.A. ("CAPA"), Wolford, Thomas L. Cook ("Cook"), and Lynda M. Waterhouse ("Waterhouse"), on their own behalf and on behalf of other similarly situated individuals, for minimum wage and overtime compensation relief under the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that they were employed, within the meaning of 29 U.S.C. § 203(g), as interns who were provided no monetary compensation. *Id.*

Defendant CAPA is a for-profit medical group with approximately 15 anesthesiologist (physician) shareholders, which contracts with facilities to provide anesthesia services. Physician shareholders of CAPA (along with Defendant Waterhouse who is an officer and Executive Director of CAPA) wholly own Defendant Wolford. Wolford is a for-profit single purpose college that educates registered nurses in the field of nurse anesthesia. Defendant Cook was the President of CAPA and Chairman/Chancellor of Wolford.

This case was conditionally certified as a collective action on February 21, 2013, and the 90-day opt-in period ensued, ending on July 15, 2013. Doc. 91. Prior

to the notice period, 14 individuals had opted in.  Throughout the 90-day period, nine additional former nursing students opted in, resulting in a total of 25 potential class members involved in this suit.  Discovery closed in this case on January 31, 2014. Doc. 130.

## II.  Document Requests

In the course of discovery, Wolford served requests for production at issue on the named Plaintiffs and the 14 pre-notice opt-in Plaintiffs on March 6, 2013; Plaintiffs responded on September 20, 2013.  Doc. 142-1.  Wolford served identical requests for production of documents on the 9 post-notice opt-ins on December 24, 2013, and Plaintiffs served responses on January 27, 2014.  Doc. 151-1.  Plaintiffs objected on the grounds that the requests are irrelevant, unduly burdensome and are available from a less burdensome source, and seek individualized discovery which is inappropriate in a FLSA collective action.  The relevant requests for the purposes of this Motion to Compel are 8, 9, 18, and 19:[1]

**REQUESTS NO. 8**[2]: All documents reflecting Plaintiff's income, compensation, pay, wages, and earnings since August 1, 2009, including Plaintiff's W-2 forms, payroll statements, earnings statements, paychecks, and federal and state income tax returns for the years 2009, 2010, 2011, and 2012.

Wolford argues this information is relevant because a principal benefit to the registered nurse/student of completing the Wolford Master's program is becoming certified and then practicing as a CRNA with the opportunity for a significant increase in compensation. Doc. 45-7; average CRNA salary of $163,000.  Original

---

[1] Wolford withdrew Request Nos. 25 and 26 at the hearing.

[2] The request number is 8 in both pre and post-notice opt-ins requests for production.

Plaintiff Abraham has been deposed and was questioned without objection and admitted that (a) he qualified for the national certification exam as a result of his Wolford education, (b) he passed the exam and became licensed as a CRNA, (c) he became employed as a CRNA, and (d) he earned $50,000 as a registered nurse before attending Wolford College and after graduation earned $230,000 as a CRNA. Doc. 142-8 at 21-26, 265. Further, students may have claimed tax credits while students at Wolford which would again go to principal benefit they received. Plaintiffs respond that this information is confidential and irrelevant.

**REQUESTS NO. 9**[3]: All documents related to Plaintiff's employment as a Certified Registered Nurse Anesthetist, including, but not limited to, job descriptions, job duties, job responsibilities, evaluations, performance-related documents, and all pay, wage and compensation and benefit documentation.

Wolford argues that where a student or trainee attempts to claim that they are an "employee" under the FLSA, the courts will consider the educational benefit to the student of the activities. For example, in *Kaplan v. Code Blue Billing & Coding, Inc.*, 504 F. App'x 831 (11th Cir. 2013), the court held that student externs were not "employees" as a matter of "economic reality" because they engaged in hands-on work for their formal degree program, received academic credit for the work, and by completing the externship, earned degrees. *See also DeMayo v. Palms West Hospital*, 918 F. Supp. 2d 1287 (S.D. Fla. Jan. 23, 2013) (considering both tangible and intangible benefits to the student from the medical clinical education and whether the primary benefit flowed to the student). Wolford argues that this

---

[3] The request number is 9 in both pre and post-notice opt-in requests for production.

information is relevant as Plaintiffs have claimed that they received a deficient education while at Wolford and the students complained about tasks they performed while at Wolford, the very tasks which they might well perform now as CRNAs.

**REQUESTS NO. 18, 19**: All professional certifications and licenses obtained by Plaintiff, including but not limited to nursing certifications and licenses and all documents relating to applications for such certifications and licenses and to Plaintiff's qualifications for certification or licensing.[4]

Wolford argues that the certification of Plaintiffs as a CRNA is a tangible benefit of, and could only be obtained as a result of, a sound education covering required anesthesia procedures and cases which stems directly from activities in, and the completion of, the required clinical curriculum for which they now seek payment. The tangible benefits of the Master's program clinical curriculum at Wolford include preparing the student for the national certification exam to become certified and prepare the student to engage in professional practice as a CRNA and receive significantly higher compensation as a CRNA than a registered nurse. Wolford further argues that the applications for state licenses are relevant because the applications could contain representations by the graduate about their educational experience at Wolford.

### III.  Analysis

This Court has recognized the Department of Labor's six-factor test in its Opinion and Order denying Defendants' Motion to Dismiss, stating that "[t]he Administrator has identified six factors - derived from the Supreme Court's decision

---

[4] Wolford modified this request at the hearing with regard to the applications, seeking only the applications for licenses, not certifications.

in *Portland Terminal* - pertinent to determining whether a trainee qualifies as an employee under the FLSA." Doc. 119 (citing *Kaplan v. Code Blue Billing & Coding, Inc.*, 504 F. App'x 831, 834 (11th Cir. 2013)). The Department of Labor specifically applies the six-factor test to nursing students. *Id.* This Court also stated in its Opinion and Order that "plaintiffs may qualify as employees as defined by the FLSA because consideration of the 'economic realities' of an employer-employee relationship includes whether a person's work confers an economic benefit on the entity for who they are working." Doc. 119 at 6. In granting conditional certification this Court stated: "Defendants' argument that individualized inquiry is required is better suited at the decertification stage when additional information is available regarding the characteristics of the opt-in plaintiffs." Doc. 91 at 6 n.2 (citing *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330 (M.D. Fla. 2007)). In FLSA opt-in collective actions, the named plaintiffs and each plaintiff/opt-in "presents only a claim on the merits," and the "existence of a collective action under 216(b) does depend on the active participation of other plaintiffs." *Cameron-Grant v. Maxim Healthcare Serv.*, 347 F.3d 1240, 1249 (11th Cir. 2003).

The Court finds that the discovery requested is relevant as to the "economic realities" of the employee-employer relationship and is appropriate from all Plaintiffs. The Court notes Plaintiffs' objection that responding will be overly burdensome but this objection is not well taken, as the requests for production were served on the named Plaintiffs and pre-notice opt-ins on March 6, 2013, and Plaintiffs responses were not served until September 20, 2013. Doc. 142-1. Further, the Court

previously limited Defendants to 10 depositions (Doc. 191) so the Court finds that they are entitled to documents regarding Plaintiffs they otherwise did not depose.

The production will be limited in time to the period previously identified by this Court – June 29, 2009 to June 29, 2012. Doc. 144. As tax returns contain sensitive and confidential information, the parties are directed to meet and confer to come to an agreement regarding the information in the returns that will be deemed confidential.[5] The documents must be produced by Plaintiffs on or before April 18, 2014, unless the parties can otherwise come to an agreement regarding the timing of the production. Plaintiffs should start producing the documents as they are received.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Wolford College, LLC's Motion to Compel Discovery and Production of Documents (Doc. 142) is **GRANTED in part** as modified by Wolford at the hearing and to the extent that the production is limited to the time period of **June 29, 2009 to June 29, 2012**. Plaintiffs shall have up to and including **April 18, 2014**, to produce the documents.

2. Defendant Wolford College, LLC's Supplemental Motion to Compel Discovery and Production of Documents from Post-Notice Opt-Ins (Doc.

---

[5] Parties generally do not have to show a compelling need to obtain tax returns in discovery, which are discoverable if relevant. *Coach, Inc. v. Visitors Flea Market*, LLC, 2013 WL 5770598, at *2 (M.D. Fla. Oct. 24, 2013).

151) is **GRANTED in part** as modified by Wolford at the hearing and to the extent that the production is limited to the time period of **June 29, 2009 to June 29, 2012**. Plaintiffs shall have up to and including **April 18, 2014**, to produce the documents.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of March, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record