UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN ABRAHAM, on behalf of themselves and others similarly situated, LAUREN TIDWELL, JEANIE HAKENEWERT, STEPHANIE ALANA MARIE BENJAMIN, CHRISTOPHER M. BOURN, DEREK WHITE, RICHARDO ROSADO, LANNETTE GIBSON, DANIEL PENTON, DENISE ARMINIO, OFELIA BIAGAN, SHEILA SMITH, CELINE VIDAURRI, CHRISTINA VINAS, RICARDO ROSADO, PATRICK C. HARRELL, RACHEL GOODE, JAMIESON WISHMAN, PAUL CALOIAN, JESSICA LINCOLN, and CHRISTOPHER JALACKI,

      Plaintiffs,

v.                                  Case No: 2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A., a Florida corporation, WOLFORD COLLEGE, LLC, a Florida limited liability company, THOMAS L. COOK, an individual, and LYNDA M. WATERHOUSE, an individual,

      Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Strike Defendants' Expert, or in the Alternative, for *Daubert* Hearing (Doc. #169) filed on February 28, 2014, and Defendants' Response (Doc. #203) filed on March 28, 2014. For the reasons set forth below, the motion is denied.

**I.**

Plaintiffs Billy Schumann (Schumann) and Dustin Abraham (Abraham) filed a Complaint (Doc. #1) against Defendants Collier Anesthesia, P.A. (Collier), Wolford College, LLC (Wolford), Thomas L. Cook (Cook), and Lynda M. Waterhouse (Waterhouse), on their own behalf and on behalf of other similarly situated individuals for minimum wage and overtime compensation relief under the Fair Labor Standards Act (FLSA). In the Complaint, Plaintiffs allege that they were employed by Collier within the meaning of 29 U.S.C. § 203(g) as interns who were provided no monetary compensation; that they were registered nurses that did not have a valid license or certificate to practice medicine and did not have the requisite degree to work as nurse anesthetists; that they were scheduled to work based on the staffing needs of Collier and performed the routine work of Collier on a regular and recurring basis; that Collier is dependent on the work of interns for its normal daily operations and that Collier derived immediate advantage from their work; that Defendants employed interns as substitutes for regular workers, and/or to augment its existing workforce during specific time periods; that if Collier did not use interns it would need to hire additional employees; that they received the same level of supervision as Collier's regular workforce; that they do not satisfy any of the exemptions set forth in the FLSA; and that they worked more than forty hours in a given week but were not paid time and one-half for the hours in excess of forty. (Doc. #1.)

The Complaint describes the additional persons who may become plaintiffs as other current and former interns who were employed by Collier and worked in excess of 40 hours in a given workweek without receiving compensation for hours worked. (Id.)

Plaintiffs now seek to strike the expert retained by Defendants to testify at trial. Plaintiffs assert that Kenneth M. Kirsner (1) is not qualified to be an expert; (2) has no testimony which would assist the trier of fact; (3) has testimony which would invade the province of the jury; and (4) has testimony which is not relevant or reliable and whose limited probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. (Doc. #169.) Alternatively, Plaintiffs seek a hearing under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

## II.

The legal principles governing the admissibility of expert testimony are well settled. Federal Rule of Evidence 702 is the starting point, and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

    (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) and Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993) the Supreme Court held that the trial court had a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (*en banc*), cert. denied, 544 U.S. 1063 (2005).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. v. Club Car (Quebec) Imp., Inc., 362 F.3d 775, 780 (11th Cir.), cert. denied, 543 U.S. 1002 (2004). See also Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, No. 12-14527, 2014 WL 842949, at *12 (11th Cir. Mar. 5, 2014). "The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1261 (11th Cir. 2004). See also McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002). The admission of

expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. United States v. Hansen, 262 F.3d 1217, 1234; City of Tuscaloosa v. Harcros Chems., 158 F.3d 548, 563 (11th Cir. 1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education, Frazier, 387 F.3d at 1260-61, and experience alone can provide a sufficient foundation for expert testimony. Fed. R. Evid. 702 advisory committee's note (2000 Amends.).

The second requirement, discrete and independent from the witness's qualifications, is reliability. Frazier, 387 F.3d at 1261. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n.7 (11th Cir. 2005). While the criteria used to evaluate the reliability of non-scientific, experience-based testimony may vary from case to case, the district court must evaluate the reliability of the testimony before allowing its admission at trial. Frazier, at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony

is admissible if it concerns matters that are beyond the understanding of the average lay person. . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Id. at 1263. Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n.8.

**III.**

Mr. Kirsner is a Certified Registered Nurse Anesthetist (CRNA) who has practiced anesthesia for more than thirty years. (Doc. #169-2, p. 1.)  Mr. Kirsner is also an attorney admitted in Florida. (Doc. #169-1, p. 31.)  He is currently the Chief CRNA at Kaiser Permanente Redwood City Medical Center in California. (Doc. #169-2, p. 9.)  Previously, Mr. Kirsner worked as a professor of nurse anesthesia and served as a director of nurse anesthesia programs at colleges and universities in Tennessee, Florida, and Texas. (Id.) During the twelve years he served as a director, he was responsible for ensuring that the nurse anesthesia programs

he directed met national and local accreditation requirements. (Id. at 1.) Based upon Mr. Kirsner's *curriculum vitae*, the Court finds that Mr. Kirsner has sufficient knowledge and experience to qualify him to testify competently regarding relevant matters to this case.

Mr. Kirsner's report and prospective testimony concern the clinical training and supervision that nurse anesthesia students receive in order to qualify for graduation and certification, the processes by which anesthesia practices typically provide such training and supervision, and whether the work allegedly performed by Plaintiffs falls within such training and supervision. (Doc. #169-2.) Mr. Kirsner states that the opinions in his report are based on his experience as a CRNA, nurse anesthesia program director, and accreditation reviewer; his review of certain CRNA-related standards, regulations, and other documents disclosed in his report; and his review of the Complaint and accompanying declarations in this case. (Doc. #169-1, pp. 72-73, 181-82; Doc. #169-2, pp. 1, 7.) The Court finds that Defendants have established that the proposed testimony is sufficiently reliable, and that the ability to understand CRNA accreditation standards, graduation requirements, and clinical training practices is beyond the understanding of the average lay person. Accordingly, the Court finds that Mr. Kirsner's analysis is both reliable and sufficiently helpful to assist the trier of fact.

Lastly, the Court finds no reason that the probative value of Mr. Kirsner's anticipated testimony would be substantially outweighed by its prejudicial impact.  Plaintiffs contend that Mr. Kirsner's prospective testimony would result in undue prejudice because the jury could credit Mr. Kirsner's testimony despite the fact that Mr. Kirsner did not perform a sufficiently in-depth analysis of Defendants' operations.  However, these alleged methodological deficiencies go the believability or persuasiveness of Mr. Kirsner's testimony, not its admissibility.  Thus, while Plaintiffs' contentions are a proper topic for cross-examination should Mr. Kirsner testify, they are insufficient to preclude him from testifying in the first instance.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Motion to Strike Defendants' Expert, or in the Alternative, for Daubert Hearing (Doc. #169) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   9th   day of May, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record