UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN ABRAHAM, on behalf of themselves and others similarly situated, LAUREN TIDWELL, JEANIE HAKENEWERT, STEPHANIE ALANA MARIE BENJAMIN, CHRISTOPHER M. BOURN, DEREK WHITE, RICHARDO ROSADO, LANNETTE GIBSON, DANIEL PENTON, DENISE ARMINIO, OFELIA BIAGAN, SHEILA SMITH, CELINE VIDAURRI, CHRISTINA VINAS, RICARDO ROSADO, PATRICK C. HARRELL, RACHEL GOODE, JAMIESON WISHMAN, PAUL CALOIAN, JESSICA LINCOLN, and CHRISTOPHER JALACKI,

   Plaintiffs,

v.          Case No: 2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A., a Florida corporation, WOLFORD COLLEGE, LLC, a Florida limited liability company, THOMAS L. COOK, an individual, and LYNDA M. WATERHOUSE, an individual,

   Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Renewed Motion to Strike Declaration of Dr. Daniel K. Janyja (Doc. #212)[1]

---

[1] Plaintiffs' initial Motion to Strike Declaration of Daniel K. Janyja (Doc. #209), filed April 11, 2014, omitted the conferral

filed on April 16, 2014, and Defendant Collier Anesthesia, P.A's Response (Doc. #217) filed on April 28, 2014. For the reasons set forth below, the motion is denied.

**I.**

Plaintiffs are twenty-five former student registered nurse anesthetists (SRNAs) who enrolled in Defendant Wolford College, LLC's (Wolford) nurse anesthesia master's degree program with the goal of becoming Certified Registered Nurse Anesthetists (CRNAs). While at Wolford, Plaintiffs participated in a clinical training program supervised by Defendant Collier Anesthesia, P.A. (Collier).

Plaintiffs Billy Schumann (Schumann) and Dustin Abraham (Abraham) filed a Complaint (Doc. #1) against Collier, Wolford, Thomas L. Cook (Cook), and Lynda M. Waterhouse (Waterhouse), on their own behalf and on behalf of other similarly situated individuals for minimum wage and overtime compensation relief under the Fair Labor Standards Act (FLSA). In the Complaint, Plaintiffs allege that they were employed by Collier within the meaning of 29 U.S.C. § 203(g) as interns who were provided no monetary compensation; that they were registered nurses that did not have a valid license or certificate to practice medicine and

---

certification required by M.D. Fla. R. 3.01(g). Plaintiffs filed the Renewed Motion (Doc. #212) to correct that error. (Id. at p.1 n.1.)

- 2 -

did not have the requisite degree to work as nurse anesthetists; that they were scheduled to work based on the staffing needs of Collier and performed the routine work of Collier on a regular and recurring basis; that Collier is dependent on the work of interns for its normal daily operations and that Collier derived immediate advantage from their work; that Defendants employed interns as substitutes for regular workers, and/or to augment its existing workforce during specific time periods; that if Collier did not use interns it would need to hire additional employees; that they received the same level of supervision as Collier's regular workforce; that they do not satisfy any of the exemptions set forth in the FLSA; and that they worked more than forty hours in a given week but were not paid time and one-half for the hours in excess of forty. (Doc. #1.)

On February 21, 2013, the Court granted Plaintiffs' Motion to Conditionally Certify Collective Action. (Doc. #91.) At the conclusion of the resultant opt-in period, twenty-three additional former Collier interns had joined Schuman and Abraham, for a total of twenty-five plaintiffs. (Doc. #176, ¶ 4; Doc. #197, ¶ 1.)

Each party has filed a motion for summary judgment, which remain pending. (Docs. ##173-74, 181.) In opposition to Plaintiffs' summary judgment motion and in support of its own, Collier submitted the Declaration of Dr. Daniel K. Janyja (Doc. #198-1) (the Declaration), which Plaintiffs now seek to strike.

**II.**

Plaintiffs contend that the Declaration should be stricken because (i) Dr. Janyja does not possess personal knowledge of the facts contained in his Declaration; (ii) the Declaration is an impermissible conclusory argument; and (iii) the Declaration is undated. (Doc. #212.) Collier responds that the Declaration is both substantively and procedurally proper. (Doc. #217.) The Court will address each of Plaintiffs' arguments in turn.

**A. Whether The Declaration Should Be Stricken Because Dr. Janyja Lacks Personal Knowledge**

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Although the Declaration states that Dr. Janyja was a Collier Board Member and Shareholder and that the Declaration is based upon his "personal knowledge of the matters stated," (Doc. #198-1, ¶ 1.), Plaintiffs contend that Dr. Janyja's prior deposition testimony demonstrates that he does not have such knowledge.

In the context of a motion for summary judgment, an affidavit can be disregarded as a "sham" if it flatly contradicts prior deposition testimony. <u>Akins v. Fulton County, Georgia</u>, 278 F. App'x 964, 968 (11th Cir. 2008). "When a party has given clear

answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984). However, this concept is applied in "limited circumstances, and thus, every discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence." Akins, 278 F. App'x at 968 (quoting Tippens v. Celotex Corp., 805 F.2d 949, 954 (11th Cir. 1986)). Accordingly, "[t]he court must be careful to distinguish between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence." Id.

Dr. Janyja's Declaration concerns CRNA and SRNA scheduling at Collier and is allegedly based on his "personal knowledge of the matters stated." (Doc. #198-1, ¶ 1.) Specifically, Dr. Janyja responds to the deposition testimony of Barbara Rose, a former Collier administrative assistant responsible for CRNA and SRNA scheduling. Plaintiffs contend that Ms. Rose's deposition testimony demonstrates that Collier was reliant on SRNAs to meet its staffing needs. (See, e.g., Doc. #173, pp. 21-22.) In response, Dr. Janyja alleges inaccuracies in Ms. Rose's testimony and purports to explain how Collier could have adjusted its

scheduling to provide identical coverage without using SRNAs or additional CRNAs. (Doc. #198-1, ¶¶ 3-16.) Plaintiffs argue that the Declaration should be stricken because it is contradictory to Dr. Janyja's prior deposition testimony that he was "not involved with any of the scheduling decisions" and that he did not have any understanding as to where the SRNA daily schedule came from during 2009 to 2012. (Doc. #173-10, p. 50.)

The Court finds that this deposition testimony does not flatly contradict Dr. Janyja's Declaration as required by Akins. While the testimony cited by Plaintiffs is related to Dr. Janyja's scheduling knowledge (and therefore may impact the weight afforded his testimony), Dr. Janyja never testified that he lacked knowledge of scheduling or that Collier was reliant on SRNAs for staffing needs. Moreover, even if there was a direct contradiction, Dr. Janyja's Second Declaration (Doc. #217-1) explains that his deposition testimony concerned a specific scheduling decision (not scheduling in general) and that he had extensive scheduling experience at Collier prior to 2009. (Id. at ¶¶ 3-4.) Accordingly, the Court finds no reason to strike the Declaration on this ground.

**B. Whether The Declaration Should Be Stricken Because It Is An Impermissible Conclusory Argument**

"[A]n affidavit must be stricken when it is a conclusory argument rather than a statement of fact." Story v. Sunshine

Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000); see also Ocean Bank v. First Florida Bank, 417 F. App'x 928, 930 (11th Cir. 2011).  While Plaintiffs argue that the Declaration "is full of conclusory argument," the only portion of the Declaration specifically addressed in their motion is a hypothetical "revised" schedule attached to the Declaration.  Though Plaintiffs are correct that the revised schedule is not a "fact," the Declaration is clear that the attachment is simply meant to provide the basis for Dr. Janyja's testimony that Collier could fulfill its staffing needs without SRNAs.  (Doc. #198-1, ¶¶ 3-4.)  Accordingly, after reviewing the Declaration, the Court finds no reason to strike it as conclusory.

**C. Whether The Declaration Should Be Stricken Because It Is Undated**

Collier concedes that the Declaration is undated and, therefore, improper under 28 U.S.C. § 1746.  To address the deficiency, Collier submitted Dr. Janyja's Second Declaration (Doc. #217-1) in which Dr. Janyja states that his initial Declaration was signed on March 28, 2014, the day it was filed.  Additionally, as the initial Declaration discusses arguments made by Plaintiffs in their Motion for Partial Summary Judgment (Doc. #173) filed February 28, 2014, there is extrinsic evidence that Dr. Janyja signed his initial Declaration sometime between February 28, 2014 and March 28, 2014.  Either is sufficient to remedy the initial Declaration's procedural defect.  Giglio Sub

s.n.c. v. Carnival Corp., No. 12-CV-21680, 2012 WL 4477504, at *5-7 (S.D. Fla. Sept. 26, 2012), aff'd, 523 F. App'x 651 (11th Cir. 2013). Given that the date of the initial Declaration was immaterial to its contents, could be roughly discerned from its contents, and is specified in the Second Declaration, the Court finds no reason to strike the Declaration on this ground.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Renewed Motion to Strike Declaration of Dr. Daniel K. Janyja (Doc. #212) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of May, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record