UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN ABRAHAM, LAUREN TIDWELL, JEANIE HAKENEWERT, STEPHANIE ALANA MARIE BENJAMIN, CHRISTOPHER M. BOURN, DEREK WHITE, RICHARDO ROSADO, LANNETTE GIBSON, DANIEL PENTON, DENISE ARMINIO, OFELIA BIAGAN, SHEILA SMITH, CELINE VIDAURRI, CHRISTINA VINAS, RICARDO ROSADO, PATRICK C. HARRELL, RACHEL GOODE, JAMIESON WISHMAN, PAUL CALOIAN, JESSICA LINCOLN and CHRISTOPHER JALACKI,

      Plaintiffs,

v.

Case No: 2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A., WOLFORD COLLEGE, LLC, THOMAS L. COOK and LYNDA M. WATERHOUSE,

      Defendants.

## ORDER

    Before the Court is Defendants Thomas L. Cook ("Cook") and Lynda M. Waterhouse's ("Waterhouse") Opposed Motion for Entitlement to Attorney's Fees and Costs (Doc. 223, "Motion for Fees"), the declaration of Tammy Rattray, Esq. in support (Doc. 223-1) and Plaintiffs' Response in Opposition (Doc. 228). Defendants Cook and Waterhouse seek $13,074.00 in attorney's fees incurred in responding to

Plaintiffs' unsuccessful Motion to Compel Discovery by Defendants Cook and Waterhouse (Doc. 145, "Motion to Compel") and also seek the attorney's fees incurred in litigating the Motion for Fees. For the reasons set forth herein, the Motion for Fees is denied.

## I. Background

On February 21, 2013, this case was conditionally certified as a collective action under the Fair Labor Standards Act ("FLSA"). Doc. 91. Ultimately, 25 potential class members joined the suit. Doc. 91. On May 23, 2014, summary judgment was entered in favor of Defendants, and the Complaint was dismissed. Docs. 226, 227.

Throughout the course of discovery numerous disputes arose. For purposes at issue here in the Motion to Compel (Doc. 145) was Plaintiffs' First Requests for Production on Defendants Waterhouse and Cook, which included 40 identical requests directed to each Defendant. Docs. 145-1 – 145-4. Plaintiffs argued in their Motion to Compel that neither Waterhouse nor Cook provided any substantive responses to this discovery nor produced any documents. Defendants Waterhouse and Cook responded that during the conferral process, counsel informed Plaintiffs that they would not be producing any documents because all documents requested were produced through the corporate Defendants, Wolford College ("Wolford") or CAPA Collier Anesthesia, P.A. ("CAPA"). Defendants further argued that the requests were in contravention of this Court's January 21, 2014 discovery order, in which the Court had approved CAPA's restriction on production and definition of the

relevant time period as extending three years preceding the lawsuit (June 29, 2009 to June 29, 2012). Doc. 144 at 4. In that Order, the Court also found that allegations of student abuse were irrelevant to Plaintiffs' claims against CAPA. *Id.* at 5.

The Court denied the Motion to Compel (Doc. 145) and largely agreed with Defendants' arguments that Plaintiffs were seeking to compel responses to requests to produce that were unlimited in time with no discussion of the Court's prior discovery Order (Doc. 144). Doc. 193. Moreover, Plaintiffs sought to compel discovery regarding any verbal or physical abuse against student registered nurse anesthetists at Wolford, even though the Court had determined that this information was irrelevant. Doc. 144 at 5. The Court further noted in its Order that counsel for Waterhouse and Cook had informed Plaintiffs' counsel that they did not have any personal documents responsive to the requests and that all responsive documents were corporate documents, produced via the corporate defendants, Wolford or CAPA. Doc. 193 at 6-7. Based upon the submissions made by the parties regarding the Motion to Compel, the Court found that Waterhouse and Cook had complied with the document requests at issue and produced all responsive documents through Defendants Wolford and/or CAPA. *Id.* at 7.

A request for an award of attorney's fees and costs was included in Defendants' opposition to the Motion to Compel. Doc. 154 at 16-17. Waterhouse and Cook argued that an award of attorney's fees is warranted because the Motion to Compel was not substantially justified, as Plaintiffs sought documents beyond the limits the

Court had already set for discovery in this matter in its January 21, 2014 discovery Order. Doc. 144. Because Plaintiffs had not been afforded the opportunity to respond to the request for attorney's fees, the Court stated that it would entertain a motion filed by Waterhouse and Cook with appropriate citation to the applicable law and standards for the award of attorney's fees and supporting documentation, to which Plaintiffs would be given the opportunity to respond. Doc. 193 at 7-8. The Court noted that "at least a portion" of Plaintiffs' Motion to Compel did not appear to be substantially justified as it requested production of documents that were already determined to be non-discoverable by the Court in its January 21, 2014 discovery order (Doc. 144). *Id.*

## II. Analysis

Pursuant to Federal Rule 37, if a motion to compel is denied, the prevailing party may be awarded "reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, a court must not award fees and costs if the motion was substantially justified or other circumstances make an award of expenses unjust. *Id.* A motion is "substantially justified" if it raises "a genuine dispute, or if reasonable people could differ as to the [appropriateness of the contested action]." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (alteration in original) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). An award of fees under Federal Rule 37 is considered a sanction on the losing party. *Id.* at 1313. "Thus, as would

be expected, the award of sanctions under Rule 37(a)(5) turns on the specifics of each individual case." *Id.* at 1314.

Based upon a review of the record along with the benefit of the arguments of counsel in the briefing, the Court finds that under the circumstances of this case the imposition of sanctions against Plaintiffs for their conduct is not warranted. The Court notes that a number of correspondence went back and forth between the parties regarding the appropriateness of the Individual Defendants' document production, and reasonable people could differ as to the appropriateness of Plaintiffs' requests. Moreover, discovery in this collective action was contentious and protracted, and it appears that both parties engaged in good faith efforts to resolve discovery disputes, including the disputes at issue in Plaintiffs' Motion to Compel.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants Thomas L. Cook and Lynda M. Waterhouse's Opposed Motion for Entitlement to Attorneys' Fees and Costs (Doc. 223) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record