UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN ABRAHAM, on behalf of themselves and others similarly situated, LAUREN TIDWELL, JEANIE HAKENEWERT, STEPHANIE ALANA MARIE BENJAMIN, CHRISTOPHER M. BOURN, DEREK WHITE, RICHARDO ROSADO, LANNETTE GIBSON, DANIEL PENTON, DENISE ARMINIO, OFELIA BIAGAN, SHEILA SMITH, CELINE VIDAURRI, CHRISTINA VINAS, RICARDO ROSADO, PATRICK C. HARRELL, RACHEL GOODE, JAMIESON WISHMAN, PAUL CALOIAN, JESSICA LINCOLN, and CHRISTOPHER JALACKI,

    Plaintiffs,

v.

COLLIER ANESTHESIA, P.A., a Florida corporation, WOLFORD COLLEGE, LLC, a Florida limited liability company, THOMAS L. COOK, an individual, and LYNDA M. WATERHOUSE, an individual,

    Defendants.

Case No: 2:12-cv-347-FtM-29CM

## OPINION AND ORDER

This matter comes before the Court on defendant Collier Anesthesia, P.A.'s Petition for Costs (Doc. #229), the Verified Motion of Defendants Wolford College, LLC, Thomas L. Cook and Lynda M. Waterhouse to Tax Costs (Doc. #230), and along with defendants

Wolford College, LLC, Thomas L. Cook and Lynda M. Waterhouse's Itemized Bill of Costs (Doc. #231).  Plaintiffs filed Responses (Docs. ## 232, 233) to both requests to tax costs, and specifically objected to a lack of supporting documents.  With leave of Court, Collier Anesthesia, P.A. filed a Reply Memorandum (Doc. #239) to support the initial request, and plaintiffs filed a Surreply in Opposition (Doc. #240) seeking reductions.

**A. Entitlement**

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action."  Fed. R. Civ. P. 54(d)(1). The following costs may be taxed:

> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

> interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.  Additionally, as noted by defendants, the cost of mediation is also deemed a taxable cost pursuant to the Case Management and Scheduling Order (Doc. #87) "[u]pon motion of the prevailing party."  (Doc. #87, § IV.E.)

On February 21, 2013, the Court issued an Opinion and Order (Doc. #91) granting conditional certification of a collective action comprised of all current and former Student Registered Nurse Anesthetists who were enrolled at Wolford College, LLC, and who work or worked for Collier Anesthesia, P.A. on or after August 2009.  After further discovery, on May 23, 2014, the Court issued an Opinion and Order (Doc. #226) granting summary judgment in favor of defendants and against plaintiff.  Judgment (Doc. #227) was entered on the same day.

Defendants, as the prevailing parties, move for costs pursuant to Fed. R. Civ. P. 54(d)(1), and the Court finds that defendants are entitled to costs.  Plaintiffs do not dispute entitlement or that defendants are prevailing parties.

**B. CAPA Supporting Documents**

Defendant Collier Anesthesia, P.A. (CAPA) seeks to recover $10,265.71 in costs, and initially attached a summary (Exh. 1) of

costs and the supporting Affidavit of Jeffrey D. Fridkin, Esq. (Exh. 2). After plaintiffs objected, defendant CAPA provided additional supporting documents with its reply. (Doc. #239.) The costs were itemized and with sufficient description to allow plaintiffs to determine the nature of each delineated cost, and plaintiffs had an opportunity to file a surreply. If plaintiffs had failed to object within 14 days of the initial motion, the Clerk could have taxed the costs without further action by the Court. Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice."). The Court declines to deny the costs for the failure to provide all supporting documents with the initial filing.

**C. CAPA Taxable Costs**

CAPA seeks costs for deposition transcripts, service of subpoenas and witness fees for attendance at the deposition for two individuals, copies for documents produced at the depositions, and for mediation. The Court will address the individual types of costs below, as well as the issue of duplication between defendants.

**(1) Depositions**

While deposition costs for convenience or investigation are not recoverable, deposition costs associated with summary judgment motions and deponents listed on the losing party's witness list are recoverable. EEOC v. W&O, Inc., 213 F.3d 600, 620-21 (11th

Cir. 2000). Whether the costs are taxable "depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id. at 621 (citations omitted).

CAPA attached the invoices associated with the depositions, (Doc. #239-1, Exh. 1), as well as plaintiffs' Witness List (Doc. #239-2, Exh. 2). All of the depositions were either submitted in conjunction with summary judgment or were listed as "Likely to be called" on plaintiffs' list. Defendants filed a Notice of Videotaped Deposition of Sherry Pellone *Duces Tecum* (Doc. #239-3, Exh. 3), a Notice of Videotaped Deposition of Steven F. Woodring, D.O. *Duces Tecum*, and Notice of Reconvening Videotaped Deposition (Doc. #239-4, Exh. 4) without objections and therefore these are permitted deposition costs. Nonetheless, the Court finds that both a paper copy and a videotaped version for Pellone and Woodring were not necessary for use in this case, and therefore the $520.00 will be eliminated. The following deposition costs are sought and will be permitted, and the Court will also allow the nominal $10.00 delivery charge for the depositions.

|  | **REQUESTED** | **ALLOWED** |
|---|---|---|
| Leslie Hussey | $ 653.50 | $ 653.50 |
| Barbara Rose | $ 721.40 | $ 721.40 |
| Daniel Janyja | $ 493.22 | $ 493.22 |

| Sherry Pellone | $   536.00 | $   536.00 |
|---|---|---|
|  | $   260.00 | 0.00 |
| Michael Nolan | $   437.00 | $   437.00 |
| Mark Lignell | $   574.20 | $   574.20 |
| Steven Woodring | $   160.75 | $   160.75 |
|  | $   260.00 | 0.00 |
| Lannette Gibson | $   876.40 | $   876.40 |
| Dustin Abraham | $1,246.90 | $1,246.90 |
| Bill Schumann | $1,562.00 | $1,562.00 |
| **TOTAL** | **$7,781.37** | **$7,261.37** |

**(2) Subpoenas and Witness Fees**

Private process server fees may be taxed within the limits of 28 U.S.C. § 1921 setting fees for the U.S. Marshal. EEOC v. W & O, Inc., 213 F.3d at 624. Under 28 U.S.C. § 1821, a witness attending court or a deposition shall be paid an attendance fee per day, plus other allowed travel expenses. CAPA seeks $290.00 for service of process and witness fees for Pellone and Woodring attending video depositions. The Court disallowed the fees for the additional videotaped depositions and therefore will also reduce the amounts for the witness fees in the amount of $90.00 for the same videotaped depositions. The service of process fees will be taxed for a total of $200.00.

**(3) Copies**

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed. 28 U.S.C. § 1920(4). While costs for color photographs and oversized documents are authorized, costs for charts and exhibits are not statutorily authorized, <u>Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.</u>, 249 F.3d 1293, 1297 (11th Cir. 2001), and copying costs are otherwise evaluated based on their necessity, including for discovery, <u>EEOC v. W & O, Inc.</u>, 213 F.3d at 623. It is not clear that the documents produced and used at depositions were actually necessary for use in this case or submitted for any purpose in support of summary judgment. A large portion of the copies were made for the convenience of counsel and therefore are not taxable. The Court will deny the copying costs in their entirety.

**D. Wolford College, LLC, Thomas L. Cook, & Lynda M. Waterhouse**

Defendants Wolford College, LLC, Thomas L. Cook, and Lynda M. Waterhouse (Wolford collectively) seek to recover $38,454.30 in costs, and filed an Itemized Bill of Costs (Doc. #231) in support. Plaintiffs filed a Response (Doc. #232) in opposition.

**(1) Service of Process**

Wolford seeks $300.00 for service for subpoenas on three separate companies for employment records. (Doc. #231-2, Exh. 1.) Plaintiffs do not object to the necessity of any such records,

however the Court will reduce the amounts as suggested by plaintiffs to an amount in line with 28 U.S.C. § 1921. (Do. #232, p. 4.) It is not clear why the cost for Clinical Partners PLLC Oklahoma and Guardian Anesthesia Services PLLC was $130.00 each, or why a Florida process server was employed for out of state service, and the Court finds that plaintiffs should not be taxed for rush services. Therefore, only $150.00 will be taxed.

**(2) Depositions**

Wolford seeks $29,518.80 for deposition costs. This amount includes the costs of the first copy, expedited overnight charges, exhibits, videos, appearance fees, digital transcripts, and condensed transcripts in addition to the first copy. The Court finds that only one copy was necessary for use in the case and in conjunction with either summary judgment or because a witness was listed on plaintiffs' Witness List. The remaining fees and copies for many of the depositions were for the convenience of counsel, or are not taxable in the amounts requested because the fees constitute appearance fees and not transcript costs. The Court will only permit nominal shipping fees for the transcripts. The depositions will be taxed as provided below.

|                | REQUESTED  | ALLOWED    |
|----------------|------------|------------|
| Dustin Abraham | $2,885.67  | $1,128.95  |
| Ofelia Biagan  | $4,950.42  | $1,748.83  |

| | | |
|---|---|---|
| Thomas L. Cook | $   632.50 | $   623.05 |
| Lauren Corder | $   612.70 | $   596.25 |
| Lannette Gibson | $2,364.86 | $   895.95 |
| Kenneth Kirsner | $1,006.35 | $   784.50 |
| Lahoma Nachtrab | $3,385.80 | $1,234.00 |
| John Nolan | $   763.15 | $   557.20 |
| Michael Nolan | $   437.00 | $   395.70 |
| Sherry Pellone | $   606.60 | $   160.80 |
| Ricardo Rosado | $3,128.62 | $   513.30 |
| Barbara Rose | $   668.65 | $   664.10 |
| Billy Schumann | $3,403.73 | $1,206.50 |
| Christina Vinas | $2,721.45 | $1,314.95 |
| Lynda Waterhouse, individually | $   488.70 | $   462.25 |
| Lynda Waterhouse, corporate rep | $   328.05 | $   324.90 |
| Steven Woodring | $1,134.55 | $   566.25 |
| **TOTAL** | **$29,518.80** | **$13,177.48** |

### (3) Copies

Wolford seeks $1,528.00 for copying costs associated with all filings and discovery in the case, and for employment records, and exhibits to depositions. (Doc. #231-3, Exh. 3.) The total encompasses four sets of documents for counsel in the case for filings, and three sets for the exhibits to depositions. The Court finds that Wolford has failed to show that the copies were

necessary for use in the case such that they should be taxed. The documents were predominately filed electronically with the Court in this case. The Court further finds that duplicate copies for opposing counsel should not be taxed against plaintiffs. The Court will deny the motion as to the entire amount requested.

**(4) Expert Fees**

Wolford seeks $6,600.00 for Kenneth M. Kirsner's expert fees. The fees include preparing for deposition, travel, and Mr. Kirsner's appearance at deposition. A witness appearing in court or for a deposition is entitled to both a fee, and actual expenses of travel including mileage as necessary. 28 U.S.C. § 1821. The one page letter invoice from Mr. Kirsner provides for 13.2 hours for $500 per hour for his time. The actual deposition was only 4.8 hours in length. The Court will permit $40.00 for the appearance at the deposition, and otherwise deny the motion as unsupported.

**E. Mediation Costs**

In Section IV, Subsection E, of the Case Management and Scheduling Order (Doc #87) pertaining to mediation, "[u]pon motion of the prevailing party, the party's share may be taxed as costs in this action." The mediation costs will be taxed as invoiced in the amount of $507.50 for CAPA and in the same amount for Wolford. (Doc. #239-1, p. 31; Doc. #231-5, Exh. 5.)

Accordingly, it is hereby

**ORDERED:**

1. Defendant Collier Anesthesia, P.A.'s Petition for Costs (Doc. #229) is **GRANTED in part and DENIED in part.**

2. Defendants Wolford College, LLC, Thomas L. Cook and Lynda M. Waterhouse's Verified Motion to Tax Costs (Doc. #230) is **GRANTED in part and DENIED in part.**

3. The Clerk shall enter judgment taxing costs against plaintiffs and in favor of Collier Anesthesia, P.A. in the amount of $7,261.37 and in favor of Wolford College, LLC, Thomas L. Cook, and Lynda M. Waterhouse in the amount of $13,367.48.

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of October, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record