UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN
ABRAHAM, on behalf of
themselves and others
similarly situated, LAUREN
TIDWELL, JEANIE HAKENEWERT,
STEPHANIE ALANA MARIE
BENJAMIN, CHRISTOPHER M.
BOURN, DEREK WHITE, LAHOMA
J. NACHTRAB, RICHARDO
ROSADO, LANNETTE GIBSON,
DANIEL PENTON, DENISE
ARMINIO, OFELIA BIAGAN,
SHEILA SMITH, CELINE
VIDAURRI, CHRISTINA VINAS,
RICARDO ROSADO, PATRICK C.
HARRELL, RACHEL GOODE,
JAMIESON WISHMAN, PAUL
CALOIAN, STEVEN TODD LITTLE,
JESSICA LINCOLN, and
CHRISTOPHER JALACKI,

      Plaintiffs,

v.                     Case No: 2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A., a
Florida corporation, WOLFORD
COLLEGE, LLC, a Florida
limited liability company,
THOMAS L. COOK, an
individual, and LYNDA M.
WATERHOUSE, an individual,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Bifurcate (Doc. #274) filed on December 20, 2016.  Plaintiffs filed a response in Opposition (Doc. #276) on January 6, 2017. For the reasons set forth below, Defendants' Motion is denied.

I.

Plaintiffs are twenty-five former student registered nurse anesthetists (SRNAs) who enrolled in Defendant Wolford College, LLC's 28-month nurse anesthesia master's program seeking to become Certified Registered Nurse Anesthetists.   While students at Wolford, Plaintiffs participated as interns in a clinical training program supervised and subsidized by Defendant Collier Anesthesia, P.A.   Though it is undisputed that Plaintiffs knew the internship was unpaid and that completing it was required to graduate, Plaintiffs now claim they functioned as "employees" while at the clinical sites and seek to recover minimum wage and overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.   The Court conditionally certified a collective action (Doc. #91), and twenty-three former SRNAs joined the two original plaintiffs.   (Docs. ## 176, ¶ 6; 197, ¶ 1.)

Each side filed motions for summary judgment.   Finding no material disputed facts on the ultimate question of Plaintiffs' employment status, the Court concluded that "the economic realities of this case establish that Plaintiffs were not 'employees' of any Defendant, and therefore are not entitled to wage and overtime compensation."   (Doc. #226, p. 14.) Accordingly, the Court issued an Opinion and Order (id.) on May 23, 2014 granting Defendants' motions for summary judgment (Docs. ## 174, 181) and denying Plaintiffs' Motion for Partial Summary Judgment (Doc. #173).

On appeal, the Eleventh Circuit vacated the summary judgment and remanded for further proceedings consistent with its opinion. (Doc. #245).  Observing that "a determination of an individual's employment status under the FLSA is a question of law," the Eleventh Circuit conducted a de novo review of the undersigned's legal determination that no employment relationship existed between Plaintiffs and Defendants.  Schumann v. Collier Anesthesia, P.A., 803 F.3d 1199, 1207 (11th Cir. 2015) (citation omitted).  Recognizing that "[t]he tricky part" is determining who falls within the FLSA's definition of "employee," id., the Eleventh Circuit ultimately followed the "primary beneficiary" test of Walling v. Portland Terminal Co., 330 U.S. 148 (1947), but "specifically tailored" those factors to better "identify the primary beneficiary of a modern-day internship for academic credit and professional certification."[1]  Schumann, 803 F.3d at 1203. Rather than "take a position . . . regarding whether [Plaintiffs] were 'employees' for purposes of the FLSA," id. at 1215, the Eleventh Circuit remanded the case to this Court "to apply this test in the first instance" when evaluating the cross motions for summary judgment and "to give the parties an opportunity to further

---

[1] In so doing, the Eleventh Circuit adopted the list of seven non-exclusive, flexible factors identified in Glatt v. Fox Searchlight Pictures, Inc., 791 F.3d 376 (2d Cir. 2015).  Schumann, 803 F.3d at 1211-14.

develop the record to address the components of the test."[2]  Id.
at 1203.

The undersigned entered an Order (Doc. #247) vacating the May
23, 2014 Order (Doc. #226) and the Judgment (Doc. #227) and invited
the parties to file supplemental cross-motions for summary
judgment consistent with the Eleventh Circuit's decision.  The
parties did so.  (Docs. # 248; 249; 251; 252; 253; 256; 257; 258;
259; 260; 264.)

The Court denied (Doc. #269) the three supplemental motions
for summary judgment.  Although the first and seventh Glatt
factors were undisputed and weighed in favor of a finding that
Plaintiffs were students (id. p. 16), the Court found conflicting
evidence as to the other factors, which precluded summary judgment,
both as to those factors, and on the ultimate question of
plaintiffs' employment status.  (Id. pp. 16-38.)  The undersigned
observed in several places that resolution of these material
evidentiary disputes will depend on the jury's weighing each side
of the story and making credibility determinations.  (Id. pp. 26,
34.)

The Court then entered an Order (Doc. #270) reopening the
case and directing the parties to file a new joint Case Management
Report.  On November 28, 2016, the parties submitted their joint

---

[2] The Circuit Court did, however, caution that "[i]n applying the
factors to ascertain the primary beneficiary of an internship
relationship, . . . the proper resolution of a case may not
necessarily be an all-or-nothing determination."  Id. at 1214.

Case Management Report (Doc. #271).  Plaintiffs selected the jury
trial option, but Defendants – for the first time – designated the
trial as "non-jury" and "request[ed] briefing on this issue."  On
December 6, 2016, the Court issued a Second Amended Case Management
and Scheduling Order (Doc. #272).  Noting that Defendants had not
filed a motion to strike Plaintiffs' jury demand, the Court set a
jury trial for the April 2017 term.

Two weeks later, Defendants filed the instant Motion seeking
to bifurcate trial pursuant to Federal Rule of Civil Procedure
42(b).  Defendants assert that because employment status under the
FLSA presents a "question of law," the Court - not the jury -
should first hold a bench trial to make that determination (and,
presumably, to settle any outstanding factual disputes), before a
jury is convened to resolve any remaining issues.  Plaintiffs
oppose bifurcation.

**II.**

Under Rule 42(b), a court has discretionary authority to
bifurcate the resolution of certain issues or claims in a case.
Allstate Ins. Co. v. Vizcay, 826 F.3d 1326, 1333 (11th Cir. 2016).
Notwithstanding such discretion, a court may not grant bifurcation
where doing so would infringe upon a party's Seventh Amendment
right to have a jury decide a particular issue or to issue a final
verdict.  Fed. R. Civ. P. 42(b) ("[T]he court must preserve any
federal right to a jury trial."); Houseman v. U.S. Aviation
Underwriters, 171 F.3d 1117, 1121 (7th Cir. 1999) ("[S]eparate

trials must not be granted if doing so would violate the Seventh Amendment.).

As an initial matter, the Court observes that there is a "well-established . . . right to a jury trial in private actions pursuant to the FLSA." Lorillard v. Pons, 434 U.S. 575, 580 (1978).   It is also well-established, however, that "a determination of an individual's employment status under the FLSA is a question of law." Schumann, 803 F.3d at 1207 (citing Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1310 (11th Cir. 2013)).   In practice, this means that where the material facts are not disputed, the issue of employment status under the FLSA is treated as a pure "question of law" and is appropriately resolved by the judge.   E.g., Martinez-Mendoza v. Champion Int'l. Corp., 340 F.3d 1200, 1215 (11th Cir. 2003) (affirming finding on summary judgment that paper manufacturer was not migrant farm workers' "joint employer" where undisputed facts showed that workers were not "economically dependent" on manufacturer); Aimable v. Long & Scott Farms, 20 F.3d 434, 445 (11th Cir. 1994) (same); Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831, 835 (11th Cir. 2013) (per curiam) (affirming grant of summary judgment for defendants where no genuine issue of material fact existed as to whether medical billing students were employees); Freeman v. Key Largo Volunteer Fire and Rescue Dept. Inc., 494 F. App'x 940 (11th Cir. 2012) (affirming dismissal of FLSA claim where complaint did

not allege facts sufficient to infer that employment relationship existed between volunteer firefighter and fire department).

But this case presents a different scenario.  Here, the Court has already found that material disputed facts do exist, preventing a finding on employment status as a matter of law.  In this posture, Eleventh Circuit case law leaves clear that employment status becomes a mixed issue of law and fact to be resolved by a jury, assuming one has been properly demanded, as it was here.

Such was the situation in Watkins v. City of Montgomery, 775 F.3d 1280 (11th Cir. 2014).  That case involved a group of fire department lieutenants seeking unpaid overtime wages on the ground that they were not subject to the FLSA's "executive exemption." The district court denied their motion for judgment as a matter of law, since "a reasonable jury would have a legally sufficient evidentiary basis to find for the City on the issue of the executive exemption."  Id. at 1286.  The question was then submitted to the jury, which rejected the plaintiffs' FLSA claims. Id.  Despite having demanded a jury trial, the plaintiffs argued on appeal that the legal determination of whether the executive exemption applied should not have been submitted to the jury in the first place.  Id. at 1282.

The Eleventh Circuit disagreed.  After first observing that issues relating to employment status under the FLSA "can present a question of law that falls outside the province of the jury," the Circuit Court stated that this is "not necessarily [always]

the case, and it was not the situation [at hand]." Id. at 1288 (emphasis added). Rather, because the district court had concluded that "the jury first had to resolve issues of fact" relevant to the executive-exemption inquiry, "[t]hat made the question that the jury considered a mixed question of law and fact." Id. Because, in turn, "[i]ssues involving mixed questions of law and fact are typically resolved by juries," id., the jury had determined issues "properly before it." Id. at 1282.

Moore v. Appliance Direct, Inc., 708 F.3d 1233 (11th Cir. 2013) provides further support for this proposition. In that FLSA retaliation case, the defendants moved for judgment as a matter of law at the conclusion of the plaintiff's case-in-chief on the issue of whether an individual defendant was an "employer" under the FLSA. The district court denied the motion and sent the case to the jury, which found for the plaintiff, including on the issue of the non-corporate-defendant's individual "employer" status under the FLSA. The defendants renewed the motion for judgment as a matter of law post-verdict, which was again denied. On appeal, the Eleventh Circuit upheld the district court's denials, since it was clear that "reasonable jurors could differ as to whether [the defendant] was an employer under the requirements of the FLSA." Id. at 1237.

Other Eleventh Circuit cases have reached similar results where material facts are in dispute. E.g., Scantland, 721 F.3d at 1319 (concluding "district court erred in granting summary

judgment to [defendant]" where there existed genuine issues of material fact regarding whether plaintiffs were "employees" under FLSA and remanding to district court for trial); Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1262-63 (11th Cir. 2008) (affirming jury's findings on "very hotly disputed facts" and ultimate legal conclusion that grocery store managers were not subject to FLSA's "executive exemption"); Olivas v. A Little Havana Check Cash, Inc., 324 F. App'x 839, 841 (11th Cir. 2009) (reversing district court's grant of judgment as a matter of law in favor of putative FLSA "employer" where facts could have led "reasonable person" to conclude defendant was indeed plaintiff's "employer" and "remanding for jury trial" on that issue); cf. Werner v. Bell Family Med. Ctr., Inc., 529 F. App'x 541, 543 (6th Cir. 2013) ("[C]ases sensibly acknowledg[ing] that courts eschew summary judgment when presented with genuine disputes of fact[] . . . do not . . . conflict[] with [appellate] FLSA precedents properly treating employment status as a question of law.").

Returning to the case at hand, the Court denied summary judgment on the issue of Plaintiffs' employment status because there exist numerous disputed issues of material fact, the resolution of which will sometimes turn on witness credibility. In other words, the question of Plaintiffs' employment status under the FLSA is "a mixed question of law and fact." Watkins, 775 F.3d at 1288; see also TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 450 (1976) ("[A]n issue may be properly characterized as a

mixed question of law and fact when it involves 'the application of a legal standard to a particular set of facts.'"). As such, it is one for the jury to resolve. Watkins, 775 F.3d at 1288; see also Keller v. Miri Microsystems LLC, 781 F.3d 799, 804-05 (6th Cir. 2015) ("Ordinarily, it is the court's job to determine whether a company has inappropriately classified a worker as an independent contractor. However, when the evidence, viewed in the light most favorable to the plaintiff, reveals that there is a genuine issue of material fact whether the worker is an employee or an independent contractor[] . . . it is the task of the trier of fact to review the evidence and weigh the factors to decide [that issue]." (citations omitted)); Brochu v. City of Riviera Beach, 304 F.3d 1144, 1154-55 (11th Cir. 2002) ("It is the jury's task — not [the judiciary's] — to weigh conflicting evidence and inferences, and determine the credibility of witnesses."). Consequently, bifurcation is not appropriate.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion to Bifurcate (Doc. #274) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 3rd day of April, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record