UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN
ABRAHAM, LAUREN TIDWELL,
JEANIE HAKENEWERT,
STEPHANIE ALANA MARIE
BENJAMIN, CHRISTOPHER M.
BOURN, DEREK WHITE, LAHOMA
J. NACHTRAB, RICHARDO
ROSADO, LANNETTE GIBSON,
DANIEL PENTON, DENISE
ARMINIO, OFELIA BIAGAN,
SHEILA SMITH, CELINE
VIDAURRI, CHRISTINA VINAS,
RICARDO ROSADO, PATRICK C.
HARRELL, RACHEL GOODE,
JAMIESON WISHMAN, PAUL
CALOIAN, STEVEN TODD LITTLE,
JESSICA LINCOLN and
CHRISTOPHER JALACKI,

       Plaintiffs,

v.                                                     Case No:   2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A.,
WOLFORD COLLEGE, LLC,
THOMAS L. COOK and LYNDA M.
WATERHOUSE,

       Defendants.

_____

## ORDER

This matter comes before the Court upon review of Defendant Wolford College,

LLC's ("Wolford") Motion for Sanctions for Failure to Comply with Discovery Order

(Doc. 285) filed on March 8, 2017.   Wolford seeks sanctions for Plaintiffs' alleged

violation of the Court's March 28, 2014 Order.   Doc. 285 at 1.   Specifically, Wolford

seeks as sanctions: (1) to dismiss and strike certain opt-in plaintiffs' notices of consent to join because of their alleged failure to comply with the Court's discovery order; (2) to dismiss all Plaintiffs except five individuals from this action if they do not produce complete discovery responses within seven (7) days; and (3) to award attorney's fees and costs for bringing this motion and Wolford's earlier motions to compel. *Id.* Plaintiffs oppose the requested relief. Doc. 289.

## I.   Background

On June 29, 2012, Plaintiffs Billy Schumann and Dustin Abraham, former students in the nurse anesthesia master's program (Student Registered Nurse Anesthetists ("SRNA")) at Wolford, filed a Complaint (Doc. 1) against Defendants Collier Anesthesia, P.A. ("CAPA"), Wolford, Thomas L. Cook ("Cook"), and Lynda M. Waterhouse ("Waterhouse"), on their own behalf and on behalf of other similarly situated individuals, for minimum wage and overtime compensation relief under the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that Defendants hired them as interns, but did not provide them with any monetary compensation. Doc. 1 ¶¶ 14-15.

CAPA is a for-profit medical group with approximately 15 anesthesiologist (physician) shareholders, which contracts with facilities to provide anesthesia services. Doc. 202 at 2. Physician shareholders of CAPA (along with Waterhouse, who is an officer and Executive Director of CAPA) wholly own Wolford. *Id.* Wolford is a for-profit single purpose college that educates registered nurses in the field of

- 2 -

nurse anesthesia.   *Id.*   Cook was the President of CAPA and Chairman/Chancellor of Wolford.   *Id.*

This case was conditionally certified as a collective action on February 21, 2013, and the 90-day opt-in period ended on July 15, 2013.   Doc. 91.   Prior to the notice period, fourteen (14) individuals had opted in.   Doc. 202 at 3.   Throughout the 90-day period, nine additional former nursing students opted in, resulting in a total of 25 potential class members involved in this suit.   *Id.*   Discovery closed in this case on January 31, 2014.   Doc. 130.

In January 2014, Wolford filed a Motion to Compel Discovery and Production of Documents (Doc. 142) and a Supplemental Motion to Compel Discovery and Production of Documents from Post-Notice Opt-Ins (Doc. 151).   Wolford's motions sought to compel Plaintiffs to produce documents in response to Wolford's Requests Nos. 8, 9, 18, and 19.   Doc. 202 at 3-5.   Wolford's Requests Nos. 8, 9, 18, and 19 state:

> **REQUEST NO. 8:** [1]  All documents reflecting Plaintiff's income, compensation, pay, wages, and earnings since August 1, 2009, including Plaintiff's W-2 forms, payroll statements, earnings statements, paychecks, and federal and state income tax returns for the years 2009, 2010, 2011, and 2012.
>
> **REQUEST NO. 9:**[2] All documents related to Plaintiff's employment as a Certified Registered Nurse Anesthetist, including, but not limited to, job descriptions, job duties, job responsibilities, evaluations, performance-related documents, and all pay, wage and compensation and benefit documentation.

---

[1]  The request number is 8 in both pre- and post-notice opt-ins requests for production.

[2]  The request number is 9 in both pre- and post-notice opt-in requests for production.

> **REQUESTS NOS. 18, 19**: All professional certifications and licenses obtained by Plaintiff, including but not limited to nursing certifications and licenses and all documents relating to applications for such certifications and licenses and to Plaintiff's qualifications for certification or licensing.[3]

Docs. 142 at 3-4; 151 at 4-7; 202 at 3-5.   Plaintiffs objected to the requests and opposed Wolford's motions to compel.   Docs. 147, 163.

On March 26, 2014, the Court held a hearing on, among other motions, Wolford's motions to compel (Docs. 142, 151) and subsequently issued a discovery order granting them in part on March 28, 2014 ("Discovery Order").   Docs. 195, 202. The Discovery Order directed Plaintiffs to produce documents in response to Requests Nos. 8, 9, 18, and 19 as modified by Wolford at the hearing, but limited the production to the time period of June 29, 2009 to June 29, 2012.   Doc. 202 at 7-8.   Plaintiffs' production of documents was due April 18, 2014.   *Id.*   On April 18, 2014, Plaintiffs filed a motion for extension of time to comply with the Discovery Order, seeking to extend their deadline of April 18, 2014 to May 2, 2014.   Doc. 214.   On April 21, 2014, the Court granted in part Plaintiffs' motion for extension and extended their deadline to produce documents to April 28, 2014.   Doc. 216.

On May 23, 2014, Senior United States District Judge John E. Steele granted Defendants' motions for summary judgment (Docs. 174, 181) and denied Plaintiffs' Motion for Partial Summary Judgment (Doc. 173).   Doc. 226 at 15-16.   Judge Steele entered judgment in favor of Defendants and directed the Clerk of Court to terminate

---

[3] Wolford modified this request at the hearing held on March 26, 2014 with regard to the applications, seeking only the applications for licenses, not certifications.   Docs. 195; 202 at 5 n.4.

all deadlines as moot and close the file.   *Id.* at 16.   Accordingly, the Clerk of Court entered Judgment in a Civil Case in favor of Defendants.   Doc. 227.   On June 20, 2014, Plaintiffs filed a Notice of Appeal, notifying that they appealed the Opinion and Order (Doc. 226) and Judgment (Doc. 227).   Doc. 235.

On September 11, 2015, the Eleventh Circuit Court of Appeals issued an opinion vacating the entry of summary judgment for Defendants and remanding this case for further proceedings consistent with the opinion.   Doc. 245.   As a result, on October 16, 2015, Judge Steele vacated the Opinion and Order (Doc. 226) and Judgment (Doc. 227) and allowed the parties to file supplemental cross-motions for summary judgment consistent with the Eleventh Circuit's opinion within thirty (30) days of the Order.   Doc. 247 at 2-3.

On October 27, 2016, Judge Steele denied Defendants' motions for summary judgment (Docs. 248, 249) and Plaintiffs' motion for partial summary judgment (Doc. 251).   Doc. 269.   Judge Steele also reopened this matter and ordered the parties to submit proposed deadlines for the remainder of this case.   Doc. 270.   On November 28, 2016, the parties filed a Post-Summary Judgment Case Management Report that did not include any proposed discovery deadline.   Doc. 271.   On December 6, 2016, Judge Steele entered a Second Amended Case Management and Scheduling Order (the "Second Amended CMSO"), which did not reopen discovery in this matter.   Doc. 272.

## II.   Wolford's Motion for Sanctions for Failure to Comply with Discovery Order (Doc. 285)

### a.   *The parties' history of discovery disputes following the Discovery Order*

Wolford alleges that in response to the Discovery Order, Plaintiffs' counsel emailed Wolford's counsel on April 17, 2014, notifying that Plaintiffs would produce only some of the requested documents.   Doc. 285 at 7-8.   Wolford states that Plaintiffs' counsel also requested an extension until May 2, 2014 to produce documents for certain plaintiffs, which Wolford opposed.   *Id.* at 8.   On April 18, 2014, Plaintiffs filed a motion for extension, which the Court granted in part by extending their deadline to produce documents to April 28, 2014.   *Id.*; Doc. 216. Wolford alleges that on May 20, 2014, its counsel contacted Plaintiff's counsel to inquire about the deficient production of documents by opt-in plaintiffs Denise Arminio ("Arminio"), Christopher M. Bourn ("Bourn"), Paul Caloian ("Caloian"), Celine Vidaurri ("Vidaurri"), Derek White ("White"), and Jamieson Wishman ("Wishman").   Doc. 285 at 8.   Wolford states that it requested a response by the close of business the following day.   *Id.*

Next day, Wolford argues that Plaintiff's counsel responded by again asking for an extension until May 27 or 28, 2014 to confer with his clients and to address Wolford's concerns.   *Id.* at 9.   According to Wolford, Wolford's counsel advised that Wolford would withhold filing its motion for sanctions and requested a specific time on May 27, 2014 by which Wolford could anticipate Plaintiffs' discovery response.

*Id.*  Wolford states that on May 23, 2014, Judge Steele granted Defendants' motions for summary judgment, abating the parties' discovery issues.  *Id.*; Doc. 226.

Wolford admits that after the Eleventh Circuit remanded this case, discovery did not reopen in this matter, and the parties submitted supplemental summary judgment motions.  Doc. 285 at 9.  Wolford alleges that on February 22, 2017, when Wolford began preparing its exhibit lists for trial, it realized that Plaintiffs did not comply with the Discovery Order.  *Id.*  As a result, Wolford argues that it initiated conferral with Plaintiffs' counsel, who responded that Wolford objected to re-opening discovery prior to filing supplemental summary judgment motions and therefore could not seek new discovery.  *Id.* at 9-10.  Wolford asserts that Wolford does not seek new discovery, and as of date, Plaintiffs have not complied with the Discovery Order.  *Id.* at 10.  Wolford submits a list of documents that Plaintiffs allegedly failed to produce in violation of the Discovery Order.  *Id.* at 10-14.

Plaintiffs provide a different history of the parties' disputes following the Discovery Order.  Doc. 289 at 1-3.  Plaintiffs allege that the parties met on May 14, 2014 during which Wolford did not mention Plaintiffs' alleged deficient production. *Id.* at 1.  According to Plaintiffs' counsel, on May 20, 2014 when Wolford's counsel notified that Wolford still believed Plaintiffs' production was deficient, Plaintiffs' counsel responded that Plaintiffs completed production on April 28, 2014 and were unaware of Defendants' objections.  *Id.* at 2.  Plaintiffs allege that Plaintiffs' counsel spoke with each of twenty-five Plaintiffs and confirmed that they diligently searched and produced all of the documents they could find.  *Id.*  Nonetheless,

Plaintiffs state that their counsel offered to confer with each Plaintiff regarding the specific items requested by Wolford and agreed to re-confer with Wolford's counsel on May 27, 2014.   *Id.*   Before the parties re-conferred, however, Plaintiffs argue that Judge Steele granted Defendants' motions for summary judgment, terminating all motions and deadlines as moot and closing the file.   *Id.*; Doc. 226.

Approximately one year and a half later, when the Eleventh Circuit remanded this case for further proceedings, Plaintiffs allege that although their counsel suggested the parties work on a revised case management report to allow some additional discovery, Wolford's counsel responded that the parties do not need additional discovery.   *Id.*   Plaintiffs also argue that Wolford did not raise any concern about outstanding discovery at that time.   *Id.*   Furthermore, when Judge Steele ordered the parties to submit a revised case management report on October 27, 2016, Plaintiffs assert that Wolford still did not raise any concern about outstanding discovery.   *Id.* at 3.   Even when the parties met on February 14, 2017 to prepare their joint pretrial statement, Plaintiffs claim that Wolford did not voice any concern about discovery.   *Id.*   Rather, Plaintiffs argue that Wolford raised its discovery concern for the first time in nearly three years on February 22, 2017.   *Id.* As a result, Plaintiffs assert that they oppose Wolford's present motion as untimely and improper.   *Id.*

   b.   *The parties' arguments regarding Wolford's motion for sanctions*

Wolford argues that, among many allegedly unproduced items, Plaintiffs wrongfully withheld tax returns.   Doc. 285 at 14.   Wolford asserts that, according

to the produced federal tax returns, certain Plaintiffs swore under penalty of perjury to the United States Government that they are students, not interns or unpaid workers, and were entitled to tax deductions for tuition and fees and to education credits as a student enrolled at or attending an eligible educational institution. *Id.* at 14-15. Wolford claims that a discovery response that a tax return is not within one's possession when the return is within the control of a party is evasive and not substantially justified and therefore warrants sanctions. *Id.* at 15. Wolford argues that the same is true for Plaintiffs' CRNA certifications/licenses and CRNA employment documents. *Id.* at 16.

Wolford asserts that Plaintiffs refused to comply with their discovery obligations because they believed that individual discovery is inappropriate in a FLSA collective action. *Id.* at 17. Throughout this matter, Wolford claims that Defendants have been prevented from individual discovery because (1) Plaintiffs refused to produce documentation; (2) Defendants were limited to only ten depositions of Plaintiffs and the non-student witnesses identified by Plaintiffs; (3) Plaintiffs argued that individualized discovery is inappropriate in a FLSA collective action; and (4) Plaintiffs still subjected Defendants to discovery. *Id.* at 19.

Wolford further argues that the opt-in plaintiffs have shown a pattern of failure to comply with their discovery obligations throughout this case. *Id.* at 21. According to Wolford, the opt-in plaintiffs disregarded the Court's Order and made only partial production, evidenced by nine post-notice opt-in plaintiffs' nearly identical and evasive answers to Wolford's interrogatories. *Id.* at 21 n.5. Wolford

asserts that two of the sixteen pre-notice opt-in plaintiffs produced any documents in response to the FLSA Scheduling Order, and only seven opt-in plaintiffs produced any documents in response to Wolford's request for production of documents.   *Id.* at 21.   Wolford claims that eight opt-in plaintiffs had not produced any document throughout the entire course of the case.   *Id.*   Wolford argues that production by Arminio, Bourn, Caloian, Vidaurri, White, and Wishman remains deficient in violation of the Discovery Order.   *Id.* at 21-22.   As a result, Wolford seeks the Court (1) to dismiss Arminio, Bourn, Caloian, Vidaurri, White, and Wishman; (2) to dismiss without prejudice other plaintiffs except certain individuals absent immediate production within seven days; and (3) to award attorney's fees and costs.   *Id.* at 22.

In response, Plaintiffs argue that many documents Wolford claims as "missing" were not in possession of or available to Plaintiffs.   Doc. 289 at 4.   For instance, Plaintiffs state that the opt-in plaintiff Daniel Penton did not have a copy of the 2014 tax return, and several Plaintiffs did not file tax returns for the years at issue.   *Id.* Plaintiffs allege that the opt-in plaintiff Christina Vinas did not file tax returns in 2010 and 2011, and another opt-in plaintiff Jessica Zoccali did not file tax returns in 2009 and 2010.   *Id.*   Plaintiffs assert that several Plaintiffs are in the same position because they have not filed tax returns or retained them as of 2014.   *Id.*   According to Plaintiffs, to obtain copies of tax returns from the IRS, the IRS requires a fee of $57 per each tax year and sixty (60) days to produce the requested copies.   *Id.* at 12. Plaintiffs claim that given this, they could not have provided tax returns within the

timeframe set by the Court in 2014, before the trial term set in 2014, within seven days as requested by Wolford, or before the current trial term.   *Id.*

Furthermore, Plaintiffs argue that Plaintiffs graduated from Wolford in 2011 and 2012, and many of them moved across the country after graduation.   *Id.* at 4-5. Hence, Plaintiffs assert that it is not unreasonable for them to discard the records from their school years prior to joining this lawsuit and well before 2014.   *Id.* at 5. As a result, Plaintiffs claim that they complied with the Discovery Order to the best of their ability.   *Id.*

In addition, Plaintiffs argue that the Court should deny Wolford's present motion as untimely based on the doctrine of waiver.   *Id.*   Plaintiffs assert that Wolford waited sixteen months until the eve of the trial to raise this motion.   *Id.* at 6-7.   Plaintiffs argue that despite having sixteen months to raise discovery concerns, Wolford chose not to raise them even when Plaintiffs suggested re-opening discovery in this matter.   *Id.* at 11.   In fact, Plaintiffs claim that Wolford's present motion is an attempt to reduce Plaintiffs' class size.   *Id.* at 8.   Regardless, Plaintiffs argue that dismissal is not an appropriate sanction because dismissal is an extreme sanction, and Plaintiffs committed no clear violation of the Discovery Order.   *Id.* at 9.   Plaintiffs assert that they made every effort to comply with the Discovery Order and did not refuse to actively participate.   *Id.* at 11.

First, the Court finds that Wolford's present motion for sanctions is untimely. *Coleman v. Starbucks*, No. 6:14-cv-527-Orl-22TBS, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) ("While there is no local or federal rule setting a precise deadline

for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable' time period.") (citing *Hoai Thanh v. Hien T. Ngo*, Civ. No. PJM 11-1992, 2013 WL 1976009, at *2 (D. Md. May 10, 2013)); *Wane v. Loan Corp.*, 926 F. Supp. 2d 1312, 1319 (M.D. Fla. 2013) (denying Rule 37 sanctions of striking the affidavit partly because the plaintiffs did not file a motion to compel when they realized the information was missing).   "Rule 37 does not expressly state a time limitation upon which a party must file a motion for sanctions; however, an unreasonable delay will generally result in a waiver of the motion."   *United States v. Stinson*, No. 6:14-cv-1534-Orl-22TBS, 2016 WL 8488241, at *5 (M.D. Fla. Nov. 22, 2016) (citing *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994)); *Wane*, 926 F. Supp. 2d at 1319.   "The court's decision whether or not to find waiver is discretionary." *Stinson*, 2016 WL 8488241, at *5 (citing *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012)).   "The timeliness of a motion for sanctions depends on such factors as when the movant learned of the discovery violation, how long he waited before bringing it to the court's attention, and whether discovery has been completed."   *Id.* (citing *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 91 (D.D.C. 2008)).   Based on the above standard, the court in this District found that the Rule 37 motion was untimely because the movant "delayed unreasonably by waiting over a year after the discovery deadline to bring the issue to the [c]ourt's attention."   *Id.*

Here, Wolford unreasonably waited approximately three years to file the present motion for sanctions since Wolford allegedly learned of Plaintiffs' violation of

the Discovery Order.  *See id.*   Wolford admits that it contacted Plaintiffs' counsel to notify Plaintiffs' alleged failure to comply with the Discovery Order on May 20, 2014, approximately three years prior to filing of this motion.   Doc. 285 at 8.   While it is true that the Opinion and Order granting Defendants' summary judgment motions rendered the parties' discovery disputes moot, the Eleventh Circuit remanded this case for further proceedings on September 11, 2015, which still was approximately one year and a half prior to filing of this motion.   Doc. 245.   As a result, Judge Steele vacated Judgment in favor of Defendants (Doc. 227) and directed the parties to file supplemental cross-motions for summary judgment on October 16, 2015.   Doc. 247. Plaintiffs allege that when they suggested working on a revised case management report to allow additional discovery, Defendants stated that additional discovery "is not needed here by any party."   Doc. 289 at 2; Doc. 289-1 at 1.

Even assuming that Wolford was reasonable in not seeking to reopen discovery then, Wolford waived another chance to seek the allegedly missing documents from Plaintiffs.   On October 27, 2016, Judge Steele denied both parties' motions for summary judgment and directed the parties to submit a new and joint case management report within thirty days.   Docs. 269, 270.   On November 28, 2016, the parties filed a Post-Summary Judgment Case Management Report that seeks a trial term of April 17, 2017 and does not include a new discovery deadline.   Doc. 271 at 1-2.   Neither did Wolford move to compel or sanction Plaintiffs on the basis of Plaintiffs' alleged non-compliance with the Discovery Order.   On December 6, 2016, based on the parties' joint case management report, Judge Steele entered the Second

Amended CMSO, setting a trial term of April 3, 2017.   Doc. 272 at 2.   As a result, by consenting to not reopen discovery and waiting until one month before the trial term to file the present motion, the Court finds that Wolford unreasonably delayed in filing the present motion and therefore waived a Rule 37 motion for sanctions. *Stinson*, 2016 WL 8488241, at *5; *Coleman*, 2015 WL 2449585, at *8.

In addition, the Court finds that Plaintiffs' behavior does not warrant sanctions, especially the dismissal of Plaintiffs as desired by Wolford.   Doc. 285 at 1. Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that if a party fails to obey a discovery order, the court where the action is pending may issue "further just orders" such as:

> . . .
>
> (v)     dismissing the action or proceeding in whole or in part;
>
> (vi)    rendering a default judgment against the disobedient party;
>
> . . .

Fed. R. Civ. P. 37(b)(2)(A).   The courts enjoys "substantial discretion in deciding whether and how to impose sanctions under Rule 37."   *Chudasama v. Mazda Motor Corp.*, 123 F.3d. 1353, 1366 (11th Cir. 1997) (citation omitted).   In imposing sanctions under Rule 37, the court may consider "the unsuitability of another remedy, the intransigence of a party, and the absence of an excuse."   *Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113, 116 (M.D. Fla. 1997).

The Eleventh Circuit held, however, that "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions

would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citations omitted).   Hence, "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Id.* (citation omitted).   In other words, "[d]ismissal will not be upheld if a party's failure to comply is due to inability rather than willfulness, bad faith or disregard of responsibilities." *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) (citation omitted).   "When a party demonstrates a flagrant disregard for the court and the discovery process, however, dismissal is not an abuse of discretion." *Id.* (citation omitted).

    Here, the Court does not find Plaintiffs' flagrant disregard of the Discovery Order.   *See id.*   Plaintiffs argue that they produced "every document they could find after a diligent search."   Doc. 289 at 9.   When Wolford expressed concerns with Plaintiffs' allegedly deficient production on May 20, 2017, Plaintiffs' counsel indicated that counsel "conferred with each of the 25 Plaintiffs, and each Plaintiff confirmed that they made a diligent search and provided us the responsive documents (which we produced)."   Doc. 289-3 at 1.   Yet, Plaintiffs' counsel offered to re-confer with each Plaintiff and provide an explanation for missing documents.   *Id.*

    Furthermore, Plaintiffs provide detailed explanations for each Plaintiff's allegedly missing documents.   Doc. 289 at 14-19.   For instance, Plaintiffs allege that although Wolford asserts Arminio did not provide 2009 and 2011 tax returns, Arminio did not file a tax return in 2011 and does not have a copy of her 2009 tax

return.   Doc. 285 at 10; *Id.* at 15.   Similarly, Plaintiffs argue that contrary to Wolford's argument that Stephanie Benjamin did not produce a 2009 tax return, Stephanie Benjamin did not file a tax return in 2009.   Docs. 285 at 10; 289 at 15. As to Wolford's concern that Michael Woodland did not provide tax returns and his documents are unreadable, Plaintiffs assert that their counsel is able to read the provided documents, and Woodland produced two IRS 1098-T forms and 2010 and 2011 W-2 forms.   Docs. 285 at 14; 289 at 19.

The Court finds that Plaintiffs' production of documents coupled with Plaintiffs' explanations do not show Plaintiffs' willfulness, bad faith, or disregard of the Discovery Order.   *Aztec Steel*, 691 F.2d at 481.   Wolford also does not show that sanctions less severe than dismissal would be ineffective against Plaintiffs.   *Id.* at 482 (affirming the district court's dismissal of the plaintiff's claims because "the court found that [the plaintiff] knowingly and willfully failed to comply with court ordered discovery and that sanctions less severe than dismissal would be ineffective.").   In addition, upon review of the parties' arguments, the Court finds that the parties could have verified easily the contents of the unreadable documents and the apparent reasons for the missing documents by conferring with each other rather than seeking the Court's involvement.   *See Sprague v. Indep. Bank*, No. 2:16-cv-88-FtM-29CM, 2016 WL 6778931, at *3 (M.D. Fla. Nov. 16, 2016) ("[A]ttorneys and litigants should conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay.").

In support of its arguments in favor of dismissing Plaintiffs, Wolford cites to *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 950 (11th Cir. 2007).   Doc. 285 at 18.   The district court in *Anderson*, however, dismissed fifty-six opt-in plaintiffs "for failure to comply with discovery requests," which is clearly not the case here.   *Anderson*, 488 F.3d at 950.   Plaintiffs state that they produced 826 pages of additional documents in response to the Discovery Order.   Doc. 289-3 at 1.

Wolford also argues that *Pluvoise v. American Coach Lines of Orlando, Inc.*, No. 6:18-cv-ORL-31KRS, 2009 WL 2382250, at *2-*4 (M.D. Fla. July 31, 2009), *adopted by* 2009 WL 2500460 (M.D. Fla. Aug. 14, 2009), supports dismissing Plaintiffs here.   Doc. 285 at 19.   In *Pluvoise*, the court dismissed certain opt-in plaintiffs because they did not provide any discovery response to the discovery requests in complete violation of the court's order or violated the court's order to supplement their discovery responses.   *Pluvoise*, 2009 WL 2382250, at *2.   The Court finds that *Pluvoise* is distinguishable from this case because Plaintiffs here produced what they had in their possession.   *See id.*; Doc. 289-3 at 1.   As Wolford concedes, every Plaintiff here produced at least a few pages of documents in response to the Discovery Order, amounting to a total of 826 pages.   Docs. 285 at 10-14; 289-3 at 1.   Furthermore, the Court neither issued any Order requiring Plaintiffs to supplement their discovery responses nor found Plaintiffs in violation of the Court's Order.   *Pluvoise,* 2009 WL 2382250, at *2.

Based on the above analysis, the Court finds that Wolford waived its Rule 37 motion for sanctions, and the sanction of dismissal as requested by Wolford is not

warranted in this case.   *Aztec Steel*, 691 F.2d at 481; *Stinson*, 2016 WL 8488241, at

*5.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant Wolford College, LLC's Motion for Sanctions for Failure to Comply

with Discovery Order (Doc. 285) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record