UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN ABRAHAM, on behalf of themselves and others similarly situated, LAUREN TIDWELL, JEANIE HAKENEWERT, STEPHANIE ALANA MARIE BENJAMIN, CHRISTOPHER M. BOURN, DEREK WHITE, LAHOMA J. NACHTRAB, RICHARDO ROSADO, LANNETTE GIBSON, DANIEL PENTON, DENISE ARMINIO, OFELIA BIAGAN, SHEILA SMITH, CELINE VIDAURRI, CHRISTINA VINAS, RICARDO ROSADO, PATRICK C. HARRELL, RACHEL GOODE, JAMIESON WISHMAN, PAUL CALOIAN, STEVEN TODD LITTLE, JESSICA LINCOLN, and CHRISTOPHER JALACKI,

      Plaintiffs,

v.                Case No: 2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A., a Florida corporation, WOLFORD COLLEGE, LLC, a Florida limited liability company, THOMAS L. COOK, an individual, and LYNDA M. WATERHOUSE, an individual,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendants' March 8, 2017, Motion (Doc. #288) seeking reconsideration of a portion of the Court's October 27, 2016 Order (Doc. #269) denying the parties'

cross-motions for summary judgment. Plaintiffs filed a Response in Opposition (Doc. #293) on March 22, 2017. For the reasons set forth below, the motion is denied.

**I.**

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

**II.**

Defendants contend that reconsideration is needed to remedy the Court's "clear error" in denying summary judgment on whether Defendants "willfully" violated the FLSA and, relatedly, on whether their "good faith" insulates them from having to pay Plaintiffs liquidated damages. A violation of the FLSA is "willful" if the "employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." Alvarez Perez v. Sanford-Orlando Kennel Club,

Inc., 515 F.3d 1150, 1162-63 (11th Cir. 2008) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)); see also Davila v. Menendez, 717 F.3d 1179, 1184 (11th Cir. 2013) ("An employer willfully violates the Act if he should inquire as to whether his actions violate the Act, but fails to do so."). The Court denied summary judgment on the willfulness issue because the record contains "facts from which a reasonable jury could conclude Defendants either knowingly violated the FLSA or showed reckless disregard for its provisions." (Doc. #269, p. 41.) That a jury would decide willfulness "in turn[] render[ed] summary judgment on the issue of liquidated damages similarly inappropriate." (Id. p. 42 (citing Alvarez Perez, 515 F.3d at 1166).)

According to Defendants, reconsideration of these conclusions is warranted in light of findings the Court made in a prior Order (Doc. #226) granting summary judgment for Defendants. Specifically, Defendants argue that this Court's previous "finding that Defendants were 'right' under the then-applicable economic realities test has never been disturbed by the Eleventh Circuit." (Doc. #288, p. 2.) It is, therefore, "clear error (and illogical) to find that Defendants engaged in willful conduct when the only reason they have now been found 'possibly wrong' is the application of a newly created legal test" (id.), particularly since "the same record . . . was before the Court when it issued [the prior decision]." (Id. p. 8.)

But the Eleventh Circuit vacated this Court's summary judgment order in Schumann v. Collier Anesthesia, P.A., 803 F.3d 1199 (11th Cir. 2015). Moreover, rather than create a "new" test imposing FLSA liability where it did not previously exist, Schumann "effectively tweak[s] the Supreme Court's considerations in evaluating the training program in Portland Terminal[1] to make them applicable to modern-day internships [for academic credit and professional certification]."[2] 803 F.3d at 1212; see also id. at 1203 ("[W]e now adopt an application of Portland Terminal's "primary beneficiary" test specifically tailored to account for the unique qualities of the type of internship at issue in this case.").

Additionally, per this Court's invitation, the parties supplemented the evidentiary record with new material after remand. That record does not foreclose, as a matter of law, the possibility that Defendants may have "willfully" violated the FLSA. See Davila, 717 F.3d at 1185 (concluding that "[t]he district court erred when it entered a judgment as a matter of law that the [defendants] did not willfully violate the minimum wage laws" where the plaintiff had introduced evidence from which a

---

[1] Walling v. Portland Terminal Co., 330 U.S. 148 (1947).

[2] As the Court noted when denying summary judgment on the willfulness issue, the situation would be different if, as a matter of law, students could *never* be deemed "employees" under the FLSA prior to Schumann. (Doc. #269, p. 41, n.44.)

reasonable jury could have reached the opposite conclusion).  To the contrary, the record continues to support denial of summary judgment on that issue and, in turn, also on the issue of liquidated damages.[3]  Id. at 1186.  The Court thus finds no basis for reconsideration.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion for Reconsideration (Doc. #288) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 12th day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[3] Defendants argue that even if they "had 'assumed' that the FLSA did not apply to [their] students (which they did not), the Eleventh Circuit's holding in Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831, 833 (11th Cir. 2013) is directly on point to this issue."  (Doc. #288, p. 10; see also id. p. 11 ("Kaplan remains valid Eleventh Circuit precedent, and it is directly applicable to the facts of this case . . . .").)  Reliance on Kaplan is misplaced.  As an unpublished case, Kaplan has never been binding and could not have been treated as such.  Moreover, Kaplan was decided in 2013 - after Plaintiffs had already filed suit - and thus could not have assured Defendants that the FLSA did not apply to their students.  In any event, after Schumann, Kaplan does not state the appropriate standard by which to adjudge whether Defendants knowingly or recklessly violated the FLSA.