UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, an individual, and DUSTIN ABRAHAM, an individual, on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

COLLIER ANESTHESIA, P.A., a Florida corporation, WOLFORD COLLEGE, LLC, A Florida limited liability company, THOMAS L. COOK, an individual, and LYNDA M. WATERHOUSE, an individual,

    Defendants.

Case No: 2:12-cv-347-FtM-29CM

---

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this civil case. After I have completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

1

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

Defendants Wolford College, LLC and Collier Anesthesia, P.A. are business entities. The fact that business entities are involved as parties must not affect your decision in any way. A business entity and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a business entity is involved, of course, it may act only through people as its employees; and, in general, a business entity is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard

anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias.

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a

preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim

### The Fair Labor Standards Act

Plaintiffs are 25 former student registered nurse anesthetists (SRNAs) who enrolled in Defendant Wolford College, LLC's 28-month nurse anesthesia master's program seeking to become Certified Registered Nurse Anesthetists (CRNAs). Plaintiffs claim that defendants did not pay them the minimum wage and overtime pay required by the federal Fair Labor Standards Act, also referred to as the FLSA, during the 16 month clinical portion of the master's program. Each Plaintiff asserts that he or she functioned as an "employee" while at various Collier Anesthesia clinical sites during the clinical portion of the master's program. Defendants assert that Plaintiffs were never their employees.

7

As relevant to this case, to succeed on their claim against Defendants, Plaintiffs must prove each of the following facts by a preponderance of the evidence:

(1) Plaintiffs were employees of at least one of the Defendants;

(2) Defendant(s) failed to pay Plaintiffs the minimum wage and/or overtime pay required by the FLSA; and

(3) The number of hours each Plaintiff worked as an employee.

As to the second element, all parties agree that none of the Plaintiffs were paid by any Defendant for any of the time they participated in the clinical portion of the Wolford College master's program. All parties also agree as to the amount of the minimum hourly wage which had to be paid by an employer on the dates involved in this case. Therefore, these two issues have been resolved, and you will not be called upon to decide them. Instead, what you must decide is whether any Plaintiff was an "employee" of at least one of the Defendants, and if so, which of the Defendants was an "employer," whether the employer's non-payment was willful, and the number of hours each employee worked each week.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

Employee Status

For the first element, each Plaintiff must prove that he or she was an employee of at least one of the Defendants. An "employee" is any individual who an employer allows to perform work which primarily benefits the employer.

The mere fact that an employer obtains a benefit from providing a clinical program does not mean that the employer is the primary beneficiary of the relationship and does not, standing alone, result in the students becoming "employees." Instead, to determine the primary beneficiary in the relationship you are to focus on the benefits to the student, while still considering whether the manner in which the employer implements the clinical program takes unfair advantage of or is otherwise abusive towards the students.

In making your determination as to the primary beneficiary of the relationship, you should consider all relevant factors, including, but not limited to:

(1) The extent to which Plaintiffs and Defendants clearly understood that that there was no expectation of compensation for their clinical program.

(2) The extent to which the SRNA clinical program provided training that would be similar to that which would be given in an educational environment, including the clinical and other hands-on training provided by educational institutions.

(3) The extent to which the clinical program was tied to the Plaintiffs' formal education program by integrated coursework or the receipt of academic credit.

(4) The extent to which the clinical program accommodated Plaintiffs' academic commitments by corresponding to the academic calendar. In assessing this factor, you should consider whether a legitimate reason existed for clinical training to occur on days Wolford College was out of session, including weekends, major holidays, and a period following the semester.

(5) The extent to which the clinical program's duration was limited to the period in which the clinical program provided the SRNAs with beneficial learning.

(6) The extent to which the SRNAs' work either complemented or displaced the work of paid employees while providing significant educational benefits to the SRNA. A Medicare Revised Teaching Rule contemplates the use of two SRNAs to assist one CRNA in two rooms simultaneously. You cannot use Collier Anesthesia's use of this Revised Teaching Rule as evidence that it unfairly took advantage of the students when it scheduled two SRNAs to be supervised by a single CRNA. You may, however, consider the extent that CRNA hours may have been displaced by SRNA hours for reasons other than the Revised Teaching Rule.

(7) The extent to which Plaintiffs and Defendants understood that the clinical program was conducted without entitlement to a paid job at the conclusion of the clinical program.

11

  (8) The extent, if any, to which Defendant Wolford College LLC's status as a for-profit entity caused or resulted in educational deficiencies for the students.

  (9) The extent, if any, to which the ownership of Wolford College by some physicians who are also owners of Collier Anesthesia, PA along with Defendant Lynda Waterhouse, caused or resulted in educational deficiencies for the students.

No one factor is dispositive, and not all factors need to favor the same outcome. Rather, you should weigh and balance all the factors in determining whether or not Plaintiffs were "employees."

The application of these factors is not necessarily an all-or-nothing determination. That is, it may be that a portion of a Plaintiff's efforts primarily served his or her own educational needs, while another portion of Plaintiff's efforts primarily benefitted Defendants. If that is the case, then Plaintiffs are entitled to be paid only for those hours that they were "employees," i.e., those hours that their work primarily benefitted Defendants.

Individuals who are "employees" cannot waive their right to the minimum wages and overtime pay required by the FLSA. Similarly, if an employee is entitled to such minimum wages and overtime pay, an employer cannot refuse to pay it for any reason.

Employer Status

Under the FLSA, a single individual may be employed by two or more employers at the same time. If the facts establish that an employee is employed jointly by two or more employers, all of the employers are responsible for compliance with provisions of the FLSA.

You must decide whether those Plaintiffs you found to be employees were employed by more than one employer. The FLSA imposes liability on those who control the entity's financial affairs and can cause it to compensate or not compensate employees in accordance with the FLSA. This determination must be made in light of the economic realities of the entire relationship between the parties and consideration of all the circumstances surrounding the work relationship. Factors to consider include the nature and degree of control over the employee and who exercises that control; who has the opportunity for profit and loss; the ownership of the property

or facilities where the employee works; the involvement in the day-to-day operation of the entity; the degree of direct or indirect responsibility for supervision of the students and who exercises that supervision; and decision-making authority concerning the payment of wages. No single factor is determinative. Nevertheless, the extent of the right to control the means and manner of the individual's performance is the most important factor.

Willfulness of Employer's Non-Payment

For any Defendant you find to be an employer, you must also determine whether the non-payment of the minimum wage and overtime pay was willful. An employer's conduct is willful if the employer either knew of or showed reckless disregard to the FLSA's requirements regarding minimum wage or overtime.

Number of Hours Worked

If you find that a Plaintiff was an employee at any time during the clinical program, you must determine the number of hours per week that the Plaintiff worked. In this case, the Collier Anesthesia Employee's Handbook stated that the general workweek began at 7:01 a.m. on Monday and ended at 7:00 a.m. the following Monday.

The law requires an employer to keep records of how many hours their employees work. In this case, Plaintiffs claim that Defendants failed to keep and maintain adequate records of their hours. Plaintiffs also claim that Defendants' failure to keep and maintain adequate records has made it difficult for Plaintiffs to prove the exact number of hours that they worked.

If you find that Defendants failed to keep adequate time records for Plaintiffs and that Plaintiffs performed work for which they should have been paid, Plaintiffs may recover based upon a reasonable estimation of the amount of their damages. But to do so, each Plaintiff must establish a reasonable estimation of the number of hours of work for which they seek pay.

In determining the number of hours Plaintiffs worked in a week, under certain circumstances you may consider the time they were required to spend "on call". Time spent "on call" is compensable when, under all the circumstances, the time is spent predominately for the benefit of the employer. In making this determination, it is appropriate to consider whether the "on call" time is required to be spent on the employer's premises, or so close to it that the employee cannot use the time effectively for his own purposes. Time spent away from

an employer's premises waiting to be called in to work may also constitute compensable work time if the employee's freedom is severely restricted during that time, such that the employee cannot use the majority of his time for personal pursuits.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous — in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cellphone or smartphone, computer, the internet, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Google+, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through

17

social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[*Explain Verdict*]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible - either in

18

writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.