UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY SCHUMANN, DUSTIN ABRAHAM, on behalf of themselves and others similarly situated, LAUREN TIDWELL, JEANIE HAKENEWERT, STEPHANIE ALANA MARIE BENJAMIN, CHRISTOPHER M. BOURN, DEREK WHITE, LAHOMA J. NACHTRAB, LANNETTE GIBSON, DANIEL PENTON, DENISE ARMINIO, OFELIA BIAGAN, SHEILA SMITH, CELINE VIDAURRI, CHRISTINA VINAS, RICARDO ROSADO, PATRICK C. HARRELL, RACHEL GOODE, JAMIESON WISHMAN, PAUL CALOIAN, STEVEN TODD LITTLE, JESSICA LINCOLN, CHRISTOPHER JALACKI, JOHN WOODLAND, and JESSICA ZOCCOLI,

    Plaintiffs,

v.       Case No: 2:12-cv-347-FtM-29CM

COLLIER ANESTHESIA, P.A., a Florida corporation, WOLFORD COLLEGE, LLC, a Florida limited liability company, THOMAS L. COOK, an individual, and LYNDA M. WATERHOUSE, an individual,

    Defendants.

**ORDER ON DAMAGES**

This matter comes before the Court on the parties' Joint Statement Regarding Damages (Doc. #362) filed on July 7, 2017, in response to the Court's June 8, 2017 Order (Doc. #356) directing the parties to meet and confer and thereafter file a joint

statement on damages, whether stipulated or not. Although Defendants disagree with the Jury's May 4, 2017 verdict – which found that each plaintiff was an "employee" at some time during his or her SRNA clinical internship (Doc. #355) - and believe no damages are warranted, for purposes of permitting the Court to enter a final judgment, Defendants have agreed to the amount of back wages and liquidated damages that twenty-four of the twenty-five plaintiffs will recover if that verdict stands.[1] The parties now ask the Court to resolve a disagreement regarding the proper amount of damages for the remaining plaintiff, Christine Vinas.[2]

## I.

According to the Joint Statement, in evaluating the amount of back wages each plaintiff will recover, the parties engaged in "a week-by-week analysis of each Student's schedule to determine the number of days a Student was scheduled at a [Collier Anesthesia]-staffed site." (Doc. #362, p. 5 n.5.) To recover wages for a certain week, that plaintiff needed to be scheduled at a Collier-staffed site "for an agreed minimum number of days."[3] (Id.)

---

[1] The Jury found that no plaintiff worked more than 30 hours per week and thus impliedly rejected Plaintiffs' claim for overtime.

[2] The parties dispute the total number of weeks for which plaintiff Vinas is entitled to collect unpaid wages. However, they do agree with the correctness of each other's math and thus ask only that the Court choose between Plaintiffs' and Defendants' proposed back wages amounts - $8,000.20 and $3,190.00, respectively – not that the Court perform its own calculations.

[3] The Joint Statement does not indicate what that number is.

Applying this formula was a straightforward task for twenty of the plaintiffs, since the record contains their complete internship schedules. However, the record lacks complete schedules for the remaining five plaintiffs, including plaintiff Vinas.[4] For three of those plaintiffs (Jessica Lincoln, Celine Vidaurri, and Jessica Zoccoli), the parties have agreed that the lack of schedules prohibits an award of any damages for the period for which there are no schedules, since those students neither testified at trial nor "supplement[ed] the record with other evidence regarding what he or she did during the time period for which a schedule was not available." (Id. p. 5.)

The parties have also agreed that, in contrast, plaintiff Dustin Abraham will recover back wages for the March-November 2011 period for which Defendants did not produce his schedules. At least in Defendants' view, the reason for the differential treatment is that plaintiff Abraham "both testified at trial[] and . . . . introduced copies of his own personal schedules that covered the time period from March to November 2011." (Id.) As such, there exists an independent "evidentiary basis" to support an award of back wages for that period.[5] (Id.)

---

[4] Defendants admittedly produced incomplete schedules in discovery. (Doc. #362, p. 3.)

[5] Plaintiffs' position is that the parties have simply "agreed" on the amount of unpaid wages plaintiff Abraham is entitled to recover. (Id.)

That leaves plaintiff Vinas. Plaintiffs contend that despite the lack of schedules, plaintiff Vinas is entitled to collect wages for the March-November 2011 time period because she testified at her deposition that she was employed by Defendants between October 2010 and November 2011, and this testimony was read into evidence at trial without objection. In Plaintiffs' view, this provides an adequate independent evidentiary basis on which to award wages for that entire period of time - particularly since Defendants have made no attempt to "negative the reasonableness of the inference to be drawn from [Plainitffs'] evidence." (Id. p. 4 (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687–88 (1946)).)

Defendants believe plaintiff Vinas should instead be treated like Plaintiffs Lincoln, Vidaurri, and Zoccoli. Specifically, Defendants dispute that plaintiff Vinas's trial "testimony" – an out-loud reading of the portion of her deposition in which she simply confirmed her answer to the Court's Interrogatory regarding her alleged employment dates - suffices to raise a reasonable inference that she indeed worked for Defendants the minimum number of days every single week between March and November 2011; Absent that inference, the Mt. Clemens burden never shifted to Defendants to demonstrate that plaintiff Vinas was not actually scheduled to work at a Collier-staffed facility during one or more of those weeks. Defendants also stress that Plaintiffs' approach treats plaintiff Vinas more favorably than all of the other plaintiffs by

"blindly" awarding her damages for the entirety of the disputed period, including any weeks she did not work or was on vacation.

## II.

It is undisputed that Defendants – Plaintiffs' employers – produced incomplete schedules for plaintiff Vinas. Under <u>Mt. Clemens</u>, determining whether this evidentiary gap inures to plaintiff Vinas's benefit turns on whether it is "just and reasonable" to infer from the evidence that she was scheduled at a Collier-staffed facility for at least the agreed minimum number of days, for each week between March and November 2011. See <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1279 (11th Cir. 2008) (observing that the question under <u>Mt. Clemens</u> is "whether there is, statistically speaking, enough evidence to support the inference [of the amount of worked performed], and to shift the burden of proof on an element of the plaintiffs' case (the number of hours worked) to the employer").

The Court finds that it is not "just and reasonable" to so infer. In reality, the sole piece of "evidentiary support" for Plaintiffs' contention that plaintiff Vinas worked for Defendants from March to November 2011 is her answer to the Court's Interrogatory (Doc. #57-1) as to her alleged dates of employment.[6] However, like plaintiff Vinas, plaintiff Vidaurri filed notarized

---

[6] Though true that plaintiff Vinas was deposed and portions of that testimony were read into evidence at trial without objection (Doc. #362-1), the specific testimony to which Plaintiffs point merely confirms her notarized Interrogatory answer.

Interrogatory Answers (Doc. #56-1) in which she too alleged she worked for Defendants between October 2010 and November 2011.[7] By agreeing that, notwithstanding her answer, plaintiff Vidaurri cannot recover wages for the weeks for which there are no schedules in the record, Plaintiffs have effectively conceded that Interrogatory answers are not a sufficient evidentiary basis on which to premise an award of back wages. The Court conceives of no principled reason for treating plaintiff Vinas differently.

On these facts, it is therefore unreasonable to infer that plaintiff Vinas worked for Defendants for the entire period between March and November 2011. Plaintiff Vinas is thus entitled to recover back wages only for the qualifying pre-March 2011 weeks for which there are schedules, which the parties agree totals $3,190.00, plus an equal amount of liquidated damages, pursuant to 29 U.S.C. § 216(b).[8]

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Christine Vinas is entitled to recover back wages in the amount of $3,190.00, plus an equal amount in liquidated damages, for a total of $6,380.00.

---

[7] Plaintiffs Lincoln and Zoccoli opted-in to the case later and did not file answers to the Court's Interrogatories.

[8] This is not to say that the Court agrees with this all-or-nothing approach to damages for the March-November 2011 period. However, the Court abides by the parties' joint request that it select one of the two damage amounts set forth in the Joint Statement.

2. The Clerk is directed to enter final judgment **for Defendants** on Plaintiffs' claim for overtime wages.

3. The Clerk is directed to enter final judgment **for Plaintiffs** on their claim for back wages and liquidated damages in the total amount of **$417,925.10**, divided as follows among the individual plaintiffs, per agreement of the parties:

| Student Name | Total Back Wages + Liquidated Damages |
|---|---|
| Dustin Abraham | $13,368.80 |
| Denise Arminio | $12,985.60 |
| Stephanie Benjamin | $10,440.00 |
| Ofelia Biagan | $4,350.00 |
| Christopher Bourn | $28,710.00 |
| Paul Caloian | $27,405.00 |
| Lannette Gibson | $29,580.00 |
| Rachel Goode | $9,652.40 |
| Jeanie Hakenwert | $18,270.00 |
| Patrick Harrell | $15,219.40 |
| Christopher Jalacki | $11,600.00 |
| Jessica Lincoln | $9,135.00 |
| Steven Little | $19,720.00 |
| Lahoma Nachtrab | $26,970.00 |
| Daniel Penton | $13,093.50 |
| Ricardo Rosado | $29,580.00 |
| Billy Schumann | $27,520.80 |

| Sheila Smith | $29,145.00 |
|---|---|
| Lauren Tidwell | $17,793.60 |
| Celine Vidaurri | $4,785.00 |
| Christine Vinas | $6,380.00 |
| Derek White | $21,319.20 |
| Jamieson Wishman | $6,976.80 |
| John Woodland | $5,220.00 |
| Jessica Zoccoli | $18,705.00 |

**DONE and ORDERED** at Fort Myers, Florida, this 6th day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record